## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 06-613-SLR |
| v. ) ) | |
| JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' COMBINED ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS AND MOTION TO ENJOIN DEFENDANT CORDIS FROM PROSECUTING LATER-FILED PARALLEL LITIGATION IN NEW JERSEY**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmagure@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
Laura L. Kolb
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-2202

Dated: June 13, 2007
181516.1

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS ......................................................................................................3

I.      CORDIS' FIRST-FILED ACTIONS ON THE CORDIS-ASSERTED PATENTS AND
        ABBOTT'S LATER-FILED ACTUAL AND PROPOSED CLAIMS.................................3

II.     ABBOTT'S ORIGINAL ACTION ON THE UNASSERTED PATENTS ..........................3

ARGUMENT ..........................................................................................................................6

I.      THE COURT SHOULD DEFER CONSIDERATION OF ABBOTT'S MOTIONS TO
        SUPPLEMENT OR CONSOLIDATE ACTIONS UNTIL IT RULES ON
        DEFENDANTS' PENDING MOTION TO DISMISS ......................................................6

        A.      The Court's Decision On Defendants' Motion To Dismiss May Moot Abbott's
                Motions To Supplement Or Consolidate Actions....................................................6

        B.      The Parties' Claims On The Cordis-Asserted Patents Do Not Cure The
                Jurisdictional Defect In Abbott's Original Complaint .............................................7

II.     EVEN IF IT DENIES THE MOTION TO DISMISS, THE COURT SHOULD DENY
        ABBOTT'S MOTIONS TO SUPPLEMENT OR CONSOLIDATE ACTIONS .................8

        A.      The New Jersey Actions Are The First-Filed On Each Of The Cordis-Asserted
                Patents Under Any Scenario ...................................................................................8

                1.      The 7286 Patent ......................................................................................8

                2.      The 3286 Patent ....................................................................................10

                3.      The '473 Patent......................................................................................11

        B.      New Jersey Is The Favored Forum And No Circumstances Warrant Departing
                From The First-Filed Rule ....................................................................................11

III.    AS THE *SECOND*-FILED FORUM ON THE 7286 PATENT, THE COURT SHOULD
        NOT ENJOIN CORDIS FROM PROSECUTING THE *FIRST*-FILED ACTION...............13

IV.     ABBOTT'S CLAIMS ON THE UNASSERTED PATENTS DO NOT JUSTIFY
        ENJOINING CORDIS FROM PROSECUTING THE NEW JERSEY ACTION ON THE
        7286 PATENT .........................................................................................................14

V.     THE COURT SHOULD DENY ABBOTT'S MOTIONS TO DISCOURAGE
ATTEMPTS TO FRUSTRATE A PATENTEE'S CHOICE OF FORUM ...........................18

CONCLUSION.................................................................................................................................19

## TABLE OF AUTHORITIES

### Cases

*Chase Manhattan Bank, USA v. Freedom Card, Inc.*, 265 F. Supp. 2d 445 (D. Del. 2003) .........11

*Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956 (D. Del. 1977) .............6

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941), *cert. denied* 315 U.S. 813 (1942) .................................................................................................................................11

*GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479 (Fed. Cir. 1996) .................10

*Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931 (Fed. Cir. 1993) .............................................11

*Genfoot, Inc. v. Payless Shoesource, Inc.*, C.A. No. 03-398-SLR, 2003 U.S. Dist. LEXIS 22437 (D. Del. Dec. 2, 2003) ...................................................................................................15

*Intel Corp. v. Amberwave System Corp.*, 233 F.R.D. 416 (D. Del.  2005) .....................................6

*Laboratory Corp. of Amer. Holdings v. Chiron Corp.*, 384 F.3d 1326 (Fed. Cir. 2004) ........12, 15

*Miteq, Inc. v. Comtech Telcoms. Corp.*, C.A. No. 02-1336-SLR, 2003 U.S. Dist. LEXIS 1015 (D. Del. Jan. 23, 2003) ...............................................................................................15

*Procter & Gamble Co. v. McNeil-PPC, Inc.*, C.A. No. 98-361, 1998 WL. 1745118 (D. Del. Dec. 7, 1998) ..............................................................................................................7

*Seaweed, Inc. v. DMA Prod. & Design & Marketing*, 219 F. Supp. 2d 551 (S.D.N.Y. 2002) ................................................................................................................................10

*Thales Airborne Systems S.A. v. Universal Avionics Systems Corp.,* C.A. No. 05-853-SLR, 2006 WL 1749399 (D. Del. June 21, 2006) ...........................................12, 13, 15, 16, 17

# INTRODUCTION[1]

On May 15, 2007, May 29, 2007, and June 12, 2007, Cordis Corporation ("Cordis") filed patent infringement claims against Abbott in the District of New Jersey on three separate patents that issued on each of those dates. Respectively, Cordis filed suit on U.S. Patent Nos. 7,217,286 (the "7286 patent"), 7,223,286 (the "3286 patent"), and 7,229,473 (the " '473 patent").[2] By filing each of the New Jersey lawsuits, Cordis accused Abbott's XIENCE V drug-eluting stent of infringement of specific, issued patents for the very first time.

Abbott filed the instant motions as part of a transparent plan to prevent Cordis from litigating the Cordis-Asserted Patents in Cordis' chosen forum. The first step toward execution of that plan was the filing of this action – a declaratory judgment action that involves three patents[3] that Cordis owns, but has *not* asserted. Those patents are related to the Cordis-Asserted Patents. Abbott initiated the present declaratory judgment action shortly after learning that Cordis has asked the Patent and Trademark Office to expedite prosecution of the applications that led to the issuance of the Cordis-Asserted Patents, but because Abbott obviously could not initiate suit until those patents issued, it sued Cordis on the Unasserted Patents instead.

Defendants Cordis and Johnson & Johnson ("J&J") (collectively "Defendants") moved to dismiss Abbott's original complaint for lack of subject matter jurisdiction, arguing no

---

[1] This combined answering brief is in opposition to motions by Abbott filed in C.A. No. 06-613 (D.I. 43, 47, 51, & 57) and nearly identical motions filed in C.A. No. 07-259 (D.I. 7, 10, & 15). As a result of the overlap in the motions Abbott filed in both actions, Defendants are filing this answering brief in C.A. No. 06-613 and are incorporating it by reference in C.A. No. 07-259. All references in this brief to Docket Item numbers are for C.A. No. 06-613 unless otherwise identified.

[2] Collectively, these patents will be referred to as the "Cordis-Asserted Patents."

[3] The three patents at issue in this declaratory judgment action are United States Patent Nos. 6,585,764; 6,808,536; and 6,776,796. Collectively, these three patents will be referred to here as the "Unasserted Patents."

justiciable controversy exists as between these parties on the Unasserted Patents. (D.I. 14.) That motion will be fully briefed on June 14, 2007, when Defendants file their reply memorandum.

In furtherance of its plan to wrest the choice of venue away from Cordis, Abbott filed motions seeking to sweep the Cordis-Asserted Patents into its declaratory judgment action via supplementation or consolidation with a second declaratory judgment action Abbott filed in Delaware – this one a mirror image of the May 15 suit Cordis filed in New Jersey. (D.I. 43, 51, & 57; C.A. No. 07-259 D.I. 10 & 15.) Additionally, Abbott filed motions to enjoin Cordis from prosecuting the New Jersey action on the 7286 patent. (D.I. 47; C.A. No. 07-259 D.I. 7.)

Abbott's maneuverings will become moot if the Court grants Defendants' motion to dismiss, because if the original Delaware case is dismissed for lack of subject matter jurisdiction there will be no complaint to be supplemented, no case with which Abbott's second Delaware action could be consolidated, and no case to arguably support enjoining the New Jersey action on the 7286 patent. For that reason, the Court should defer any decision on the motions filed in Abbott's original Delaware action (D.I. 43, 47, 51 & 57) until such time as it decides Defendants' motion to dismiss. If the Court denies the motion to dismiss, it should deny the motions filed in the original Delaware action for the same reason it should also deny the nearly identical motions filed in its second Delaware action — Cordis has the first-filed actions with respect to the Cordis-Asserted Patents, and those patents should be litigated in the patentee's forum of choice under well-established rules that generally defer to the forum of the first-filed case. Additionally, denying all of Abbott's present motions would discourage the preemptive filing of lawsuits on patents that are not being asserted, where the sole purpose for the filing is to obtain a "foot in the door" in a forum in which the infringer prefers to litigate. That is exactly what Abbott has attempted here, and the Court should not encourage such forum shopping.

## STATEMENT OF FACTS

**I.    CORDIS' FIRST-FILED ACTIONS ON THE CORDIS-ASSERTED PATENTS AND ABBOTT'S LATER-FILED ACTUAL AND PROPOSED CLAIMS**

On the same day each of the Cordis-Asserted Patents issued, Cordis filed suit against Abbott within minutes past midnight on the day the respective patents issued.  (*See* Ex. 1, Raffield Decl. ¶¶ 7, 15, & 21)  On May 15, 2007, more than eight hours after Cordis filed suit in New Jersey on the 7286 patent, Abbott filed a mirror-image case in Delaware.[4]  (*See* D.I. 47 Ex. 9, Filed-Stamped Complaint.)  Abbott also filed a motion in its original Delaware case seeking to supplement its complaint to add a claim on the 7286 patent or to consolidate this case with its new complaint on the 7286 patent (then-not-yet-filed).[5]  On May 29, 2007, after Cordis filed its New Jersey action on the 3286 patent, Abbott filed motions in this case and in its case on the 7286 patent, seeking in each case to add a claim on the newly-issued patent.  (*See* Exs. 2 & 3, 5/29/07 Delaware Notices of Electronic Filing.)  On June 12, 2007, after Cordis filed its New Jersey action on the '473 patent, Abbott again filed motions in both of its Delaware cases seeking in each case to add a claim on the newly issued patent.  (*See* Exs. 4 & 5, 6/12/07 Delaware Notices of Electronic Filing.)  A chart detailing the chronology of events relating to the Cordis-Asserted Patents is attached hereto as Exhibit 6.

**II.    ABBOTT'S ORIGINAL ACTION ON THE UNASSERTED PATENTS**

Abbott's original Delaware action seeks declaratory relief on the Unasserted Patents, none of which has ever been asserted in litigation by Cordis against Abbott's XIENCE V or any other product.  Further, Defendants neither accused Abbott's XIENCE V of infringing any

---

[4]  The case is captioned *Abbott Laboratories et al. v. Johnson and Johnson and Cordis Corp.*, C.A. No. 07-259-SLR.

[5]  Abbott filed its motion for leave to supplement or, alternatively, to consolidate on May 15 at 12:01 a.m., but it did not file the new complaint in C.A. No. 07-259 until 8:35 a.m.  (*See* D.I. 47 Ex. 8, 5/15/07 Delaware Notice Of Electronic Filing.)

of these patents nor threatened to file suit to assert them. But even putting aside the fact that there is no "actual controversy" between the parties as to these patents, Abbott's timing in filing its original complaint on the Unasserted Patents and recent admissions make clear that Abbott's endgame in filing its original complaint was to dictate where the parties' dispute over the Cordis-Asserted Patents — the real controversy between the parties — would be litigated.

In its complaint and in its opposition to Defendants' motion to dismiss, Abbott relies on statements made in January 2006 by Defendants and unrelated third-parties regarding the Unasserted Patents and XIENCE V as the bases for its contention that an "actual controversy" exists between the parties as to these patents. (D.I. 1 ¶¶ 22-33; D.I. 49 at 10-27.) For the reasons set forth in Defendants amended opening memorandum in support of their motion to dismiss, Defendants maintain that the circumstances do not establish a justiciable controversy between the parties on these patents. (D.I. 41.) But even if they could (which Defendants do not concede), the fact remains that eight months elapsed between the statements Abbott relies upon (January 2006) and Abbott's filing of its original complaint (September 2006). That fact undermines any suggestion that the statements by and to third parties created an "actual controversy" on the Unasserted Patents between Defendants and Abbott.

At the time Abbott filed its original complaint in September 2006, Abbott knew that Cordis had then-pending patent applications relating to drug-eluting stents. Abbott also knew that Cordis filed requests for expedited examination by the PTO in those applications. (D.I. 1 ¶¶ 40 & 44.) As explained in Defendants' amended opening memorandum in support of their motion to dismiss, these requests for expedited examination, known as Petitions to Make Special, were filed on the basis that at least one claim of each of the pending applications

4

covered a product that is being made, used, or sold in the United States. (D.I. 41 at 13.) Abbott

knew that Cordis' attorney had stated, in support of those petitions, that "[i]n my opinion, the

XIENCE V product is unquestionably within the scope of "several claims of the applications."

(D.I. 1 Exs. G & H, Valla Decl. ¶ 6.) And Abbott knew that Cordis' attorney further stated, "It is

therefore my opinion that a patent containing these claims could immediately be asserted upon

issue." (*Id.* ¶ 9.) In total, Cordis filed similar petitions in six then-pending patent applications.

Three of these applications ultimately issued as the Cordis-Asserted Patents.

       In these petitions, Defendants stated that they "could" assert some claims if they

ultimately issued. (*Id.*) These petitions led Abbott to believe that Defendants were preparing to

assert any of the new claims that issued. (D.I. 1 ¶¶ 43 & 47; D.I. 48 at 5.) But because they had

not yet issued, Abbott knew it could not yet seek declaratory judgment relief on these claims.

(D.I. 48 at 5.) Abbott instead filed suit on the Unasserted Patents, which had different claims

than those in the then-pending applications but were in the same patent families, and most

importantly, had already issued. The passage of time has laid bare Abbott's plan: to sue on the

Unasserted Patents and to sweep the Cordis-Asserted Patents into the original case in an effort to

deny Cordis the choice of forum in litigating issues related to the XIENCE V product.

## ARGUMENT

### I.   THE COURT SHOULD DEFER CONSIDERATION OF ABBOTT'S MOTIONS TO SUPPLEMENT OR CONSOLIDATE ACTIONS UNTIL IT RULES ON DEFENDANTS' PENDING MOTION TO DISMISS

#### A.   The Court's Decision On Defendants' Motion To Dismiss May Moot Abbott's Motions To Supplement Or Consolidate Actions

The Court should decide Defendants' pending motion to dismiss the original Delaware complaint for lack of subject matter jurisdiction before it takes up Abbott's later-filed motions for leave to file a supplemental complaint or to consolidate Abbott's Delaware actions. Since Defendants' motion to dismiss relates to all of the declaratory judgment claims asserted by Abbott in its original complaint, the Court's decision on the motion to dismiss will dictate whether or not the Court will have jurisdiction to consider Abbott's requests to add claims on the Cordis-Asserted Patents. If Defendants' motion to dismiss is granted and Abbott's original complaint is dismissed in its entirety, Abbott's later-filed motions for leave to file a supplemental complaint or consolidate actions are moot. If Abbott's original complaint is dismissed, there is no complaint to be supplemented and no pending action with which any other case could be consolidated. *See e.g., Cosden Oil & Chem. Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956, 958-60 (D. Del. 1977) (court first considered and denied pending motion to dismiss declaratory judgment complaint for lack of subject matter jurisdiction before taking up plaintiff's motion for leave to file a supplemental complaint to add a claim on a newly issued patent).

In its memorandum supporting its initial motion for leave to file a supplemental complaint or consolidate actions, Abbott cites two Delaware cases in which the court granted leave to supplement a complaint to add a claim for a newly issued patent. (D.I. 44 at 4-5.) Yet in both of these cases, the court had subject matter jurisdiction at the time it took up the motion for leave to supplement. *See Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416 (D. Del.

2005) (no pending motion to dismiss original complaint for lack of subject matter jurisdiction);

*Procter & Gamble Co. v. McNeil-PPC, Inc.*, No. 98-361, 1998 WL 1745118 (D. Del.

Dec. 7, 1998) (same).  Indeed, Abbott has not identified any case in which a court allowed

supplementation of a complaint or consolidation to effectively add a declaratory judgment claim

on a newly issued patent when subject matter jurisdiction on the original complaint was in doubt.

### B.    The Parties' Claims On The Cordis-Asserted Patents Do Not Cure The Jurisdictional Defect In Abbott's Original Complaint

The recent issuance of the Cordis-Asserted Patents, Cordis' first-filed actions on

the same, and Abbott's proposal to add to this case requests for declaratory relief on these patents

do not cure the jurisdictional defect in Abbott's original complaint.  *See Cosden*, 432 F. Supp. at

958-60.  In other words, Defendants' motion to dismiss is not rendered moot by Abbott's

proposed supplementation or consolidation.  Indeed, Abbott has not argued otherwise in any of

the flurry of papers it has filed in this Court in support of or opposition to various motions.[6]  (D.I.

44 & 49.)

If anything, the actions of the parties relating to the Cordis-Asserted Patents

confirms that the real controversy between the parties is over *those* patents.  For each of the

Cordis-Asserted Patents, Cordis filed suit against Abbott for infringement of the patent

immediately upon issuance, and after each of Cordis' New Jersey actions was pending, Abbott

filed actual or proposed requests for declaratory relief on these patents.  Despite having just filed

suit against Abbott and the XIENCE V product in New Jersey, in none of the New Jersey actions

did Cordis assert claims from the Unasserted Patents.

---

[6] For example, in its supporting memorandum for its motions for leave to supplement or consolidate, Abbott devotes considerable space to explaining that an "actual controversy" exists over the newly issued 7286 patent but makes no suggestion that the issuance of the 7286 patent impacts the pending jurisdictional dispute over the original complaint.  (D.I. 44 at 9-12.)

## II. EVEN IF IT DENIES THE MOTION TO DISMISS, THE COURT SHOULD DENY ABBOTT'S MOTIONS TO SUPPLEMENT OR CONSOLIDATE ACTIONS

Even if the Court denies Defendants' motion to dismiss, it should still deny Abbott's motions to add to its Delaware actions claims on the Cordis-Asserted Patents (via supplementation and/or consolidation). The New Jersey actions are the first filed on the Cordis-Asserted Patents, and this is the case even if the Court were to allow Abbott to supplement/consolidate its Delaware cases. Absent an exceptional circumstance, Abbott's later-filed Delaware claims on these patents should yield to the New Jersey actions under the first-filed rule. Therefore, the Court should deny Abbott's motions out of deference to the first-filed New Jersey actions to avoid unnecessary duplication of claims on the Cordis-Asserted Patents.

### A. The New Jersey Actions Are The First-Filed On Each Of The Cordis-Asserted Patents Under Any Scenario

#### 1. The 7286 Patent

As between the parties' May 15, 2007 complaints on the 7286 patent, Cordis' New Jersey action is the first-filed by more than eight hours. In support of its motion to enjoin Cordis' action in New Jersey, Abbott contends that Cordis' New Jersey complaint was not filed until 11:07 a.m. on May 15, 2007 after Abbott filed its complaint in Delaware. (*See* D.I. 48 at 7-8.) In support of its argument, Abbott relies on a Notice of Electronic Filing from the New Jersey court which was sent at 11:07 a.m. (*See id.*) But Abbott's argument goes nowhere.

To remove any doubt regarding the time Cordis filed its New Jersey complaints on the 7286 patent and the other Cordis-Asserted Patents, Cordis has submitted the Declaration of Gale Raffield, the legal assistant at Cordis' local New Jersey counsel's office who did the filings on each of the dates the patents issued. As explained more fully in her declaration, on May 15, 2007, at 12:01 a.m., Ms. Raffield electronically filed Cordis' complaint on the 7286

patent using the New Jersey court's electronic filing system. (*See* Ex. 1, Raffield Decl. ¶ 7.)  A Notice of Electronic Filing was generated and indicates that on May 15, 2007 at 12:01 a.m. a complaint entitled "Cordis Corporation vs. Abbott Laboratories" was filed along with other documents. (*See id.* & Ex. A.)  Although the Notice also includes a reference to May 14, 2007, upon review, the New Jersey court's clerk's office has confirmed that its records reflect that Cordis' complaint was filed at 12:01 a.m. on May 15, 2007. (*See id.*, Ex. B)  The clerk's office assigned Cordis' action case number 07-2265 and sent an email to that effect at 11:07 a.m. (*See id.*, Ex. C.)

Abbott's counsel has suggested it may contest the filing time for Cordis' complaint by arguing that a complaint is not filed until the action is assigned a case number and the court generates an email notice to that effect.  However, Abbott's counsel has not cited any support for its contention in the Federal Rules of Civil Procedure or Local Rules of the New Jersey court.  Therefore, as between the parties' complaints filed on the 7286 patent, Cordis' is first-filed by more than eight hours.  Clearly, as Ms. Raffield's declaration proves beyond any doubt, the complaint was filed at 12:01 a.m. — the fact that the clerk's office docketed the complaint after assigning a number later that day does not change that fact.

Abbott's request for leave to supplement its original complaint in this case to add a claim for the 7286 patent is the subject of a pending motion and, as of the time of this response, has not yet been allowed by the Court nor deemed filed.  So, as between Cordis' New Jersey case on the 7286 patent and Abbott's proposed supplement to its complaint in this case, the New Jersey action is still the first-filed.  Even if the Court allowed Abbott to add to this case a claim on the 7286 patent (by supplementation or consolidation) and even if the Court

granted Abbott's unsubstantiated request to deem such claim as filed *pro nunc tunc*,[7] Cordis' New Jersey action should still be deemed the first-filed.  In such an instance, both Cordis' and Abbott's claims on the 7286 patent would have been filed at the same minute (12:01 a.m. EDT). In a case of a tie, it would appear that an action which was actually filed at the time of the tie should trump an action whose filing time is assigned through legal fiction.[8]

## 2.    The 3286 Patent

Cordis filed a complaint in New Jersey on the 3286 patent and 18 minutes later, Abbott filed its requests in this case and in its second Delaware case filed on the 7286 patent to add a claim on the 3286 patent.  Abbott's requests are the subject of those pending motions and have not yet been granted nor have any supplemental complaints been deemed filed in either case.  Even if the Court granted Abbott's request to add a claim on the 3286 patent to this case (or to its second Delaware action) and deemed such claim filed *nunc pro tunc* as Abbott requests, Cordis' New Jersey litigation would still be the first-filed action as to the 3286 patent by 18

---

[7] Along with its motions to add claims on the Cordis-Asserted Patents, Abbott requests that its new claims be deemed filed *pro nunc tunc* as of the time of the filing of its motions. (D.I. 44 at 6 & 8; D.I. 51 at 6; D.I. 57 at 3; C.A. No. 07-259 D.I. 10 at 5; D.I. 15 at 2.)  Abbott does not explain the reason for its request that this Court alter the time in which Abbott's claims on the Cordis-Asserted Patents would be deemed filed, nor does it cite any authority in support thereof.  Considered in the factual context of Abbott's plan to frustrate Cordis' right to choose the forum in which to prosecute the Cordis-Asserted Patents, the only explanation for Abbott's request is its unwavering attempt to obtain first-filed status as to the Cordis-Asserted Patents.  Even if the Court grants Abbott's motions to add claims on these patents, the Court should still deny Abbott's requests so as to discourage other parties from the sort of preemptive declaratory judgment filing and maneuvering Abbott has engaged in to frustrate a patentee's choice of forum.

[8] Abbott has not argued that a claim on any of the recently issued patents should relate back to the filing date of its original complaint in this case, presumably because a claim for declaratory judgment on a patent claim should not relate back to a time prior to the patent's issuance. As the Federal Circuit has stated, "a patent does not exist until it is granted." *See GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482-83 (Fed. Cir. 1996) (affirming dismissal of declaratory judgment action on unissued patent as lacking subject matter jurisdiction at the time it was filed even though patent had subsequently issued); *Seaweed, Inc. v. DMA Prod. & Design & Mktg.*, 219 F. Supp. 2d 551, 555 (S.D.N.Y. 2002) (dismissing complaint for patent infringement filed before patent issued because "[p]atent rights vest upon issuance and are not retroactive").

.

minutes. Again, Abbott has not argued (nor could it plausibly do so) that a claim on the 3286 patent would relate back to the filing date of its original complaint in this case.

### 3.   The '473 Patent

Cordis filed a complaint in New Jersey on the '473 patent and 16 minutes later, Abbott filed its requests in this case and in its second Delaware case filed on the 7286 patent to add a claim on the '473 patent. Abbott's requests are the subject of those pending motions and have not yet been granted nor have any supplemental complaints been deemed filed in either case. Even if the Court granted Abbott's request to add a claim on the '473 patent to this case (or to its second Delaware action) and deemed such claim filed *nunc pro tunc* as Abbott requests, Cordis' New Jersey litigation would still be the first-filed action as to the '473 patent by 16 minutes. Again, Abbott has not argued (nor could it plausibly do so) that a claim on the '473 patent would relate back to the filing date of its original complaint in this case.

### B.   New Jersey Is The Favored Forum And No Circumstances Warrant Departing From The First-Filed Rule

In instances of co-pending lawsuits between parties on the same patents, the Federal Circuit applies the "general rule" that "the forum of the first-filed case is favored." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *C.f. Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941), *cert. denied* 315 U.S. 813 (1942) (reversing denial of injunction against later-filed action on the same patents involved in an earlier-filed suit). The first-filed rule serves dual purposes: to keep a litigant "free from the vexation of subsequent litigation over the same subject matter" and to unburden courts from being called upon "to duplicate each other's work involving the same issues and the same parties." *See Chase Manhattan Bank, USA v. Freedom Card, Inc.*, 265 F. Supp. 2d 445, 448 (D. Del. 2003) *quoting Crosley*, 122 F.2d at 929. The first-filed rule applies even as to actions filed on the same day.

*See Laboratory Corp. of Amer. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332 (Fed. Cir. 2004) (action filed just over four hours earlier was considered to be the first-filed over later action on the same patents); *Thales Airborne Systems S.A. v. Universal Avionics Systems Corp.*, C.A. No. 05-853-SLR, 2006 WL 1749399, at *1 (D. Del. June 21, 2006) (Robinson, C.J.) (action filed 72 minutes earlier was considered to be the first-filed with respect to the two patents involved in both of the actions). As Abbott noted in its opening memorandum in support of its motions to enjoin, first-filed is a "well-established" rule which a court may depart from only in "rare and extraordinary circumstances." (D.I. 48 at 8 (original emphasis).) Circumstances warranting departure from the first-filed rule include inequitable conduct, bad faith, or forum shopping. *See Chase*, 265 F. Supp. 2d at 448.

As the first-filed forum for the parties' disputes on the Cordis-Asserted Patents, New Jersey is the appropriate forum for litigating the parties' claims on these patents. There is no allegation that Cordis has engaged in inequitable conduct, bad faith, or forum shopping by filing its actions in New Jersey, and there are no other reasons to depart from the first-filed rule in this instance. Cordis had sound reason for filing its actions in New Jersey, where it has business operations and where harm from Abbott's infringement has been felt. Abbott's attempt to suggest that New Jersey is not Cordis' principal place of business is both unpersuasive and, ultimately, not relevant. (D.I. 48 at 19.) While Cordis has operations both in Florida and New Jersey, it has significant ties to New Jersey with an office in Warren, New Jersey and facilities in Clark, New Jersey that explain Cordis' preference for litigating claims in that forum. (*See* D.I. 48 Ex. 10, Complaint ¶ 1.) In contrast, Abbott has no obvious contacts to Delaware as to these disputes. Abbott is an Illinois corporation with its principal place of business also in Illinois. (D.I. 1 ¶ 1.) Thus, in either jurisdiction, Abbott would not be litigating in its home

forum and given the proximity of the New Jersey courthouse in Trenton to this Court (D.I. 48 at

19), Abbott can hardly argue that it would be any less convenient for it to litigate in New Jersey

than in this Court, and since Abbott has not yet filed an answer in any of the New Jersey actions,

it can raise as counterclaims its requests for declaratory relief.  The New Jersey court is fully

capable and well-equipped to hear the parties' dispute.  Indeed, Abbott has initiated numerous

patent infringement lawsuits in New Jersey over the years.  In fact, Abbott has chosen

New Jersey as its forum for bringing patent lawsuits *eight times* in the last four years alone —

including, most recently, one time last month.[9]  As a result, the Court should deny Abbott's

requests to create duplicative litigation on the Cordis-Asserted Patents in Delaware.

## III.    AS THE *SECOND*-FILED FORUM ON THE 7286 PATENT, THE COURT SHOULD NOT ENJOIN CORDIS FROM PROSECUTING THE *FIRST*-FILED ACTION

The well-established first-filed rule enables a *first*-filed court to *enjoin* a party

from prosecuting a *second*-filed action and not the other way around.  *See Thales*, 2006 WL

1749399, at *3 *quoting Crosley*, 122 F.2d at 927.  Thus, Abbott's motion filed in its second

Delaware action (C.A. No. 07-259 D.I. 7) to enjoin Cordis from prosecuting the New Jersey

action on the 7286 patent should be denied because, as discussed *supra*, the New Jersey action is

the first-filed with respect to the 7286 patent and no circumstances in this instance warrant

---

[9]  *Abbott Laboratories v. Wockhardt Ltd. et al.,*C.A. No. 3:07-cv-02235-FLW (filed 05/11/2007); *Abbott Laboratories, et al. v. Ranbaxy Pharm. Inc., et al.,* C.A. No. 2:04-cv-00249-JAP; *Abbott Laboratories, et al. v. Par Pharm. Inc.,* C.A. No. 2:04-cv-00325-JAP; *Abbott Laboratories, et al. v. Par Pharm. Inc.,* C.A. No. 2:03-cv-00809-JAP; *Abbott Laboratories, et al. v. Ranbaxy Pharm. Inc., et al.,* C.A. No. 2:03-cv-02170-JAP; *Abbott Laboratories v. Ranbaxy Pharm. Inc., et al.,* C.A. No. 2:03-cv-04067-JAP; *Abbott Laboratories, et al. v. Ranbaxy Pharm. Inc., et al.,* C.A. No. 2:03-cv-05257-JAP; *Abbott Laboratories, et al. v. Ivax Corp., et al.,* C.A. No. 2:04-cv-06314-DMC.

departure from the first-filed rule.[10]  But even if the Court determined that departure from the first-filed rule was warranted here, as the *second*-filed court, this Court may refuse to stay, dismiss, or transfer Abbott's action on the 7286 patent, but this Court should not grant the injunctive relief Abbott requests.  Finally, as previously discussed, Abbott has not yet answered in New Jersey and can file a counterclaim on the 7286 patent without suffering any hardship or prejudice.

## IV.    ABBOTT'S CLAIMS ON THE UNASSERTED PATENTS DO NOT JUSTIFY ENJOINING CORDIS FROM PROSECUTING THE NEW JERSEY ACTION ON THE 7286 PATENT

Abbott also filed a motion in the original Delaware case to enjoin Cordis from prosecuting the New Jersey action on the 7286 patent.  (D.I. 47).  Abbott argues that its original Delaware action is entitled to first-filed status with respect to the parties' dispute on the 7286 patent by virtue of the September 2006 filing date of its original complaint and the relatedness between the 7286 patent and the patents involved in the original complaint.  (D.I. 48 at 15.)  This motion should also be deferred pending the Court's decision on Defendants' motion to dismiss, which may moot Abbott's motion.  But if this Court denies Defendants' motion to dismiss, it should deny Abbott's motion for two reasons.  First, even if Abbott's original claims survived a jurisdictional challenge, they can not form the basis for enjoining Cordis from prosecuting any of the New Jersey actions because, as acknowledged by this Court, the Federal Circuit's application of the first-filed rule is limited to instances where earlier-filed claims involve the *same* patents as later-filed mirror-image claims.  Second, the fact that the parties might end up litigating some of Cordis' patents in Delaware and others in New Jersey does not warrant enjoining Cordis from

---

[10]  Abbott did not formally file separate motions seeking to enjoin prosecution of the two New Jersey actions in which Cordis asserts the 3286 and '473 patents, but it is expected to argue that all three cases should be enjoined if one is enjoined.  The same arguments against an injunction would apply with equal force to any attempt to enjoin Cordis from prosecuting its claims in New Jersey.

prosecuting the New Jersey action on the 7286 patent. Indeed, if Abbott complains that justice or judicial economy require that disputes on all of the Cordis patents be tried in one case, Abbott can remedy that by asserting its claims for the Unasserted Patents in New Jersey (assuming in the first place that there is subject matter jurisdiction for its claims to be heard in any court).

The Federal Circuit's application of the first-filed rule has been limited to instances where the *same* patents are involved in two actions between the parties. *See Laboratory Corp. of Amer. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004) ("when we speak of 'parallel actions,' we are referring to co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties"); *Thales*, 2006 WL 1749399, at *4 ("while the Federal Circuit has a strong preference for adhering to the first-filed rule, its application seems limited to actions 'involving the same patents' "). Indeed, this Court has only applied the first-filed rule when the *same* patents are involved in both cases. *See e.g., Thales*, 2006 WL 1749399, at *4 (noting that the actions overlapped as to only two of the patents asserted in the declaratory judgment action and applying the first-filed rule only as to those two patents); *Genfoot, Inc. v. Payless Shoesource, Inc.*, C.A. No. 03-398-SLR, 2003 U.S. Dist. LEXIS 22437, at *4 (D. Del. Dec. 2, 2003) (Robinson, C.J.) ("The court finds this case involves the same parties, the same patent and same legal theories as the first filed action in the District of Kansas."); *Miteq, Inc. v. Comtech Telcoms. Corp.*, C.A. No. 02-1336-SLR, 2003 U.S. Dist. LEXIS 1015, at *4 (D. Del. Jan. 23, 2003) (Robinson, C.J.) ("In this case, it is undisputed that the first-filed case in Arizona and the present case involve the same patent and the same issues.").

In *Thales*, this Court considered the same issue presented by Abbott's motion — whether an earlier-filed action on patents in one forum are first-filed with respect to later-filed

claims between the parties on *different* patents in a second forum.[11]  In *Thales*, the parties had

engaged in negotiations to license the patents at issue, and the first business day after the parties'

standstill expired, both parties filed suit.  *Thales*, 2006 WL 1749399, at *1.  The patentee filed

suit in Delaware on two patents, and the accused infringer filed a declaratory judgment action 72

minutes later in New Jersey on the same two patents plus two additional patents that were not

named in the Delaware action.  The patentee moved for this Court to enjoin the entire

New Jersey action under the first-filed rule, and the declaratory judgment plaintiff moved for the

Delaware case to be transferred to New Jersey.  *Id.*  This Court denied the motion to transfer and

then considered the motion to enjoin the later-filed action.  *Id.* at *3.  Acknowledging that the

Federal Circuit's application of the first-filed rule has been limited to actions involving the *same*

patents, this Court applied the first-filed rule but only with respect to the *same* patents that were

involved in both cases.  *Id.* at *4.  This Court rejected the argument that the earlier-filed action in

Delaware was first-filed with respect to the later-filed claims in New Jersey on *different* patents.

*Id.*  Thus, this Court denied a request just like Abbott's to enjoin a later-filed patent claim on the

basis of an earlier-filed action on *different* patents.

     Similar to the facts in *Thales*, Abbott moves in its original Delaware case to

enjoin Cordis from prosecuting the New Jersey action on the 7286 patent by virtue of its earlier-

filed action on *different* patents.  But the case for not applying the first-filed rule as between

Abbott's original Delaware action and the New Jersey action on the 7286 patent is even stronger

---

[11]  Abbott cites this Court's opinion in *Thales* for the general proposition that a court may enjoin proceedings involving the "same issues and parties." (D.I. 48 at 9-10.)  However, despite being aware of this Court's opinion in *Thales* and its apparent relevance to this case, Abbott ignores the discussion in *Thales* as to whether that proposition applies when the cases involve *different* patents.  Notably, Abbott fails to cite *Thales* (much less distinguish it) in its argument that its earlier-filed claims on the Unasserted Patents are entitled first-filed deference with respect to claims on the *different* Cordis-Asserted Patents.  (*See id.* at 10-15.)  The cases Abbott cites as treating as first-filed an earlier action on different patents are not Federal Circuit cases, were all decided before this Court's opinion in *Thales*, and are either not from this Court or not from this jurisdiction.  (*See id.*)

here than it was in *Thales*.  As in *Thales*, the patent claim that Abbott is trying to enjoin involves a *different* patent than the earlier-filed claims.  But in this case, not only is the 7286 patent not one of the patents named in Abbott's original Delaware complaint, it never could have been.  The 7286 patent did not issue as a patent until more than seven months *after* Abbott filed its original complaint.  Abbott's motion should be denied both because (a) its action on the Unasserted Patents can not be first-filed with respect to an action in a different forum on a *different* patent, and (b) Abbott's action on the Unasserted Patents should not be deemed first-filed with respect to a patent that did not even exist at the time the earlier-filed action was filed.  Accordingly, this Court should refuse to apply the first-filed rule with respect to Abbott's original Delaware complaint and refuse Abbott's request to enjoin Cordis from prosecuting the New Jersey action on the 7286 patent.

This Court has refused to apply the first-filed rule between claims on different patents, even if the result was the same parties litigating patents in the same area of technology in two different federal fora.  *See Thales*, 2006 WL 1749399, at *4.  If Defendants' motion to dismiss is denied and the first-filed rule followed with respect to the Cordis-Asserted Patents, the parties would be litigating some of Cordis' patents in Delaware and others in New Jersey, as was the result in *Thales*.  Abbott would likely argue that such an outcome does not serve interests of justice or judicial economy.  However, as was the case in *Thales*, Abbott would be free to raise in New Jersey its claims for the Unasserted Patents (assuming there is an "actual controversy" over such claims).  *See id.* at *3.  Abbott cannot argue that it would be unfairly prejudiced in doing so.  Indeed, as Abbott has noted, its original Delaware action has not progressed substantively as a result of Defendants' pending motion to dismiss.  (*See* D.I. 44 at 4.)  Nor can Abbott argue that New Jersey is any less convenient a forum for it to litigate its claims given

17

New Jersey's proximity to this Court. (*See* D.I. 48 at 19.) Indeed, Abbott has chosen New Jersey

as the forum in which to litigate its patent disputes numerous times in the last few years.

## V.    THE COURT SHOULD DENY ABBOTT'S MOTIONS TO DISCOURAGE ATTEMPTS TO FRUSTRATE A PATENTEE'S CHOICE OF FORUM

Even if the Court denied Defendants' motion to dismiss and/or determined that

Abbott had the first-filed suit with respect to any of the Cordis-Asserted Patents, it should still

deny Abbott's motions to discourage parties from filing a declaratory judgment action on patents

which a patentee has not asserted in litigation for the primary purpose of planting a flag in a

jurisdiction while they await the issuance of additional patents.  The timing of Abbott's original

complaint on the Unasserted Patents, its recent admissions, and its flurry of filings and requests

relating to the Cordis-Asserted Patents makes clear Abbott's true motivation for its request for

declaratory relief as to the Unasserted Patents:  to frustrate Cordis' right to choose the forum in

which to litigate the Cordis-Asserted Patents against XIENCE V.

It is undisputed that Abbott delayed for eight months after the "controversy"

between the parties as to the Unasserted Patents allegedly arose before it filed its original

complaint.  Indeed, Abbott filed its original complaint only after learning of statements Cordis'

attorney made about XIENCE V in petitions filed in *then pending* patent applications,

determining that it wanted to file suit on the claims of the pending applications, and realizing that

it could not until they issued.  Abbott filed suit on the Unasserted Patents instead and, as planned,

now seeks to add to this case claims on the Cordis-Asserted Patents and to enjoin Cordis from

prosecuting these newly issued patents in the forum of its choice.  The Court should not sanction

Abbott's preemptive filing of a declaratory judgment action over patents that Defendants have

never asserted in an attempt to frustrate Cordis' right to choose the forum in which to prosecute

its newly issued patent claims.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motions for leave to file a supplemental complaint or in the alternative to consolidate its Delaware actions and motions to enjoin Cordis from prosecuting the action involving the 7286 patent currently pending in New Jersey.

ASHBY & GEDDES

/s/ *John G. Day*
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmagure@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
Laura L. Kolb
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
(312) 853-2202

Dated: June 13, 2007
181516.1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) | Civil Action No. 06-613-SLR |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | **DECLARATION OF GALE RAFFIELD** |
| JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) |  |
| Defendants. | ) ) ) |  |

I, Gale Raffield, under penalty of perjury, declare:

1.      I am employed as a Legal Assistant/Paralegal at Robinson & Livelli in Newark, New Jersey.  I have been employed continuously with Robinson & Livelli and its predecessor firms since 1981.  Robinson & Livelli is counsel for Cordis Corporation on certain cases now pending in the District of New Jersey.

2.      On Friday, May 11, 2007, I was instructed to electronically file a complaint in the United States District Court for the District of New Jersey precisely at 12:01 a.m. (EDT) on Tuesday, May 15, 2007.

3.      On Monday, May 14, 2007, shortly before midnight (EDT), I logged on remotely to my office computer from my home computer to begin the steps in the electronic process that would enable me to file the complaint at 12:01 a.m. (EDT) on May 15, 2007.  I was acting on behalf of Donald Robinson, using his user name and password.  Mr. Robinson is a partner at Robinson & Livelli.  It was my intention to have the information inputted and ready to go so all I

needed to do at seconds past midnight was to click the button to do the actual filing in the Clerk's Office of the United States District Court for the District of New Jersey.

4.     Just before logging on to my workstation, I logged on to the internet from my home computer and went to www.time.gov, a web site that provides the official time according to the United States government. I wanted to be sure that the complaint was timely filed shortly after midnight.

5.     Shortly before midnight, I began the process of logging on to the New Jersey court's electronic filing system, completing the information and paying the filing fee, but not yet filing the complaint.

6.     I checked the official time clock and watched until the clock indicated the time was safely past midnight before proceeding with the actual filing of the complaint.

7.     When I knew the time was safely past midnight, I returned to the court's electronic system and clicked the very last "NEXT" button. Shortly thereafter, the Notice of Electronic Filing was generated and appeared on my screen. I read, "The following transaction was entered by ROBINSON, DONALD on 5/15/2007 at 0:01 AM EDT. . .." I printed a copy of that Notice of Electronic Filing, which is attached as Exhibit A. That Notice shows the "Case Name" as "PLAINTIFF v. DEFENDANT" and shows a case number of "3:33-av-1." The "Docket Text" field, however, correctly shows a complaint was filed, along with attachments of a Civil Cover Sheet, Statement Pursuant to Rule 7.1, Statement Pursuant to Local Civil Rule 201, and a Summons. It is typical for the "Case Name" and "Case Number" fields to have placeholder, generic entries when a complaint is filed until the clerk's office reviews items filed overnight, which usually occurs the next morning, and assigns a case number to the action.

8.     When I arrived at the office about 9:00 a.m. on Tuesday, May 15, I reviewed the printed documents and was preparing to transmit them to the client. It was then that I read for the first time "and filed on 5/14/2007" I then realized the date of 5/14/2007 was inaccurate and a correction would be necessary.

9.     I contacted the Clerk's Office and explained what happened. A deputy clerk informed me she would review the filing and ultimately issued a letter confirming the filing date of the complaint on May 15, 2007, a copy of which is attached as Exhibit B. From my discussion, it is my impression that the earlier date that appeared on the first notice may have been a result of a mis-set clock somewhere in a computer system that is not synchronized to the official government time, although I do not know and did not inquire about the details.

10.    The Clerk's Office also sent a Notice of Electronic Filing, via email, after assigning a case number to the action, a copy of which is attached as Exhibit C. In this case, the email was sent at 11:07 a.m. on May 15, 2007, which indicated correctly that the complaint had been filed on May 15, 2007, and not on May 14, 2007 as the original docket entry indicated. The action was assigned case number 3:07-cv-2265.

11.    On Monday, May 28, 2007, shortly before midnight (EDT), I again logged on remotely to my office computer from my home computer to begin the steps in the electronic process that would enable me to file another complaint shortly after midnight (EDT) on May 29, 2007. Again, I was acting on behalf of Donald Robinson, using his user name and password. It was again my intention to have the information inputted and ready to go so all I needed to do shortly after midnight was to click the button to do the actual filing of the complaint in the Clerk's Office of the United States District Court for the District of New Jersey.

3

12.      Just before logging on to my workstation, I again logged on to the internet from my home computer and went to www.time.gov, a web site that provides the official time according to the United States government.  I wanted to be sure that the complaint was timely filed shortly after midnight.

13.      Shortly before midnight, I began the process of logging on to the New Jersey court's electronic filing system, completing the information and paying the filing fee, but not yet filing the complaint.

14.      I again checked the official time clock and watched until the clock indicated the time was safely past midnight before proceeding with the actual filing.

15.      When I knew the time was safely past midnight, I returned to the court's electronic system and clicked the very last "NEXT" button.  Shortly thereafter, the Notice of Electronic Filing was generated and appeared on my screen.  I read, "The following transaction was entered by ROBINSON, DONALD on 5/29/2007 at 0:02 AM EDT and filed on 5/29/2007." I printed a copy of that Notice of Electronic Filing, which is attached as Exhibit D.  That Notice shows the "Case Name" as "PLAINTIFF v. DEFENDANT" and shows a case number of "3:33-av-1."  The "Docket Text" field, however, correctly shows a complaint was filed, along with attachments of a Civil Cover Sheet and a Summons.

16.      The Clerk's Office also sent a Notice of Electronic Filing, via email, after assigning a case number to the action, a copy of which is attached as Exhibit E.  In this case, the email was sent at 1:19 p.m. on May 29, 2007.  The action was assigned case number 3:07-cv-2477.

17.      On Monday, June 11, shortly before midnight (EDT), I again logged on remotely to my office computer from my home computer to begin the steps in the electronic process that

4

would enable me to file another complaint shortly after midnight (EDT) on Tuesday, June 12, 2007. Again, I was acting on behalf of Donald Robinson, using his user name and password. It was again my intention to have the information inputted and ready to go so all I needed to do at seconds past midnight was to click the button to do the actual filing of the complaint in the Clerk's Office of the United States District Court for the District of New Jersey.

18.    Just before logging on to my workstation, I logged on to the internet from my home computer and went to www.time.gov, a web site that provides the official time according to the United States government. I wanted to be sure that the complaint was timely filed shortly after midnight.

19.    Shortly before midnight, I began the process of logging on to the New Jersey court's electronic filing system, completing the information and paying the filing fee, but not yet filing the complaint.

20.    I checked the official time clock and watched until the clock indicated the time was safely past midnight before proceeding with the actual filing.

21.    When I knew the time was safely past midnight, I returned to the court's electronic system and clicked the very last "NEXT" button. Shortly thereafter, the Notice of Electronic Filing was generated and appeared on my screen. I read, "The following transaction was entered by ROBINSON, DONALD on 6/12/2007 at 0:03 AM EDT and filed on 6/11/2007." I printed a copy of that Notice of Electronic Filing, which is attached as Exhibit F. That Notice shows the "Case Name" as "PLAINTIFF v. DEFENDANT" and shows a case number of "3:33-av-1." The "Docket Text" field, however, correctly shows a complaint was filed, along with attachments of a Civil Cover Sheet and a Summons.

22.    The Clerk's Office also sent a Notice of Electronic Filing, via email, after assigning a case number to the action, a copy of which is attached as Exhibit G. In this case, the email was sent at 9:24 a.m. on June 12, 2007. The action was assigned case number 3:07-cv-2728. This Notice again references a June 11 filing date, even though I did not actually file the complaint until after midnight, on June 12, as Exhibit F indicates.

23.    Prior to completing the electronic filing of each of the three complaints on May 15, May 29, and June 12, respectively, I made payment of the filing fee required in each case. Electronic receipts indicating payment of the filing fees for the three cases are attached as Exhibits H (for the May 15 case, at 11:59:37 p.m on May 14, 2007), J (for the May 29 case, at 12:02:10 a.m.), and K (for the June 12 case, at 12:02:57 a.m.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated this 12th day of June 2007, at Newark, New Jersey.


Gale Raffield

6

Exhibit A

CM/ECF LIVE - U.S. District Court for the District of New Jersey                    Page 1 of 2

## Civil Initial Pleadings (Attorney/Credit Card) USE CASE 33-1
### 3:33-av-00001 PLAINTIFF v. DEFENDANT

U.S. District Court

District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered by ROBINSON, DONALD on 5/15/2007 at 0:01 AM EDT and filed on 5/14/2007

**Case Name:**       PLAINTIFF v. DEFENDANT
**Case Number:**     3:33-av-1
**Filer:**
**Document Number:** 419

**Docket Text:**
COMPLAINT - Cordis Corporation vs. Abbott Laboratories ( Filing fee $ 350 receipt number 1479428.). (Attachments: # (1) Civil Cover Sheet # (2) Statement Pursuant to Rule 7.1# (3) Statement Pursuant to Local Civil Rule 201.1# (4) Summons) (ROBINSON, DONALD)

**3:33-av-1 Notice has been electronically mailed to:**

**3:33-av-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-0
] [a130206d8513a93671c7fe6c885226c490017fe51f73bd9da85cdd94adcf4a96b4e
efc7b210e51b1731c60e2d7ff7dc6428296b26b3a25a320151670c71296b1]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-1
] [91b187007184160dff1af055033f78d4f67527eb12ba8ff4c4e0e724990f5b3f5f4
38b81c054861e363c495ee8838014dad170d0217146699564aeb35efd4d97]]
**Document description:**Statement Pursuant to Rule 7.1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-2
] [99da1b76b1813a8b8ef36dcedd643a0b8b62dc8d482bcbc4006202b28d4180369a4
6871a51b659814afe9480d2c3c9be48bab32964d080c75355fc972bfd6e0e]]
**Document description:**Statement Pursuant to Local Civil Rule 201.1
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-3
] [646bef5b6758f9e16f154a080fb448dd77bab3a96194df96729402f5709d9c1182d
42f0279c5bc3ff1ebdbe60a0c39c3677a92b470782c697639ae5d92cf763a]]
**Document description:**Summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-4
] [3017717ba24ef7c15bcf4367a8bfcd560a9128e73b3461c420f94891f6d15ee88fa
6dab20101d2456f6d4bc31927288e72d03584cc9cda764de00376f27260a7]]

Exhibit B



# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
#### OFFICE OF THE CLERK
MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-3730

William T. Walsh
Clerk

## FACSIMILE COVER SHEET

TO: Donald A Robinson    DATE: 5/24/07

FAX NO: 973·466·2760    PAGES: 2, including this cover sheet.

FROM:    Susan Travis

SUBJECT:

COMMENTS: Original to follow
via regular mail



# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
#### OFFICE OF THE CLERK
MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-3730

William T. Walsh
Clerk

May 24, 2007

Donald A. Robinson, Esq.
Robinson & Livelli
Two Penn Plaza East
Newark, NJ 07105

Re:    Cordis Corporation v. Abbott Laboratories
       07-2265 (JAP)

Dear Mr. Robinson:

At your request, I have reviewed the filing records of the above-entitled case to determine exactly when your office filed the Complaint. Our records reflect that the Complaint was filed at 12:01 A.M. on May 15, 2007. A further docket entry was made at 11:07 A.M. on May 15, 2007. The purpose of that later entry was simply to correct an erroneous reference to May 14, 2007 that appeared on the earlier docket entry.

Sincerely,

WILLIAM T. WALSH
Clerk

by:
SUSAN A. TRAVIS
Deputy Clerk

WTW/sat

Exhibit C

**Gale Raffield**

| | |
|---|---|
| From: | njdefiling@njd.uscourts.gov |
| Sent: | Tuesday, May 15, 2007 11:07 AM |
| To: | ecfhelp@njd.uscourts.gov |
| Subject: | Activity in Case 3:07-cv-02265-JAP-TJB CORDIS CORPORATION v. ABBOTT LABORATORIES Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 5/15/2007 at 11:07 AM EDT and filed on 5/15/2007
**Case Name:**     CORDIS CORPORATION v. ABBOTT LABORATORIES
**Case Number:**   3:07-cv-2265
**Filer:**         CORDIS CORPORATION
**Document Number:** 1

**Docket Text:**
COMPLAINT against ABBOTT LABORATORIES ( Filing fee $ 350 receipt number 1479428.) Jury Demand, filed by CORDIS CORPORATION. (Attachments: # (1) Certification pursuant to local civil rule 201.1# (2) Disclosure Statement)(ck )

**3:07-cv-2265 Notice has been electronically mailed to:**

DONALD A. ROBINSON    drobinson@robinsonlivelli.com, graffield@robinsonlivelli.com

**3:07-cv-2265 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980862-0
] [8f90e9df2c2bb47ced08d531dfa048094fd6d3dafacec4d9a784c5c757c150e2e38
28ea207b7023aea9c53a3596d6a9fd9b3cbf101eb4a0bbec69de975faada6]]
**Document description:**Certification pursuant to local civil rule 201.1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980862-1

5/22/2007

] [9bd89363feced55aa18cc744b14c7e64ded176872fe981d2be37d84d34d27e04435
f7d0d3913e74241b3ba26b858013bfd343eec3c0cb5afa19e3147d22aa8e6]]
**Document description:** Disclosure Statement
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980862-2
] [4abc95fa8ee31b7850c9ffb9d11357fff2ad668ece9541624d42212aff147214e07
d92235fb66f796559e573a606788a864204555880ebd5a5c3e32772b88500]]

5/22/2007

Exhibit D

CM/ECF LIVE - U.S. District Court for the District of New Jersey                    Page 1 of 1

## Civil Initial Pleadings (Attorney/Credit Card) USE CASE 33-1
3:33-av-00001 PLAINTIFF v. DEFENDANT

### U.S. District Court

### District of New Jersey [LIVE]

#### Notice of Electronic Filing

The following transaction was entered by ROBINSON, DONALD on 5/29/2007 at 0:02 AM EDT and filed on 5/29/2007

| | |
|---|---|
| **Case Name:** | PLAINTIFF v. DEFENDANT |
| **Case Number:** | 3:33-av-1 |
| **Filer:** | |
| **Document Number:** | 454 |

**Docket Text:**
COMPLAINT - Cordis Corporation v. Abbott Laboratories ( Filing fee $ 350 receipt number 1497025.). (Attachments: # (1) Civil Cover Sheet # (2) Summons) (ROBINSON, DONALD)

**3:33-av-1 Notice has been electronically mailed to:**

**3:33-av-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/29/2007] [FileNumber=2003831-0
] [22d5379514d7c92b5dd57edea0798e6476c4875c90f46e930536dfc0475b113e6b7
06ceaffc67f68ef83f5a0256e67373ae157fea02f625168e3dcf76d61a39e]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/29/2007] [FileNumber=2003831-1
] [00eef60419e208194d2026dc551ac17dc0ac3c8e618ce365f89b56e483a00bc4c69
761472412e66ec69af9c1ec48e35bf9b272333d9896e7448248e85077582d]]
**Document description:**Summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/29/2007] [FileNumber=2003831-2
] [002f4cf632198d5153ba25aad3a12ca2c83ecb2c8d8e30d85de451899aaccd3039f
67ce3490fd273dc33f32ec255a0482da8914f3f6ec178b07c6276b90a4b66]]

Exhibit E

**Gale Raffield**

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Tuesday, May 29, 2007 1:19 PM |
| **To:** | ecfhelp@njd.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-02477-JAP-TJB CORDIS CORPORATION v. ABBOTT LABORATORIES Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 5/29/2007 at 1:18 PM EDT and filed on 5/29/2007
**Case Name:**      CORDIS CORPORATION v. ABBOTT LABORATORIES
**Case Number:**     3:07-cv-2477
**Filer:**        CORDIS CORPORATION
**Document Number:** 1

**Docket Text:**
COMPLAINT against ABBOTT LABORATORIES ( Filing fee $ 350 receipt number 1497025.) jury demand, filed by CORDIS CORPORATION.(tp )

**3:07-cv-2477 Notice has been electronically mailed to:**

DONALD A. ROBINSON    drobinson@robinsonlivelli.com, graffield@robinsonlivelli.com

**3:07-cv-2477 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/29/2007] [FileNumber=2004926-0
] [332024e575b0aebdc112f4fabad167423619cb466e13f6c38327d9e30325984db0a
31a454e40b0260d35fcc1ba3a4110c1ccfc785ce50c35855a1fb458b011c3]]

6/12/2007

Exhibit F

CM/ECF LIVE - U.S. District Court for the District of New Jersey                    Page 1 of 1

## Civil Initial Pleadings (Attorney/Credit Card) USE CASE 33-1
3:33-av-00001 PLAINTIFF v. DEFENDANT

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered by ROBINSON, DONALD on 6/12/2007 at 0:03 AM EDT and filed on 6/11/2007

| | |
|---|---|
| **Case Name:** | PLAINTIFF v. DEFENDANT |
| **Case Number:** | 3:33-av-1 |
| **Filer:** | |
| **Document Number:** | 480 |

**Docket Text:**
COMPLAINT - Cordis Corporation v. Abbott Laboratories ( Filing fee $ 350 receipt number 1516788.). (Attachments: # (1) Civil Cover Sheet # (2) Summons) (ROBINSON, DONALD)

**3:33-av-1 Notice has been electronically mailed to:**

**3:33-av-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030579-0
] [0ea25ac337ca70e967959c434eb9177f88d608726a4e48847ed0abb777a7338b435
88cb7a0ab5050511685161411f188af78a7c2dbd94e9e6db7a4a809c053f3]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030579-1
] [1e048d9386f8dc2e53fba406ed20df1142b9f75d224e0ec44444542348a8aa4e375
491e2e72e62a27622cbd71020d7f15c91bd44fd70bb552b44036903a54783]]
**Document description:**Summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030579-2
] [576f8c5235b3b421ae62d79cbd64ef9a7abbfae04b1b03e5c043f02941b44ebcc2d
9f99e042a2da2d48178323cfef90b204c4610472508a54dc0a67ab6b5b07a]]

Exhibit G

**Gale Raffield**

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Tuesday, June 12, 2007 9:24 AM |
| **To:** | ecfhelp@njd.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-02728-JAP-TJB CORDIS CORPORATION v. ABBOTT LABORATORIES Complaint |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of New Jersey [LIVE]

#### Notice of Electronic Filing

The following transaction was entered on 6/12/2007 at 9:23 AM EDT and filed on 6/11/2007

| | |
|---|---|
| **Case Name:** | CORDIS CORPORATION v. ABBOTT LABORATORIES |
| **Case Number:** | 3:07-cv-2728 |
| **Filer:** | CORDIS CORPORATION |
| **Document Number:** | 1 |

**Docket Text:**
COMPLAINT against ABBOTT LABORATORIES ( Filing fee $ 350 receipt number 1516788.) JURY DEMAND, filed by CORDIS CORPORATION.(ck, )

**3:07-cv-2728 Notice has been electronically mailed to:**

DONALD A. ROBINSON    drobinson@robinsonlivelli.com, graffield@robinsonlivelli.com

**3:07-cv-2728 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030767-0
] [aff025ada613d6e65490e6b834aaf8ed8b1b13d89a1fce3dbfeb4817c2178afe5076
056c976213df738e83e539a3cbfcfd140bc4da63dc30cffa016a874678712]]

6/12/2007

Exhibit H

**Gale Raffield**

| | |
|---|---|
| From: | paygovadmin@mail.doc.twai.gov |
| Sent: | Tuesday, May 15, 2007 12:00 AM |
| To: | Gale Raffield |
| Subject: | Pay.Gov Payment Confirmation |

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

Your transaction has been successfully completed.

Payment Summary

Application Name: NJD CM ECF
Pay.gov Tracking ID: 24U73JQL
Payment Agency Tracking ID: 1479428

Cardholder Name: DONALD ROBINSON
Cardholder Address: TWO PENN PLAZA EAST
Cardholder Country: USA
Cardholder Zip Code: 07105-2237
Card Type: American Express
Payment Amount: $350.00
Transaction Date: May 14, 2007 11:59:37 PM

1

Exhibit J

**Gale Raffield**

**From:**
**Sent:**          paygovadmin@mail.doc.twai.gov
**To:**            Tuesday, May 29, 2007 12:02 AM
**Subject:**       Gale Raffield
                   Pay.Gov Payment Confirmation

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

Your transaction has been successfully completed.

Payment Summary

Application Name: NJD CM ECF
Pay.gov Tracking ID: 24U7JQMC
Payment Agency Tracking ID: 1497025

Cardholder Name: DONALD ROBINSON
Cardholder Address: TWO PENN PLAZA EAST
Cardholder Country: USA
Cardholder Zip Code: 07105-2237
Card Type: American Express
Payment Amount: $350.00
Transaction Date: May 29, 2007 12:02:10 AM

1

Exhibit K

**Gale Raffield**

| | |
|---|---|
| **From:** | paygovadmin@mail.doc.twai.gov |
| **Sent:** | Tuesday, June 12, 2007 12:03 AM |
| **To:** | Gale Raffield |
| **Subject:** | Pay.Gov Payment Confirmation |

THIS IS AN AUTOMATED MESSAGE.   PLEASE DO NOT REPLY.

Your transaction has been successfully completed.

Payment Summary

Application Name: NJD CM ECF
Pay.gov Tracking ID: 24U84LL8
Payment Agency Tracking ID: 1516788

Cardholder Name: DONALD ROBINSON
Cardholder Address: TWO PENN PLAZA EAST
Cardholder Country: USA
Cardholder Zip Code: 07105-2237
Card Type: American Express
Payment Amount: $350.00
Transaction Date: Jun 12, 2007 12:02:57 AM

1

# EXHIBIT 2

| From: | ded_nefreply@ded.uscourts.gov |
|---|---|
| Sent: | Tuesday, May 29, 2007 12:24 AM |
| To: | ded_ecf@ded.uscourts.gov |
| Subject: | Activity in Case 1:06-cv-00613-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Cottrell, Frederick on 5/29/2007 at 0:20 AM EDT and filed on 5/29/2007

| Case Name: | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
|---|---|
| Case Number: | 1:06-cv-613 |
| Filer: | Abbott Laboratories |
|  | Abbott Cardiovascular Systems, Inc. |

**Document Number:** 51

**Docket Text:**
Supplemental MOTION for Leave to File *(PLAINTIFFS' SUPPLEMENTAL MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS)* - filed by Abbott Laboratories, Abbott Cardiovascular Systems, Inc.. (Attachments: # (1) Exhibit A-B# (2) Exhibit 1 - Part 1# (3) Exhibit 1 - Part 2# (4) Exhibit 1 - Part 3# (5) Exhibit 1 - Part 4# (6) Exhibit 1 - Part 5# (7) Exhibit 2# (8) Exhibit 3-4)(Cottrell, Frederick)

**1:06-cv-613 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Christopher J. Buchko    cbuchko@mhmlaw.com

Russell E. Cass    rcass@sidley.com

Frederick L. Cottrell , III    cottrell@rlf.com, garvey@rlf.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Sandra A. Frantzen     sfrantzen@mhmlaw.com

Anne Shea Gaza     garvey@rlf.com, gaza@rlf.com

Leland G. Hansen     lhansen@mhmlaw.com

Lauren E. Maguire     lmaguire@ashby-geddes.com

Edward A. Mas , II     emas@mhmlaw.com

**1:06-cv-613 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-0]
[3db966af5e942d9d903a84958dc97d93e7542c1b7d9a6c8b42fa701d2d9aa8bc3fb9
d69998594c95b8b9f5dc9a362333fd86c902401742449b4ef0617f2a08e2]]
**Document description:**Exhibit A-B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-1]
[7b648e94abdf11d8a8c046ba830671ef3f37bafb9705f6ee0d7f41a267c5746a8ba1
acf43942d37527414dee5688c2b15ef4e8676cce11f5d5d2c4eb3f5c475f]]
**Document description:**Exhibit 1 - Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-2]
[b4d769d0357fb0998fb6bab27180dbb849f689eae62982da241821b94bb318e26b69
03a352269681d71c24a26d59bea89e7906d9f2a21f5e7ae46f70f7956b6f]]
**Document description:**Exhibit 1 - Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-3]
[404eb398b4e09bca97424e9da13ccb99051590b948892a02bb73fe45239d0ab94c8f
ce540fe17d996e71662781ab94e54e48329dccdc528706547beb2510e9ee]]
**Document description:**Exhibit 1 - Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-4]
[ac128aed88e80c4e6acddaa55271bc45dc6a4eec7f7c30105ff2bf50d2fd2b128896
b95a271fa0f1672a00bcd45ed145484222eb6a5af202bebb9edecdc3230c]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-5]
[a7cd162f5f301c1b8f91777646eba0463ede14d0ade0796c611c4f761ab324a6dfcf
3fb47d87890b6b1b171f3f806f30f2b85e7934e86ba789dc1ae4d51e4da6]]
**Document description:**Exhibit 1 - Part 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-6]

5/29/2007

[54567fcacf606aed0b14b7caef14077ac44bda7ff9a8b5af3f4a50c2b4cd69b6d443 05556097fe055edc47cd409fd3eb1a70ca2422cbcb2c3f06ee1906bed9ae]]

**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-7] [4af98b3b5ed80e89d027a9b3ae1a87a91fdf8181d8829a9ff820eb9668e8d4697c83 f15189456beb21ae45fb382cb033be5d3b6f4e92f8370d1d05ee65bee59d]]

**Document description:**Exhibit 3-4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-8] [69177f5b6f42d89828bbbda0329dedfd8203efa8e1d0d53d0e153dec9865c07e2f64 e3bb1cf353215febe2061e9dc15572d4d13f081dfc96d0ee469ed52a8c78]]

# EXHIBIT 3

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, May 29, 2007 12:23 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00259-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

### Notice of Electronic Filing

The following transaction was entered by Gaza, Anne on 5/29/2007 at 0:20 AM EDT and filed on 5/29/2007

**Case Name:**      Abbott Laboratories et al v. Johnson and Johnson Inc. et al
**Case Number:**    1:07-cv-259
**Filer:**          Abbott Laboratories
                    Abbott Cardiovascular Systems Inc.
**Document Number:** 10

**Docket Text:**
MOTION for Leave to File *{Plaintiffs' Motion for Leave to File a Supplemental Complaint}* - filed by Abbott Laboratories, Abbott Cardiovascular Systems Inc.. (Attachments: # (1) Text of Proposed Order Ex. A# (2) Exhibit 1, Part 1# (3) Exhibit 1, Part 2# (4) Exhibit 1, Part 3# (5) Exhibit 2# (6) Exhibit 3# (7) Exhibit 4)(Gaza, Anne)


**1:07-cv-259 Notice has been electronically mailed to:**

Anne Shea Gaza      gaza@rlf.com, garvey@rlf.com

**1:07-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-0]
[5718ee05c11d9c384a0a6dab1c2a57d7aa0c5b010a57d6b3be4fc7993ac87784590e
7dea045dc746201617f50b642327f2149c7dd45ff485cab620b80a3312df]]
**Document description:**Text of Proposed Order Ex. A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-1]
[71549717767217b2ed4c2509e722154ed24145df3e73b20344e7fd81a49af8ef68cf
90d3046f04e34e3672a57ce7b4207a3ccaa53a9c62c3274403d32929c8f5]]
**Document description:**Exhibit 1, Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-2]
[575d2c8de1bf1dde542569f5360035b38eceb27dbabaa1f2674e3463b45b0cb95f4f
b0601c4145dfc008bfe16ba9d277fb21ead324a5e5d3a15966649f6e18e2]]
**Document description:**Exhibit 1, Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-3]
[64d5cf5f9bbe284ccf846de421a6511bddde751f0b7b9c094ad512c372c69c940fe8
cb3f2441ad1d9b3630089fedb9339ff08fbf2d682ef30d6c9cbcee66bfb2]]
**Document description:**Exhibit 1, Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-4]
[e2dca631257d656377ede06da04d63d9302097b58ffa99cd4b49418e49554d11e5b4
2b1f8a6f8a7e2b6d0deb99f6b317ec93bbc4baa7908dbeeadc7e74c402e3]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-5]
[092ffdb9c5509cccaf4c2eb01620f357ed325e0e787cc5bc43354616cbab120956b6
3b5b7bbe2bb1f6e8159dd9082ee740b8d0500158425b88c7bc1cef777cc1]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-6]
[16cca46c0e558febba140ab9e60c95ebf3bc8f937ba6e28842750f0f283bd142e7a0
e60d110e99349aecc0ff21cd59609e54627c672e9a439cefd1cb3c36442f]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-7]
[34449c5db706d5cda6431158e2f0e56b85e2dd76113c275e6997f8493beecae8d0af
09cc7fc638c1f37e70808ddba18693e1c6ce270a950b827121b36db84bcf]]

# EXHIBIT 4

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Tuesday, June 12, 2007 12:23 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00613-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Gaza, Anne on 6/12/2007 at 0:19 AM EDT and filed on 6/12/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:06-cv-613 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems, Inc. |

**Document Number:** 57

**Docket Text:**
Supplemental MOTION for Leave to File *(PLAINTIFFS' SECOND SUPPLEMENTAL MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS)* - filed by Abbott Laboratories, Abbott Cardiovascular Systems, Inc.. (Attachments: # (1) 7.1.1 Certification# (2) Exhibit 1 - Part 1# (3) Exhibit 1 - Part 2# (4) Exhibit 1 - Part 3# (5) Exhibit 1 - Part 4# (6) Exhibit 1 - Part 5# (7) Exhibit 1 - Part 6# (8) Exhibit A# (9) Exhibit B# (10) Exhibit 2)(Gaza, Anne)

**1:06-cv-613 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Christopher J. Buchko    cbuchko@mhmlaw.com

Russell E. Cass    rcass@sidley.com

Frederick L. Cottrell , III    cottrell@rlf.com, garvey@rlf.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Sandra A. Frantzen    sfrantzen@mhmlaw.com

Anne Shea Gaza    garvey@rlf.com, gaza@rlf.com

Leland G. Hansen    lhansen@mhmlaw.com

Lauren E. Maguire    lmaguire@ashby-geddes.com

Edward A. Mas , II    emas@mhmlaw.com

**1:06-cv-613 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-0]
[dd653fb733da619d40f8d1517ca0d7329dde8d9d7113c2c59c41899ea0b193352e7d
b8079948758c570e6853f86c1dfb5554ddd85c0c2e865004c9212267a815]]
**Document description:** 7.1.1 Certification
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-1]
[93c2b03630191210b55df40f8d41cb38738b275ad25d63816de9d736b928222c8430
e9ac5fbae8a844da47366941061dcdbbf46e0b0037f8247591303d966cc5]]
**Document description:**Exhibit 1 - Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-2]
[10b7c452717452cce27372b9082b05679702ff991e7747ddc701969ca852f2fc34e1
7ccacc9f368da42fb34bef47fd9e928602f7154d7ce459ea591823e378a5]]
**Document description:**Exhibit 1 - Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-3]
[0432d5e3500cb979cd5071cb3fb44447bd44101e138a87e5b67f45dfbb72f374e7e3
26579ca61764ad82c81380d52cd0f53c0a6cc8e88771a3bc50106f94ab76]]
**Document description:**Exhibit 1 - Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-4]
[daecce2728ef703508d8c944f41a04cd2d8e53bc8e03057eabfd9f5683ca6e895ab3
54b12926ac9ee843eed03a41442691677bcdab53a7720fb6cbeb77ef37bb]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-5]
[1253ef59d6a49654d15376d4bcdf7a7645d63679cf2f0b356f9a7df64586c482bbd8
b9e37543a438d798ff628eb1d827f31883e7d70bb0f193911a7ae20b4d93]]
**Document description:**Exhibit 1 - Part 5
**Original filename:**n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-6]
[08256cd9727760a6bf3c61f45043ea0374f55b298075bd38f99b92573b37a40dd6a5
50db39efe3ef345f5dab9c2f124a21f0eadca9acce03b99aa2dbc6834138]]

**Document description:**Exhibit 1 - Part 6
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-7]
[181318c896420e727ceab86e30fafe288b143fbf6e8c80d707bc264e40a7ee2258c4
27b737c18fecc077df49c515d28693db158d551982e1170025af610d0ba7]]

**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-8]
[30034c60d30e3350fea67d60ef6a43499433f6822a291221210027647902859343
73da3ccca54553de0288494373036730e3fc1240e6b38ba886964d9d54aa53]]

**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-9]
[c98ad7014f623073131f384e82a559c95c8baab42cbcaad9d3c18ed42cc02677cf9f
fa65e3932b67d3ee4259dbe7ce07374507294dac77bd5eb2e87a63d65355]]

**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-10
] [7c689df566711d7bcfd55a0d3725732f2a04dd6b5be31783cd1d3702da5de7c9238
42ac9c91987e477bb004406c30fb0bd379ea636c07ca3287e44927c832eb8]]

# EXHIBIT 5

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, June 12, 2007 12:22 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00259-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Cottrell, Frederick on 6/12/2007 at 0:19 AM EDT and filed on 6/12/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:07-cv-259 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems Inc. |

**Document Number:** 15

**Docket Text:**
Supplemental MOTION for Leave to File *A Supplemental Complaint* - filed by Abbott Laboratories, Abbott Cardiovascular Systems Inc.. (Attachments: # (1) 7.1.1# (2) Exhibit 1 Part 1# (3) Exhibit 1 Part 2# (4) Exhibit 1 Part 3# (5) Exhibit 1 Part 4# (6) Exhibit 1 Part 5# (7) Exhibit A# (8) Exhibit 2)(Cottrell, Frederick)

**1:07-cv-259 Notice has been electronically mailed to:**

Frederick L. Cottrell , III    cottrell@rlf.com

Anne Shea Gaza    gaza@rlf.com, garvey@rlf.com

**1:07-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-0]
[048effa15bbd492644999ebdc0eecb4c8ca0dd4336f271356ce5d63a535a47cb0052
b63c01bb44947eb2a292be01912812c8dad7fdba626a2e8a331263f4037b]]
**Document description: 7.1.1**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-1]
[d452723814c09cd62f3e1aaeeffed255c2e856de35628f9f0555550362219bf8333e
158b930223798a05736b076d442568fe6de65fee4ea36fbb495c6a8d65f8]]
**Document description:Exhibit 1 Part 1**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-2]
[68d822bd1ab63c1a6e79d896864f67ec4f71fb43fe3a743a807c961e70ff8ccc2982
13c429df10bef5db5297ab4c9d3a191a28a5ba91db485bd59613d9c18c41]]
**Document description:Exhibit 1 Part 2**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-3]
[8ef5e4459db1ee65dba52fa0c8b1b30e918d282d5dee6fe7f994b9d31d8ac3e8a23c
541cc1b267648f4806a0acffa4383c1f3deab362e12a4598f6b992d3b8b2]]
**Document description:Exhibit 1 Part 3**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-4]
[9bd1cd0a828c981a8c597ca8c40490b4c3f290ddaa99b35c99441fc7c079209cfc0d
e8353f187ae588f8624bba503e1ebf04d2ccdec7ec991c38884f229e60d9]]
**Document description:Exhibit 1 Part 4**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-5]
[a1c6490ae014789abb39b2d86dbbff67925b22f26b5693c4bdba967e8cf4b6baf528
bbe358979318712d4bea41083ca680afbed33cd6a93e8ccc334b894e6ccf]]
**Document description:Exhibit 1 Part 5**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-6]
[08bc7f5857e35ae11a1b941105e4c60476ae9b162c15b1fa67d860953af5dd415679
aab92b5a075b407b14b1c56a4daaac01144e6adef7ec5fd6f61f10744634]]
**Document description:Exhibit A**
**Original filename:n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-7]
[028c16d7c381b8a4acf3f90f4cbf1588f8d77e5d61528b4fbc4b9aebe9a84e66533b
c307e30933105e4079c438e2e2401ebbdb6bbabb797ab3739aa8178fd790]]
**Document description:Exhibit 2**

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-8]
[b3c9ce3eb1cd66c409822543c0946f4212cdf5877cfb2859bac3ed117e9bfaf12d33
7dc40ae6bdeb42d39bbf4f8999ca1c2d94f8009ccb702596ec1893c928de]]

# EXHIBIT 6

**CHRONOLOGY REGARDING**
**U.S. PATENTS 7,217,286; 7,223,286 AND 7,229,473 Patents**
**(the Cordis-Asserted Patents)**

| Date | Time (EDT) | Venue | Party | Event | Delaware Docket Item No. |
|------|------------|-------|-------|-------|--------------------------|
| 5-15-07 | | | | **USPTO issues U.S. Patent 7,217,286** | |
| 5-15-07 | 12:01 a.m. | District of New Jersey | Cordis | Filed infringement action vs. Abbott on 7286 patent (the 07-2265 (N.J.) case) | N/A |
| 5-15-07 | 12:01 a.m. | District of Delaware | Abbott | Filed motion to supplement complaint in 06-613 Delaware case to add 7286 patent, or alternatively to consolidate the 06-013 (Del.) case with the case referenced in the next entry on this chart | 06-613 D.I. 43 |
| 5-15-07 | 8:35 a.m. | District of Delaware | Abbott | Filed declaratory judgment action vs. Cordis and Johnson & Johnson on 7286 patent (the 07-259 (Del.) case) | 07-259 D.I. 1 |
| 5-18-07 | | District of Delaware | Abbott | Filed motions to enjoin the prosecution of the 07-2265 (N.J.) case in both the 06-613 (Del.) case and 07-259 (Del.) case | 06-613 D.I. 47 |
| | | | | | 07-259 D.I. 7 |
| 5-29-07 | | | | **USPTO issues U.S. Patent 7,223,286** | |
| 5-29-07 | 12:02 a.m. | District of New Jersey | Cordis | Filed infringement action vs. Abbott on 3286 patent (the 07-2477 (N.J.) case) | N/A |
| 5-29-07 | 12:20 a.m. | District of Delaware | Abbott | Filed motion to supplement complaint in 06-613 Delaware case to add 3286 patent, or alternatively to consolidate the 06-013 (Del.) case with the 07-259 (Del.) case | 06-613 D.I. 51 |
| 5-29-07 | 12:20 a.m. | District of Delaware | Abbott | Filed motion to supplement complaint in 07-259 Delaware case to add 3286 patent | 07-259 D.I. 10 |
| 6-12-07 | | | | **USPTO issues U.S. Patent 7,229,473** | |
| 6-12-07 | 12:03 a.m. | District of New Jersey | Cordis | Filed infringement action vs. Abbott on '473 patent (the 07-2728 (N.J.) case) | N/A |
| 6-12-07 | 12:19 a.m. | District of Delaware | Abbott | Filed motion to supplement complaint in 06-613 Delaware case to add '473 patent, or alternatively to consolidate the 06-013 (Del.) case with the 07-259 (Del.) case | 06-613 D.I. 57 |
| 6-12-07 | 12:19 a.m. | District of Delaware | Abbott | Filed motion to supplement complaint in 07-259 Delaware case to add '473 patent | 07-259 D.I. 15 |