IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT LABORATORIES and ABBOTT          )
CARDIOVASCULAR SYSTEMS, INC.,           )
                                        )
              Plaintiffs,               )
                                        )
       v.                               )
                                        )        C. A. No. 06-613-SLR
JOHNSON AND JOHNSON, INC. and           )
CORDIS CORPORATION,                     )
                                        )
              Defendants.               )
                                        )

**PLAINTIFFS' COMBINED REPLY IN SUPPORT OF ITS MOTIONS
TO SUPPLEMENT ITS COMPLAINTS AND ITS MOTION TO ENJOIN
CORDIS FROM PROSECUTING ITS NEW JERSEY LITIGATIONS**

OF COUNSEL:                              Frederick L. Cottrell III (#2555)
Edward A. Mas II                        cottrell@rlf.com
Leland G. Hansen                        Anne Shea Gaza (#4093)
Sandra A. Frantzen                      gaza@rlf.com
Christopher J. Buchko                   Richards, Layton & Finger
McAndrews, Held & Malloy, Ltd.          One Rodney Square
500 West Madison Street, 34th Floor     920 N. King Street
Chicago, Illinois 60661                 Wilmington, Delaware 19899
(312) 775-8000                          (302) 651-7700

                                        *Attorneys For Plaintiffs Abbott Laboratories
                                        and Abbott Cardiovascular Systems, Inc.*

Date: June 22, 2007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ iii

I.    INTRODUCTION .............................................................................................................. 1

      A.    Abbott Filed The Original Complaint In An Ideal Forum–This
            Court–Which Has Substantial Experience With Stent-Related
            Patent Litigation ...................................................................................................... 1

      B.    Contrary To J&J's Flawed Logic, No One Knew In September
            2006 Whether The New Patents Would Issue Or In What Form ............................ 3

      C.    Abbott Filed The Original Complaint At The Appropriate Time
            Under The Then Prevailing Precedent .................................................................... 4

      D.    Abbott's Motions To Supplement Or Consolidate Should Be
            Granted And J&J Should Be Enjoined From Pursuing
            Duplicative, Later-Filed Litigation ........................................................................ 5

II.   J&J RELIES ON FLAWED LEGAL PREMISES ............................................................. 6

      A.    J&J Errs In Arguing That The First-To-File Rule Should Be
            Revisited Each Time A Party Files A New Claim ................................................... 6

            1.    The First-To-File Rule Applies To The First Action
                  Filed And Is Not Revisited For Subsequent Related
                  Claims .......................................................................................................... 7

            2.    In Patent Cases, The First-To-File Rule Is Not Revisited
                  When New Related Patents Issue From The Patent
                  Office ............................................................................................................ 7

      B.    J&J Errs In Suggesting That The Original Complaint Cannot
            Constitute The Basis For Enjoining The New Jersey Litigation ............................ 9

III.  J&J RELIES ON THE FLAWED PREMISE THAT THE COURT
      LACKS JURISDICTION OVER ABBOTT'S ORIGINAL COMPLAINT ...................... 11

      A.    J&J Created An Actual Controversy As To The Original Patents
            By Asserting Those Patents Against The XIENCE V In A Public
            Campaign And In Direct Communications With Guidant ..................................... 11

      B.    J&J Created An Actual Controversy As To The Original Patents
            By Asserting Very Similar Claims Against The XIENCE V In
            Pending Applications In The Patent Office ........................................................... 12

      C.    Even Assuming, *Arguendo,* That The Original Complaint
            Lacked Jurisdiction On September 29, Abbott's Motion To
            Supplement Perfected Jurisdiction At 12:01 a.m. On May 15 .............................. 14

IV.   ABBOTT WAS FIRST TO FILE ..................................................................................... 15

      A.    Abbott's Original Complaint Was Filed On September 29, 2006,
            More Than Seven Months Before J&J Filed In New Jersey ................................. 15

i

B.    Abbott's Second Complaint Was Filed When The Courthouse
       Opened On May 15, 2007.................................................................................. 16

C.    Abbott Has Moved Promptly To Supplement Its Complaints As
       New Patents Have Issued.................................................................................. 16

D.    J&J Did Not File In New Jersey Until 11:07 a.m. On May 15,
       2007 .................................................................................................................. 16

       1.    Pursuant To Local Rules In New Jersey, The Notice Of
             Electronic Filing Which Is Sent To The Filer When The
             Filing Is Complete Constitutes The Official "FILED"
             Stamp ...................................................................................................... 17

       2.    To Establish The Date And Time When J&J Filed In
             New Jersey, The Court Should Rely On The Official
             "FILED"   Stamp   And   Should   Disregard   J&J's
             Subsequent Declarations And Letters Acquired Via *Ex
             Parte* Communications .......................................................................... 17

V.    ABBOTT'S MOTIONS TO SUPPLEMENT SHOULD BE GRANTED ........................ 18

VI.   J&J SHOULD BE ENJOINED FROM PURSUING DUPLICATIVE,
      LATER-FILED LITIGATION IN NEW JERSEY ............................................................ 19

VII.  CONCLUSION ................................................................................................................ 20

ii

## TABLE OF AUTHORITIES

*Applied Vision, Inc. v. Optical Coating Lab., Inc.*,
No. C97-1233, 1997 U.S. Dist. LEXIS 16306 (N.D. Cal. Sept. 23, 1997) ................................. 8

*Brunswick Corp. v. Precor Inc.*,
No. 00-691-GMS, 2000 U.S. Dist. LEXIS 22222 (D. Del. Dec. 12, 2000) .................... 11, 20

*Cashedge, Inc. v. Yodlee, Inc.*,
No. 06-170-JJF, 2006 U.S. Dist. LEXIS 50488 (D. Del. July 19, 2006) ..................... 10, 20

*Chase Manhattan Bank, USA v. Freedom Card, Inc*
265 F. Supp. 2d 445 (D. Del. 2003) ............................................................................. 10

*Cont'l Grain Co. v. Barge FBL-585*,
364 U.S. 19 (1960) ...................................................................................................... 10, 20

*Cosden Oil & Chem. Co. v. Foster Grant Co.*,
432 F. Supp. 956 (D. Del. 1977) ............................................................................. 7, 8, 14

*DataTreasury Corp. v. First Data Corp.*,
243 F. Supp. 591 (N.D. Tex. 2003) ...................................................................... 10, 11, 20

*Genfoot, Inc. v. Payless ShoeSource, Inc.*,
No. 03-398-SLR, 2003 U.S. Dist. LEXIS 22437 (D. Del. Dec. 2, 2003) ............................. 9

*Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*,
87 F.R.D. 398 (W.D.N.Y. 1980) ...................................................................................... 8

*Intel Corp. v. AmberWave Sys. Corp.*,
233 F.R.D. 416 (D. Del. 2005) .......................................................................................... 8

*Kimberly-Clark Corp. v. McNeil-PPC, Inc.*,
260 F. Supp. 2d 738 (E.D. Wis. 2003) .............................................................................. 7

*Laboratory Corp. v. Chiron Corp.*,
384 F.3d 1326 (Fed. Cir. 2004) ........................................................................................ 9

*Matthew Bender & Co. v. West Publ'g Co.*,
37 U.S.P.Q.2d 1402 (S.D.N.Y. 1995) ............................................................................. 14

*Medeva Pharma Ltd. v. Am. Home Prods. Corp.*,
201 F.R.D. 103 (D. Del. 2001) ...................................................................................... 19

*MedImmune, Inc. v. Genentech, Inc.*,
127 S. Ct. 764 (2007) ................................................................................................... 4, 6

*Miteq, Inc. v. Comtech Telecomms. Corp.*,
No. 02-1336-SLR, 2003 U.S. Dist. LEXIS 1015 (D. Del. Jan. 23, 2003)............................ 9

*Owens-Illinois Glass Container, Inc. v. B&H Mfg., Inc.*,
13 U.S.P.Q.2d 2061 (E.D. Cal. 1989) ............................................................................... 8

iii

*PE Corp. v. Affymetrix, Inc.*,
   No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001) ................................14

*Ramsey Grp., Inc. v. EGS Int'l, Inc.*,
   208 F.R.D. 559 (W.D.N.C. 2002) ........................................................................................... 9, 10

*RK Dixon Co. v. Dealer Marketing Servs., Inc.*,
   284 F. Supp. 2d 1204 (S.D. Iowa 2003) ........................................................................... 19

*Saes Getters v. Aeronex, Inc.*,
   219 F. Supp. 2d 1081 (S.D. Cal. 2002) .............................................................................. 7, 8

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ...................................................................................... 4, 13

*Symbol Techs. v. Data Gen. Corp.*,
   40 U.S.P.Q.2d 1216 (S.D.N.Y. 1996) ............................................................................. 19

*Thales Airborne Sys. v. Universal Avionics Sys. Corp.*,
   No. 05-853-SLR, 2006 U.S. Dist. LEXIS 41895 (D. Del. June 21, 2006) .................... 9, 10

*Versus Tech., Inc. v. Hillenbrand Indus., Inc.*,
   No. 1:04-CV-168, 2004 U.S. Dist. LEXIS 28331 (W.D. Mich. Nov. 23,
   2004) ........................................................................................................................... 9

## OTHER AUTHORITIES

Fed. R. Civ. P. 15 ............................................................................................................ 15

iv

I.    **INTRODUCTION**

On September 29, 2006, Plaintiffs (collectively "Abbott") filed a complaint (the "Original Complaint") in this Court against Defendants (collectively "J&J") seeking a declaratory judgment that the Wright 764, Wright 536, and Falotico 796 patents (collectively the "Original Patents") are invalid and not infringed by Abbott's XIENCE V product. (D.I. 1.) As discussed below, Abbott filed the Original Complaint in this Court, presumably an ideal forum for both parties, and at the most appropriate time under the then prevailing precedent. Abbott filed the Original Complaint more than seven months before J&J filed in New Jersey and at a time when no one could foresee the fate of J&J's then pending patent applications.

Now, with all the bluster and bravado it can muster, J&J accuses Abbott of a nefarious forum shopping scheme, arguing that Abbott filed the Original Complaint for "the sole purpose . . . to obtain a 'foot in the door' in a forum in which [Abbott] prefers to litigate" and that "Abbott's endgame in filing its original complaint was to dictate where the parties' dispute over [later issued patents][1] would be litigated." (D.I. 58 at 2, 4.) Setting aside the rhetoric, J&J's present allegations are unfounded, defy logic, and contradict J&J's previous allegations in this and other matters. Indeed, it is apparent that J&J, not Abbott, is engaged in inappropriate forum shopping. Abbott's motions to supplement or consolidate should be granted and J&J should be enjoined from pursuing duplicative, later-filed litigation in New Jersey.[2]

A.    **Abbott Filed The Original Complaint In An Ideal Forum–This Court– Which Has Substantial Experience With Stent-Related Patent Litigation**

Contrary to J&J's allegations of forum shopping, Abbott filed the Original Complaint in this Court, presumably an ideal forum for both parties. No court anywhere has more experience with patent litigation relating to coronary stents, including drug eluting stents. No court

---

[1] For purposes of this paper, the patents that subsequently issued on May 15 (the "Wright 7286 patent"), May 29 (the "Wright 3286 patent"), and June 12 (the "Wright 473 patent") are referred to collectively as the "New Patents."

[2] To avoid burdening the Court with additional papers, the parties have stipulated that Abbott's motion to enjoin covers all three of Cordis' New Jersey lawsuits. (D.I. 55 at 3.) Abbott has attached a modified proposed Order consistent with that stipulation.

1

anywhere offers the parties a greater likelihood that their present patent dispute will be resolved by a well-informed court in a just and speedy fashion.

Notably, Defendants initiated much of the prior stent litigation in this Court. In contrast, in more than a decade of patent litigation relating to coronary stents, Defendants have never, until now, sought to litigate such cases in New Jersey. Of course, a party (like Defendants) might prefer a court having less experience with a technology if that party has a weak case and desires to extend the life of its patent "scarecrows" by extending the litigation and delaying the determination that the patents are invalid and not infringed.

When Abbott filed the Original Complaint, J&J, which engages in business nationwide, was subject to personal jurisdiction in every federal district court. Abbott would have been within its rights to select any forum where Abbott might have some perceived advantage. Abbott could have filed, for example, in its "home" in the Northern District of Illinois, which is also home for its lead trial attorneys. But Abbott instead selected the forum with the most experience and knowledge about the technology in question, which should be an advantage for any party with confidence in its position.

In contrast, J&J's reasons for preferring New Jersey are suspect. J&J has not identified a single New Jersey patent case relating to coronary stents. The sole explanation offered by J&J for selecting New Jersey is that Defendant Cordis has "business operations" there. (D.I. 58 at 12.) More specifically, in the complaint filed by Cordis in New Jersey, Cordis asserts that it has a "principal place of business" in New Jersey. (D.I. 48, Ex. 10, ¶ 1.) However, in direct conflict with its present allegations, Cordis recently filed an answer in another case pending in Texas denying that it has a principal place of business in New Jersey, and claiming that it has a principal place of business in Florida. (D.I. 48, Ex. 15, ¶ 3.) Caught espousing inconsistent positions, Defendants now argue in their answering brief that Cordis' principal place of business is "not relevant." (D.I. 58 at 12.) Accordingly, because Defendants have given no other reason for preferring New Jersey, it appears that Defendants' "sole purpose" for filing in New Jersey is to

2

escape this jurisdiction where Defendants might expect a well-informed, just and speedy outcome

to the parties' present patent dispute.

**B.    Contrary To J&J's Flawed Logic, No One Knew In September 2006 Whether The New Patents Would Issue Or In What Form**

In its answering brief, Defendants advance another unfounded, illogical theory about

Abbott's Original Complaint:

> Abbott initiated the present declaratory judgment action shortly after learning that Cordis ha[d] asked the Patent and Trademark Office to expedite prosecution of the applications that led to the issuance of the [New] Patents, but because Abbott obviously could not initiate suit until those patents issued, it sued Cordis on the [Original] Patents instead.

(D.I. 58 at 1.)  Defendants' new theory is premised on the flawed assumption that Abbott

somehow could foresee the unforeseeable.

More specifically, J&J presumes that Abbott could foresee whether and what patent

claims might eventually issue from J&J's pending patent applications.  Under J&J's new theory,

Abbott supposedly filed a declaratory judgment complaint against the Original Patents, which

were and are actual issued patents, in order to attack the New Patents, which then existed only as

pending applications.  When Abbott filed the Original Complaint against the Original Patents on

September 29, 2006, no one knew what would become of the patent applications that later issued

as the New Patents.  Certainly, Abbott could not foresee the outcome of those patent applications,

which were controlled entirely by J&J.

In another bout of inconsistency, J&J apparently has forgotten that it previously made

exactly this point in its original memorandum filed in support of its motion to dismiss.  (D.I. 15 at

2.)  Specifically, in a memorandum filed on December 13, 2006, J&J asserted:

> The applications in question [in which J&J filed petitions to make special] may or may not result in issued patents, and to date all claims in these applications which have been examined by the PTO have been rejected.

(*Id.* (emphasis added).)  Notably, J&J filed petitions to make special in a total of six patent

applications.  (D.I. 49 at 6, 8.)  Three of these applications issued as the New Patents.  The other

three, however, still have not issued and may never issue.  Indeed, in each of the remaining

3

applications, all of the pending claims stand rejected, even after J&J amended many of the claims, submitted written arguments, and presented oral arguments in interviews with the patent examiner. (Ex. 30; Ex. 31; Ex. 32.)

In short, Abbott could not foresee, when it filed the Original Complaint against the Original Patents, the fate of any of the applications where J&J had filed petitions to make special, including the applications that eventually issued as the New Patents. J&J's new theory about Abbott's Original Complaint not only defies logic but also is inconsistent with J&J's prior assertions in this case.

**C.    Abbott Filed The Original Complaint At The Appropriate Time Under The Then Prevailing Precedent**

J&J also criticizes the timing of Abbott's Original Complaint because it was filed about eight months after J&J commenced a public campaign asserting the Original Patents against the XIENCE V. According to J&J's flawed analysis, the passage of eight months "undermines any suggestion" that J&J's public campaign "created an 'actual controversy'" with respect to the Original Patents. (D.I. 58 at 4.) Contrary to J&J's present arguments, Abbott filed the Original Complaint at the appropriate time under the <u>then</u> prevailing precedent (*i.e.*, before *MedImmune*).

Following the Supreme Court decision in *MedImmune*, an Article III case or controversy arises where a patent owner asserts its patent rights against "certain identified ongoing or planned activity of another party." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Before *MedImmune*, however, an accused party bringing a declaratory judgment action had to show not only that the patent owner had asserted its patent rights but also that the accused party was under "reasonable apprehension of *imminent* suit." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 774 n.11 (2007) (rejecting the imminent suit test). Accordingly, under the prevailing precedent <u>at the time</u>, Abbott had to wait to file the Original Complaint until Abbott could show that both (1) J&J had asserted it patent rights and (2) Abbott had a reasonable apprehension of an imminent suit.

4

Regarding a reasonable apprehension of *imminent* suit, Abbott pled in the Original Complaint that the then imminent launch of the XIENCE V was a precursor to the imminent suit by J&J. (D.I. 1, ¶¶ 20, 36, 38, 43, 47, 49-52.) As previously noted, J&J has a long and well-established record of timing patent infringement suits to disrupt a competitor's product launch. (D.I. 49 at 5.) For the XIENCE V, the product launch had been delayed thereby deferring the point in time at which Abbott could assert that a lawsuit was imminent. (D.I. 1, ¶ 37.) Ultimately, after Abbott filed the Original Complaint, J&J did not sue in conjunction with the XIENCE V launch but rather chose instead to move to dismiss Abbott's declaratory judgment complaint so that J&J could avoid a court with substantial stent expertise.

**D.    Abbott's Motions To Supplement Or Consolidate Should Be Granted And J&J Should Be Enjoined From Pursuing Duplicative, Later-Filed Litigation**

Abbott filed the Original Complaint in this district <u>more than seven months</u> before Defendant Cordis filed its first complaint in New Jersey. As each of the New Patents issued, Abbott promptly moved to supplement its complaint. Notably, on May 15 when the new Wright 7286 patent issued, Abbott filed in Delaware before J&J filed in New Jersey, as discussed below. Attachment A depicts the related, parallel litigation now pending in both districts.

The New Patents are directly related to the Original Patents. The new claims are "not patentably distinct" from the claims of the Original Patents. With respect to both the Original Patents and the New Patents, the only product at issue in this case is the XIENCE V. The parties in New Jersey are parties in Delaware. In short, the subject matter of Cordis' claims in New Jersey is inextricably intertwined with the subject matter of Abbott's first-filed claims in Delaware. J&J has provided no legitimate grounds to deny leave to supplement Abbott's complaints.

It is J&J, not Abbott, that implemented a public campaign to cast a cloud over the XIENCE V in view of the Original Patents. (D.I. 49 at 2-3, 10-27.) It is J&J, not Abbott, that continued to assert allegations of infringement via petitions to make special in the Patent Office. (*Id* at 27-31.) It is J&J, not Abbott, that has infected the entire business community with

5

allegations about J&J's patents and the XIENCE V product. Abbott is entitled to clear these allegations, in the forum Abbott selected almost nine months ago, with respect to <u>every patent</u> that J&J has asserted against XIENCE V. Until that happens, Abbott will continue to endure the coercion of choosing between abandoning the XIENCE V or living under the cloud of J&J's public (and private) allegations. This is the precise type of injury that the Declaratory Judgment Act is designed to ameliorate. *See MedImmune,* 127 S. Ct. at 773. For all these reasons, Abbott's motions to supplement should be granted and J&J should be enjoined from prosecuting its duplicative, later-filed complaints in New Jersey.

## II.    J&J RELIES ON FLAWED LEGAL PREMISES

In its answering brief, J&J relies on flawed legal premises, as explained in detail below. J&J's arguments fail when correct legal principles are applied.

### A.    J&J Errs In Arguing That The First-To-File Rule Should Be Revisited Each Time A Party Files A New Claim

J&J devotes a substantial portion of its opposition to the flawed argument that at least some of the New Patents should be litigated in New Jersey, even if the Original Patents (and other New Patents) are litigated in Delaware. (D.I. 58 at 8-18.) J&J's arguments defy common sense and are contrary to law.

All of the New Patents are part of the Wright family and are directly related (by a series of continuations) to the original Wright patents, which constitute two of the three Original Patents. (D.I. 49 at 6-7.) All of the Wright patents (the Original Patents and the New Patents) share the same specification. (*Id.*) The patent claims are so similar that the Patent Office found that they are "not patentably distinct" and therefore should all expire on the same date as though they were all claims in a single patent. (*Id.*) The prosecution histories are interrelated. (*Id.*)

Thus, J&J contemplates that the <u>same parties</u> would litigate about the <u>same product</u> for one set of patents in Delaware and for a second set of <u>closely-related</u> patents in New Jersey. Not surprisingly, the law does not support such an absurd result.

6

1.     **The First-To-File Rule Applies To The First Action Filed And Is Not Revisited For Subsequent Related Claims**

J&J's arguments are premised on the flawed assumption that the first-to-file rule should be revisited for each of the New Patents, even though the New Patents are so closely related among themselves and with the Original Patents.    <u>J&J cites no legal authority for such a proposition.</u>    Contrary to J&J's premise, the first-to-file rule applies when the first action is filed. The rule is not revisited for subsequent related claims.

This principle is sound and well-established:

> The issue, however, is not which of the claims was filed first, but rather which action was filed first . . . . If, as [Kimberly-Clark's] argument implies, each court were to determine as to each claim in the action before it whether it was filed first and whether to allow it to proceed in this court, it would unduly complicate what should be a purely procedural threshold issue . . . . Furthermore, accepting such a distinction would sanction additional procedural fencing.  For example, if the second-filed party wanted to defeat the first-filed rule under similar circumstances, it need only add an additional claim to its complaint, i.e. a claim not present in the other party's first-filed action.  It would then be able to argue that its new claim should be considered separately from any claims filed by the other side.   This would lead to disjointed litigation and would thwart any semblance of judicial economy or efficiency.

*Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 740-41 (E.D. Wis. 2003); *see also Saes Getters v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1090 (S.D. Cal. 2002) ("[A] number of courts have concluded that the first-filed forum is the one in which the parties originally were brought, not the one in which the precise issue was first raised.  In other words, the forum with priority is the one where the parties initially sued each other, even if the parties raise a different claim in a subsequently filed suit in a different forum."). In the answering brief, J&J did not even attempt to distinguish these cases, which were cited in Abbott's opening briefs.

2.     **In Patent Cases, The First-To-File Rule Is Not Revisited When New Related Patents Issue From The Patent Office**

This general principle applies in patent cases, particularly where a new patent issues that is related to patents that are already in suit.  For example, in *Cosden Oil & Chem. Co. v. Foster Grant Co.*, 432 F. Supp. 956 (D. Del. 1977), Cosden filed a declaratory judgment action in Delaware against the patentee Foster for noninfringement and invalidity of a patent.  *Id.* at 957-

7

58. Later, a second related patent issued. *Id.* at 958. On the same day the patent issued, the

patentee Foster filed a patent infringement complaint in Texas. *Id.* Three days later, Cosden filed

an amended complaint in Delaware seeking a declaratory judgment that the second patent was

invalid and not infringed. Cosden also moved to enjoin the prosecution of the Texas lawsuit. *Id.*

Applying the first-to-file rule, the Delaware court granted Cosden's motion to enjoin, even

though Cosden filed its amended complaint after Foster filed its complaint in another forum:

> The similarity between the [original] '434 patent and the [newly-issued] '311
> patent and the intimate relationship between the respective file histories of these
> two patents leaves no question in my mind that the controversy surrounding the
> '311 patent is part and parcel of the controversy surrounding the '434 patent. As
> such, under the first-filed doctrine enunciated by the Third Circuit Court of
> Appeals in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941), I have
> no choice but to enjoin the Dallas suit pending disposition of the claims here.
> Cosden is entitled to be free from the 'vexation of subsequent litigation over the
> same subject matter' 122 F.2d at 930, and the courts are entitled to be free from
> the waste and inefficiency involved in duplicative litigation.

*Id.* at 960 (emphasis added).

Likewise, in *Intel Corp. v. AmberWave Sys. Corp.*, 233 F.R.D. 416 (D. Del. 2005), Intel

filed a declaratory judgment complaint in Delaware relating to one patent and mentioned certain

other pending patent applications in its complaint. *Id.* at 416-17. On the day the first of the

pending applications issued, the patentee filed a patent infringement complaint in Texas. *Id.* at

417. Six days later, Intel filed a motion to supplement its complaint. *Id.* Considering principles

of judicial economy, the court recognized that the original Delaware action was the first-filed

action and granted Intel's motion to supplement, even though Intel filed its motion to supplement

after AmberWave filed its infringement complaint. *Id.* at 418-19.[3]

---

[3] *See also Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 404-05
(W.D.N.Y. 1980) (enjoining second-filed action on related patent); *Owens-Illinois Glass
Container, Inc. v. B&H Mfg., Inc.*, 13 U.S.P.Q.2d 2061, 2062, 2064 (E.D. Cal. 1989) (using first-
to-file rule to transfer case relating to newly-issued patent to the N.D. Ga. where case on related
patent was already pending); *Applied Vision, Inc. v. Optical Coating Lab., Inc.*, No. C97-1233,
1997 U.S. Dist. LEXIS 16306, at *13 (N.D. Cal. Sept. 23, 1997) (holding that a previously filed
complaint on a different patent was the first-filed lawsuit as "the technology, parties and
circumstances surrounding the patents in question are similar enough to be considered to share a
common core of operative facts"); *Saes Getters*, 219 F. Supp. 2d at 1090 ("In other words, the
forum with priority is the one where the parties initially sued each other, even if the parties raise a

**B.      J&J Errs In Suggesting That The Original Complaint Cannot Constitute The Basis For Enjoining The New Jersey Litigation**

J&J argues that, even if the Court <u>does</u> have jurisdiction over the Original Complaint, the New Jersey case cannot be enjoined because the two cases are not identical mirror images of each other. (D.I. 58 at 14.) J&J is wrong because Abbott has asserted the New Patents in Delaware. J&J is also wrong as a matter of law. In particular, <u>J&J cites no case</u>, from the Federal Circuit or otherwise, where <u>the same parties</u> litigated patent infringement claims <u>for the same product</u> and <u>closely related patents</u> in <u>different districts</u>.

The cases cited by J&J are inapposite. For instance, in *Laboratory Corp. v. Chiron Corp.*, 384 F.3d 1326, 1332 (Fed. Cir. 2004), the Federal Circuit simply affirmed an order enjoining parallel litigation following a same-day race to the courthouse. Unlike the central issue in this case, *Laboratory Corp.* did <u>not</u> involve new patents issuing after an earlier complaint was filed for related patents. *Id.* Likewise, both *Genfoot, Inc. v. Payless ShoeSource, Inc.*, No. 03-398-SLR, 2003 U.S. Dist. LEXIS 22437, at *2-4 (D. Del. Dec. 2, 2003) and *Miteq, Inc. v. Comtech Telecomms Corp.*, No. 02-1336-SLR, 2003 U.S. Dist. LEXIS 1015, at *1-3 (D. Del. Jan. 23, 2003) did <u>not</u> involve new patents issuing after an earlier complaint was filed for related patents.

J&J also misconstrues the holding of *Thales Airborne Sys. v. Universal Avionics Sys. Corp.*, No. 05-853-SLR, 2006 U.S. Dist. LEXIS 41895 (D. Del. June 21, 2006). In that case, Thales filed a complaint for patent infringement involving two patents in Delaware. *Id.* at *1-2. Later that same day, Universal Avionics filed a declaratory judgment action in New Jersey involving the same two patents and two additional, <u>unrelated</u> patents. *Id.* at *2. While all four

---

different claim in a subsequently filed suit in a different forum."); *Versus Tech., Inc. v. Hillenbrand Indus., Inc.*, No. 1:04-CV-168, 2004 U.S. Dist. LEXIS 28331, at *17 (W.D. Mich. Nov. 23, 2004) (holding that "[a]lthough Versus is correct that its claims were first raised in this case, several courts have held that a subsequently-filed amendment is prior to an earlier complaint where the amendment is made in the first-filed action") (internal citations omitted); *Ramsey Grp., Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559, 563 (W.D.N.C. 2002) (holding that the amendment to add a newly issued patent relates back to the original complaint because the patents were related and the cases involve the same parties, products, and technology).

9

patents addressed the same broad category of technology, the two additional patents in New Jersey (1) were <u>not related</u> to the two patents in Delaware and (2) were directed to a <u>different aspect</u> of a broad category of technology. *Id.* at \*11; Ex. 33 (cover pages for the four patents in *Thales*). Moreover, in Delaware, Thales <u>did not assert</u> the additional unrelated patents, which Universal Avionics asserted in New Jersey. This Court granted Thales' motion to enjoin as to the two patents that were at issue in Delaware, but denied the motion as to the other <u>unrelated</u> patents, which Thales had <u>not asserted</u> in Delaware. *Id.* at \*11. The Court did not enjoin the New Jersey proceedings as to unrelated patents that Thales <u>did not assert</u> in Delaware.

The facts in *Thales* are very different than the present case. Most important, unlike *Thales*, Abbott has asserted all the patents in question in Delaware, both the Original Patents and the New Patents. Moreover, unlike *Thales*, the New Patents are closely related to the Original Patents. In short, *Thales* does not support J&J's illogical position. Rather, *Thales* supports Abbott's motion to enjoin J&J from pursuing litigation in New Jersey for the <u>same patents</u> (the New Patents, which also are directly related to the Original Patents), the <u>same product</u> and the <u>same parties</u> at issue in Delaware.

J&J's arguments ignore the policies underlying the first-to-file rule, invite inefficiency, and would waste both the parties' and the Court's resources:

> The policy underlying that rule is at least two fold and eminently practical. For the benefit of litigants, "the party who first brings a controversy into a court of competent jurisdiction for adjudication should...be free from the vexation of subsequent litigation over the same subject matter." [citation omitted]. For the benefit of courts and the public they serve, "courts already heavily burdened with litigation with which they must of necessity deal should...not be called upon to duplicate each other's work involving the same issues and the same parties."

*Chase Manhattan Bank, USA v. Freedom Card, Inc.,* 265 F. Supp. 2d 445, 448 (D. Del. 2003) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F. 2d 925, 930 (3d Cir. 1941)).[4]

---

[4] *See also Cont'l Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26 (1960) (holding that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Cashedge, Inc. v. Yodlee, Inc.*, No. 06-170-JJF, 2006 U.S. Dist. LEXIS 50488, at \*6-8 (D. Del. July 19, 2006); *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d

III.    **J&J RELIES ON THE FLAWED PREMISE THAT THE COURT LACKS JURISDICTION OVER ABBOTT'S ORIGINAL COMPLAINT**

In the answering brief, J&J argues that the Court lacks jurisdiction over Abbott's Original Complaint because "there is no 'actual controversy' between the parties as to" the Original Patents. (D.I. 58 at 4.) J&J is wrong for at least two reasons. First, J&J created an actual controversy as to the Original Patents by (1) asserting those patents against the XIENCE V in a public campaign and (2) asserting very similar patent claims against the XIENCE V when prosecuting related patent applications in the Patent Office. Second, even assuming, *arguendo*, that there is no actual controversy as to the Original Patents, nevertheless any jurisdictional defect was cured when Abbott filed a motion to supplement at 12:01 am on May 15. Each of these points is discussed in greater detail below.

A.    **J&J Created An Actual Controversy As To The Original Patents By Asserting Those Patents Against The XIENCE V In A Public Campaign And In Direct Communications With Guidant**

As discussed in Abbott's answering brief to J&J motion to dismiss, J&J created an actual controversy as to the Original Patents by asserting those patents against the XIENCE V in a public media campaign and in direct communications with Guidant. (D.I. 49 at 10-27.) In conjunction with these communications, J&J prepared a "script" stating:

> Our IP portfolio in this area includes patents directed to . . . Everolimus when used on a stent. Abbott does not receive access to this under the Boston agreement. Without access to this IP there is a risk that a DES using [everolimus] may infringe our IP.

(D.I. 49 at Ex. 55.) In communications with industry analysts, news reporters and Guidant, J&J specifically identified the XIENCE V as the product in question and the Original Patents as the patents in question. (D.I. 49 at 14-24.)

For example, one of the industry analysts testified that J&J's director of investor relations told him: "J&J had three patents [*i.e.*, the Original Patents] that covered everolimus on a stent,"

---

591, 594 (N.D. Tex. 2003) (stating that "[p]iecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable."); *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 U.S. Dist. LEXIS 22222, at *8 (D. Del. Dec. 12, 2000).

11

and "the XIENCE V stent with everolimus was risky because of because of [the] three patents that he was referring to," meaning "risky in terms of intellectual property, infringement upon." The same analyst also testified that J&J's director of investor relations stated that "if Boston Scientific in conjunction with Abbott acquired Guidant that Abbott and Boston Scientific would face litigation at some time for a patent violation or patent infringement," "referring to the same three patents [the Original Patents]." (D.I. 49, Ex. 28, Biegelsen Dep. Tr. at 18:7-9, 18:19-22, 19:10-13, 20:14-23.)

J&J's public campaign resulted in a flurry of analyst reports and news reports that infected the entire business community (investors, customers, patients, employees, etc.) with J&J's allegations against the XIENCE V under the Original Patents. (D.I. 49 at 14-24.) J&J's public campaign, standing alone, is sufficient to create an Article III case or controversy as to the XIENCE V and the Original Patents.

Notably, in the reply brief in support the motion to dismiss, J&J attempts to discredit Abbott by quibbling about a number of peripheral facts, which are at most marginally material (*i.e.*, J&J's alleged motives for the public campaign). (D.I. 59 at 14-19.)[5] At no point, however, does J&J deny the essential facts, namely that in the course of its public campaign J&J specifically asserted the Original Patents against Abbott's XIENCE V product. (*Id.*)

### B.    J&J Created An Actual Controversy As To The Original Patents By Asserting Very Similar Claims Against The XIENCE V In Pending Applications In The Patent Office

In the Original Complaint, Abbott pled that J&J had asserted in sworn declarations that "the XIENCE V product is unquestionably with the scope of [*i.e.*, infringes]" certain patent claims then pending in the Patent Office. (D.I. 1, ¶¶ 41, 45.) In the Original Complaint, Abbott also pled that "the subject matter of [the pending claims in the Patent Office] overlaps with subject matter claimed in the" Original Patents. (*Id.*, ¶¶ 42, 46.) Subsequently, the Patent Office

---

[5] Even as to these peripheral facts, a careful review of the record evidence demonstrates that Abbott has fairly described the facts and the reasonable inferences to be drawn therefrom and that J&J, not Abbott, has "distort[ed] the facts in constructing its arguments." (D.I. 59 at 14.)

12

confirmed Abbott's assertion that the subject matter of the pending claims overlapped with the subject matter claimed in the Original Patents. More specifically, the Patent Office expressly found that the pending claims were "not patentably distinct" from claims of the Original Patents. (D.I. 49 at 6-7.)

As a matter of law, by asserting that an accused party infringes a first set of patent claims, a patent owner may create an Article III case or controversy as to other patent claims that are related or claim similar subject matter. (D.I. 49 at 35 & n.5 (citing *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1340 (Fed. Cir. 2007); *Plumtree Software, Inc. v. Datamize, LLC,* 473 F.3d 1152, 1158 (Fed. Cir. 2006); *SmithKline Beecham Corp. v. Zenith Goldline Pharms., Inc.*, No. 00-CV-1393, 2000 U.S. Dist. LEXIS 9659, at *5 (E.D. Pa. June 28, 2000); *Kos Pharms., Inc. v. Barr Labs., Inc.*, 242 F. Supp. 2d 311, 315-16 (S.D.N.Y. 2003)).)

J&J concedes that, in each of these cases, the court properly found a case or controversy as to a patent or group of patents based on prior allegations of infringement for a related patent or patents. (D.I. 59 at 8-9.) J&J argues, however, that these cases are distinguishable because in each case the prior allegation of infringement was in litigation rather than the Patent Office. (*Id.*) J&J draws a distinction without a difference. Under the proper legal standard, an Article III case or controversy arises whenever a patent owner asserts its patent rights "based on certain identified ongoing or planned activity of another party." *SanDisk*, 480 F.3d at 1381. For purposes of deciding whether a patent owner has asserted its patent rights against another party, there is no principled basis for distinguishing an allegation of infringement in the Patent Office from an allegation of infringement in court. In short, when J&J asserted in the Patent Office (via sworn declarations) that XIENCE V "unquestionably" infringes claims that are related to and "not patentably distinct" from claims of the Original Patents, J&J created an Article III case or controversy as to the XIENCE V and the Original Patents.

13

C.     **Even Assuming, *Arguendo*, That The Original Complaint Lacked Jurisdiction On September 29, Abbott's Motion To Supplement Perfected Jurisdiction At 12:01 a.m. On May 15**

At 12:01 a.m. on May 15, 2007, Abbott moved to supplement the Original Complaint to add a declaratory judgment claim for the Wright 7286 patent, which issued that day from the Patent Office. Even assuming, *arguendo*, that the Court lacked declaratory judgment jurisdiction over the Original Complaint as filed on September 29, 2006, nevertheless jurisdiction attached in this civil action (C.A. No. 06-00613-SLR), at least as to the Wright 7286 patent, when Abbott filed its motion to supplement. There is no dispute that an actual controversy exists between the parties with respect to the Wright 7286 patent and XIENCE V. (D.I. 58 at 1-2.)

J&J argues that the Court should grant J&J's motion to dismiss before considering Abbott's motion to supplement. (D.I. 58 at 6-7.) J&J's proposal is wrong for at least two reasons. First, J&J's motion to dismiss should be denied on the merits because J&J created an actual controversy between the parties as to the Original Patents as described above. Second, even assuming, *arguendo*, that no actual controversy exists as to the Original Patents, the Court should <u>first</u> grant Abbott's motion to supplement.

Contrary to J&J's arguments, a pending motion to dismiss does not supersede a motion to supplement. J&J has cited no case in which a motion to supplement was delayed or denied simply because the defendant had filed a motion to dismiss.[6] To the contrary, courts regularly consider and grant motions to supplement even though a motion to dismiss is pending. *See, e.g., Matthew Bender & Co. v. West Publ'g Co.*, 37 U.S.P.Q.2d 1402, 1403-05 (S.D.N.Y. 1995) (granting motion to supplement despite pending motion to dismiss); *PE Corp. v. Affymetrix, Inc.*, No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792, at *6-7 (D. Del. Sept. 27, 2001) (considering

---

[6] In J&J's cited case law, the courts merely addressed the motion to dismiss first; however, none of those cases held that the motion to dismiss was a basis to deny a motion to supplement. *See, e.g., Cosden Oil*, 432 F. Supp. at 958-60 (merely addressing motion to dismiss first).

14

motion to amend before considering motion to dismiss).[7]  This result is consistent with Rule 15(d).  Indeed, the advisory committee notes expressly permit supplemental pleadings in the face of a motion to dismiss for an alleged lack of jurisdiction.  Fed. R. Civ. P. 15, advisory committee's note (1963) (stating that "the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective").

## IV.    ABBOTT WAS FIRST TO FILE

As to the present disputes between the parties, Abbott filed first.  J&J's arguments all fail as a consequence of this simple fact.  No matter how the claims are parsed, only one product is at issue:  Abbott's XIENCE V drug eluting stent.  All six patents at issue purportedly relate to drug eluting stents.  Of the six patents at issue, five are members of the Wright patent family and are directly related through a series of continuation applications.  In view of these facts, all the claims should be resolved in this district where Abbott filed first.

### A.    Abbott's Original Complaint Was Filed On September 29, 2006, More Than Seven Months Before J&J Filed In New Jersey

Abbott filed the Original Complaint for the Original Patents on September 29, 2006, more than seven months before J&J filed a complaint in New Jersey.  All the parties in New Jersey are parties in Delaware.  The only product at issue in New Jersey is the only product at issue in Delaware.  Moreover, the Original Patents are directly related to the New Patents at issue in New Jersey and Delaware.   Accordingly, J&J's claims in New Jersey clearly are inextricably intertwined with Abbott's claims in the Original Complaint.  Under these circumstances, Abbott's Original Complaint must be deemed first filed as to all the related claims.  *See supra*.  All the related claims should be resolved in this district where Abbott first filed almost nine months ago as of the date of this paper.

---

[7] In *PE Corp.*, after granting the Plaintiff's motion to amend, the court ultimately dismissed the case because the amended complaint did not relate back to the original complaint, and the Plaintiff had waited until well after the Defendant filed a new complaint in another jurisdiction before it amended.  *PE Corp.*, 2001 U.S. Dist. 15792, at *3-4.  This is not the case here.  In the present case, Abbott's motion to supplement was filed at the first possible moment.

**B.    Abbott's Second Complaint Was Filed When The Courthouse Opened On May 15, 2007**

The Wright 7286 patent issued on May 15, 2007. On May 14, Abbott notified J&J that Abbott would file a second declaratory judgment complaint for the new patent. (D.I. 48 at Ex. 3.) Hiding its scheme to escape this Court's jurisdiction, J&J said nothing about filing a complaint in New Jersey. (*Id.*) When the courthouse opened on May 15 at 8:30 a.m., Abbott immediately filed a declaratory judgment complaint for the new Wright 7286 patent. (D.I. 1, C.A. No. 07-00259-SLR.) Abbott could not have filed a new complaint any earlier in this district.

Even before Abbott filed the new complaint at 8:30 a.m. on May 15, Abbott submitted the complaint at 12:01 a.m. with its motion, filed at that time, to supplement its Original Complaint to add a new claim for the Wright 7286 patent or in the alternative to consolidate this case (C.A. No. 06-00613-SLR) with the new case (C.A. No. 07-00259-SLR). (D.I. 44.)

**C.    Abbott Has Moved Promptly To Supplement Its Complaints As New Patents Have Issued**

The Wright 3286 patent and the Wright 473 patent issued on May 29 and June 12, 2007, respectively. As each patent issued, Abbott promptly moved immediately after midnight to supplement its complaint in this case (C.A. No. 06-00613-SLR) and in the new case (C.A. No. 07-00259-SLR). (*See, e.g.* Exs. 20-26.)

**D.    J&J Did Not File In New Jersey Until 11:07 a.m. On May 15, 2007**

On May 14, 2007, Abbott notified J&J that Abbott would move to supplement its complaint to add the Wright 7286 patent when it issued on May 15. (D.I. 48 at Ex. 3.) J&J said nothing about filing a complaint in New Jersey. (*Id.*) Nevertheless, J&J apparently filed a complaint in New Jersey on May 15. According to the official Notice of Electronic Filing, which constitutes the "**FILED**" stamp under the local rules in New Jersey, J&J's complaint was filed at 11:07 a.m. on that date. (*Id.* at Ex. 10.) This was <u>more than seven months</u> after Abbott filed the Original Complaint in Delaware and <u>more than two hours</u> after Abbott filed its second complaint in Delaware.

16

1.     **Pursuant To Local Rules In New Jersey, The Notice Of Electronic Filing Which Is Sent To The Filer When The Filing Is Complete Constitutes The Official "FILED" Stamp**

In this district, an original complaint cannot be filed electronically. When a complaint is filed, the document is "**FILED**" stamped, which establishes the official date and time of the filing. The procedure in New Jersey is both similar and different.

In New Jersey, unlike Delaware, an original complaint can be filed electronically. Parties are cautioned, however, to file an original complaint when the clerk's office is open for business. (Ex. 17, NJ ECF User Manual, at 17.) (J&J disregarded this admonition which may have caused delay by the clerk's office in completing the filing of J&J's complaint.) When a document is filed electronically in New Jersey, "transmission of a Notice of Electronic Filing from the court" completes the "filing of the document for all purposes of the Federal Rules of Civil Procedure." (*Id.*, NJ Local Rules at 6.) For an original complaint, the Notice of Electronic Filing, which is "sent to the filer" after the court reviews and processes the document, constitutes the official "'**FILED**' stamp" for the complaint. (*Id.*, NJ ECF User Manual, at 23.)[8]

2.     **To Establish The Date And Time When J&J Filed In New Jersey, The Court Should Rely On The Official "FILED" Stamp And Should Disregard J&J's Subsequent Declarations And Letters Acquired Via *Ex Parte* Communications**

On May 15, 2007, after Abbott learned that J&J had filed a complaint in New Jersey, Abbott asked J&J to provide a copy of its Notice of Electronic Filing. Abbott repeated this request several times. (D.I. 48 at Ex. 12.) J&J steadfastly ignored the requests. (*Id.*) Eventually, Abbott obtained a copy of the Notice constituting the official "**FILED**" stamp from the court in New Jersey, establishing that filing of J&J's complaint was completed in New Jersey at 11:07

---

[8] When the complaint is first submitted, a separate, interim Notice of Electronic Filing appears on the screen and can be printed with a "fictitious case number." (Ex. 17, NJ ECF User Manual, at 18, 23.) This interim Notice is not emailed to the filer.

17

a.m. on May 15.[9]  Abbott then moved to enjoin J&J from proceeding with its claims in New

Jersey because J&J's claims were inextricably intertwined with Abbott's claims in the Original

Complaint and Abbott's claim in its second Delaware complaint.

In the meantime, J&J apparently engaged in *ex parte* communications with some deputy

clerks in New Jersey, attempting to establish an earlier time of filing for its New Jersey

complaint.  Somehow J&J apparently persuaded one of the deputy clerks to provide a letter

stating that the "docket entry . . . made at 11:07 A.M. on May 15, 2007 . . . was simply to correct

an erroneous reference to May 14, 2007 that appeared on [an] earlier docket entry."  (Ex. 19.)[10]

Notably, J&J now concedes, however, that the clerk's office sent the official Notice via email at

11:07 a.m. (D.I. 58 at 9), in a manner consistent with the procedures described in the local rules

(Ex. 17, NJ ECF User Manual, at 23).  In other words, contrary to the letter that J&J obtained via

*ex parte* communications with the deputy clerk, the Notice that J&J received at 11:07 a.m. is the

Notice which constitutes the official "**FILED**" stamp, as described in the local rules, and was not

the result of any error.  Accordingly, to establish the date and time when the filing was completed

for J&J's New Jersey complaint, the Court should rely on the official "**FILED**" stamp and should

disregard both Raffield declarations submitted by J&J, which appear to be both irrelevant and

inaccurate.

## V.    ABBOTT'S MOTIONS TO SUPPLEMENT SHOULD BE GRANTED

Abbott's motions to supplement are governed by Rule 15(d) of the Federal Rules of Civil

Procedure, which J&J entirely ignores in its answering brief.  Pursuant to Rule 15(d), leave to

supplement should be freely granted absent "undue delay, bad faith or dilatory motive on the part

---

[9]  Cordis now claims that it filed the complaint at 12:01 a.m.  As evidence, Cordis provides a
Notice of Electronic Filing with a filing date of May 14, 2007, the day before the Wright 7286
patent issued.  (The New Jersey court cannot provide a copy of this alleged Notice.)  Indicating
that Cordis believed something was amiss with its 12:01 filing, J&J contacted the clerk's office to
"correct" the record.  This mystery filing should be disregarded.  In any event, Abbott obtained an
official "FILED" stamped complaint in Delaware more than two hours before J&J in New Jersey.

[10]  Abbott asked J&J to provide a detailed log of its communications with the deputy clerks but
J&J refused.  (Ex. 34.)

of the movant or undue prejudice to the opposing party." *Medeva Pharma Ltd v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) (internal citations omitted). J&J has not provided any basis to deny Abbott's motions to supplement.

As discussed above, J&J's pending motion to dismiss does not prevent this Court from ruling on Abbott's motions to supplement. Moreover, even assuming, *arguendo*, that the Court lacks jurisdiction over Abbott's claims for the Original Patents, J&J has not, and cannot, argue that the Court lacks jurisdiction over Abbott's claims for the New Patents in the proposed Supplemental And Amended Complaint. For example, for the Wright 7286 patent, jurisdiction was perfected when Abbott moved to supplement at 12:01 a.m. on May 15, 2007. Thus, even if the Court were to grant J&J's motion to dismiss (which should be denied), the Court nevertheless should allow Abbott to pursue its claims against the New Patents in this district.

## VI.    J&J SHOULD BE ENJOINED FROM PURSUING DUPLICATIVE, LATER-FILED LITIGATION IN NEW JERSEY

As discussed above, Abbott filed the Original Complaint in this district <u>more than seven months</u> before J&J filed a complaint in New Jersey. Moreover, Abbott also was first to file on May 15 when the Wright 7286 patent issued.[11] More specifically, before J&J completed its first filing in New Jersey <u>at 11:07 a.m.</u>, Abbott had moved <u>at 12:01 a.m.</u> to supplement the Original Complaint in this action and in the alternative had filed a separate declaratory judgment complaint when the courthouse opened <u>at 8:30 a.m.</u> (C.A. No. 07-00259-SLR).

---

[11] Cordis claims that it should prevail "[i]n a case of a tie." (D.I. 58 at 10.) First, Cordis cites no law supporting its position. Second, it would be contrary to public policy to implement a rule that would result in Delaware litigants, who physically file at the first possible moment in Delaware, being subject to another court's jurisdiction solely because Delaware does not permit electronic filing of a complaint. Third, even if there were a tie in this case with respect to the New Patents, Abbott, which filed a lawsuit on the same subject matter months earlier, should prevail. Fifth, in the case of a true tie (with no pending related case), the first-to-file rule would not apply and the secondary considerations of which forum is the best forum for the dispute would be dispositive. *See, e.g., Symbol Techs. v. Data Gen. Corp.*, 40 U.S.P.Q.2d 1216, 1217-18 (S.D.N.Y. 1996); *RK Dixon Co. v. Dealer Marketing Servs., Inc.*, 284 F. Supp. 2d 1204, 1213-15 (S.D. Iowa 2003) (discussing "dead-heat exception" to the first-to-file rule). Here, Delaware is the better forum. The Delaware court has more experience with stent-related technology and with patent litigation involving the present parties.

Accordingly, under any set of circumstances, Abbott was first. Abbott therefore has a "presumptive right" to proceed in this Court, the forum Abbott selected and a forum that has substantial experience with the parties and with patent litigation relating to coronary stents. Moreover, Boston Scientific has filed two declaratory judgment actions in this district <u>relating to the same product and two of the same patents</u>. (C.A. Nos. 07-00333 & 07-00348-SLR.) Notably, Cordis ignores these matters in its answering papers. These cases in this district are yet another reason why the present litigation should remain here, regardless of the first-to-file rule.[12] For all these reasons, J&J should be enjoined from proceeding with duplicative litigation in New Jersey.

## VII.   CONCLUSION

Leave to supplement is freely granted and J&J has provided no basis to deny supplementation. Accordingly, Abbott respectfully requests that this Court grant its motions to supplement. The first-to-file rule favors the Delaware forum and Delaware is the best forum for this case. Therefore, Abbott respectfully requests that this Court grant its motion enjoin Cordis from prosecuting its complaints in New Jersey.

OF COUNSEL:
Edward A. Mas II
Leland G. Hansen
Sandra A. Frantzen
Christopher J. Buchko
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Date: June 22, 2007

_Anne Shea Gaza_
Frederick L. Cottrell III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
(302) 651-7700

_Attorneys For Plaintiffs Abbott
Laboratories and Abbott Cardiovascular
Systems, Inc._

---

[12] _See Cont'l Grain Co._, 364 U.S. at 26 (holding that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); _Cashedge, Inc._, 2006 U.S. Dist. LEXIS 50488, at *6-8; _DataTreasury_, 243 F. Supp. 2d at 594 (stating that "[p]iecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable."); _Brunswick_, 2000 U.S. Dist. LEXIS 22222, at *8.

20

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

I hereby certify that on June 22, 2007, I caused to be sent by electronic mail and Federal Express the foregoing document to the following non-registered participant:

> David T. Pritikin, Esquire
> William H. Baumgartner, Jr., Esquire
> Russell E. Cass, Esquire
> Laura L. Kolb, Esquire
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

Anne Shea Gaza (#4093)
gaza@rlf.com

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 06-613-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION TO ENJOIN DEFENDANT CORDIS FROM PROSECUTING
LATER-FILED PARALLEL LITIGATION IN NEW JERSEY**

At Wilmington this _____day of _____, 2007, having considered

Plaintiffs' Motion to Enjoin Defendant Cordis From Prosecuting Later-Filed Parallel

Litigation in New Jersey (D.I. 48) ("Motion to Enjoin"), and the Stipulated Order (D.I.

55),

IT IS HEREBY ORDERED that Plaintiffs' Motion to Enjoin is GRANTED.

Defendant Cordis Corporation is hereby enjoined from prosecuting civil actions relating

to XIENCE V and the Wright patent family (namely Civil Action Nos. 07-2265, 07-2477

and 07-2728) in the District of New Jersey.

_____
Chief Judge

# EXHIBIT 16

CM/ECF LIVE - U.S. District Court for the District of New Jersey                          Page 1 of 2

## Civil Initial Pleadings (Attorney/Credit Card) USE CASE 33-1
### 3:33-av-00001 PLAINTIFF v. DEFENDANT

**U.S. District Court**

**District of New Jersey [LIVE]**

**Notice of Electronic Filing**

The following transaction was entered by ROBINSON, DONALD on 5/15/2007 at 0:01 AM EDT and filed on 5/14/2007
**Case Name:**        PLAINTIFF v. DEFENDANT
**Case Number:**      3:33-av-1
**Filer:**
**Document Number:** 419

**Docket Text:**
COMPLAINT - Cordis Corporation vs. Abbott Laboratories ( Filing fee $ 350 receipt number 1479428.). (Attachments: # (1) Civil Cover Sheet # (2) Statement Pursuant to Rule 7.1# (3) Statement Pursuant to Local Civil Rule 201.1# (4) Summons) (ROBINSON, DONALD)


**3:33-av-1 Notice has been electronically mailed to:**

**3:33-av-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-0
] [a130206d8513a93671c7fe6e885226c490017fe51f73bd9da85cdd94adcf4a96b4e
efc7b210e51b1731c60e2d7ff7dc6428296b26b3a25a320151670c71296b1]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-1
] [91b187007184160dff1af055033f78d4f67527eb12ba8ff4c4e0e724990f5b3f5f4
38b81c054861e363c495ee8838014dad170d0217146699564aeb35efd4d97]]
**Document description:**Statement Pursuant to Rule 7.1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-2
] [99da1b76b1813a8b8ef36dcedd643a0b8b62dc8d482bcbc4006202b28d4180369a4
6871a51b659814afe9480d2c3c9be48bab32964d080c75355fc972bfd6e0e]]
**Document description:**Statement Pursuant to Local Civil Rule 201.1
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-3
] [646bef5b6758f9e16f154a080fb448dd77bab3a96194df96729402f5709d9c1182d
42f0279c5bc3ff1ebdbe60a0c39c3677a92b470782c697639ae5d92cf763a]]
**Document description:**Summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-4
] [3017717ba24ef7c15bcf4367a8bfcd560a9128e73b3461c420f94891f6d15ee88fa
6dab20101d2456f6d4bc31927288e72d03584cc9cda764de00376f27260a7]]

# EXHIBIT 17

# LOCAL CIVIL AND CRIMINAL RULES

### OF THE

## UNITED STATES DISTRICT COURT

### FOR THE

## DISTRICT OF NEW JERSEY



**With Revisions as of March 9, 2007**

(c) Except in an emergency, no papers shall be left with or mailed to a Judge for filing, but all pleadings shall be filed with the Clerk of the Court.

(d) When papers are filed, the Clerk shall endorse thereon the date and time of filing.

(e) Parties shall furnish to the Clerk forthwith, upon demand, all necessary copies of any pleading, judgment or order, or other matter of record in a cause, so as to permit the Clerk to comply with the provisions of any statute or rule. Plaintiff or plaintiff's attorney upon filing a complaint, and defendant or defendant's attorney upon filing a notice of removal pursuant to 28 U.S.C. §1446, shall furnish to the Clerk a completed civil cover sheet and four (4) copies of such pleading in addition to any copies required to be filed under the Federal Rules of Civil Procedure. All such copies of the notice of removal shall also include a copy of all papers required to be filed under 28 U.S.C. §1446(a). Upon receipt, the Clerk shall transmit one copy to the Judges to whom the case is assigned.

(f) Any papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received" and the date and time of receipt shall be noted thereon.

Amended: March 14, 2001

**Source:** L.Civ.R. 5.1(a) - G.R. 9.A.; L.Civ.R. 5.1(b) - G.R. 9.B.; L.Civ.R. 5.1(c) - G.R. 8.D.; L.Civ.R. 5.1(d) - G.R. 8.C.; L.Civ.R. 5.1(e) - G.R. 8.E., G.R. 10.A.

### Civ. RULE 5.2 ELECTRONIC SERVICE AND FILING DOCUMENTS

Papers served and filed by electronic means in accordance with procedures promulgated by the Court are, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil and criminal rules of the District of New Jersey

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### ELECTRONIC CASE FILING POLICIES AND PROCEDURES
**1. Definitions.**

(a) "Electronic Filing System" refers to the court's automated system that receives and stores documents filed in electronic form. The program is part of the CM/ECF (Case Management/Electronic Case Filing) software which was developed for the Federal Judiciary by the Administrative Office of theUnited States Courts.

(b) "Filing User" is an attorney who has a court-issued login and password to filedocuments electronically.

(c) "Notice of Electronic Filing" is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system, setting forth the time of filing, the name of the party and attorney filing the document, the type of document, the text of the docket entry,

the name of the party and/or attorney receiving the notice, and an electronic link (hyperlink) to the filed document, which allows recipients to retrieve the document automatically.

(d) "PACER" (Public Access to Court Electronic Records) is an automated system that allows an individual to view, print, and download court docket information over the internet.

(e) "PDF" refers to Portable Document Format. A document created with a word processor, or a paper document which has been scanned, must be converted to portable document format to be filed electronically with the court. Converted files contain the extension ".pdf."

(f) "Proposed Order" is a draft document submitted by an attorney for a judge's signature. A proposed order shall accompany a motion or other request for relief as an electronic attachment to the document.

(g) "Document" shall include pleadings, motions, briefs, memoranda, exhibits, certifications, declarations, affidavits, papers, orders, notices, and any other filing by or to the court.

(h) "Technical Failure" is defined as a malfunction of court owned/leased hardware, software, and/or telecommunications facility which results in the inability of a Filing User to submit a filing electronically. Technical failure does not include malfunctioning of a Filing User's equipment.

(i) "Paper Filing" is submitting a document in hard copy on paper.

(j) "Pay.gov" is an electronic credit card payment system established by theUnited States Department of Treasury.

## 2. Actions Subject to Electronic Case Filing.

All civil, criminal, miscellaneous cases and documents filed in this court on or after January 5, 2004, will be entered into the court's Electronic Case Filing ("ECF") System in accordance with these Policies and Procedures ("Procedures"). Except as expressly provided in these Procedures and in exceptional circumstances, all documents shall be filed electronically.

## 3. Initial Papers.

Complaints and Notices of Removal are to be filed electronically. Cases subject to sealing or restricted access (e.g., qui tam or social security) should be filed as a paper filing. All documents submitted as a paper filing must be accompanied by a disk or CD ROM containing the signed document in PDF format. In a case removed to the federal court, parties are requested to provide electronic copies of all documents previously filed in the state court. In criminal cases, the indictment, information, or complaint, including any superseders, warrant for arrest or summons, will be accomplished as a paper filing.

## 4. Service of Process

**6. Consequences of Electronic Filing.**

Electronic transmission of documents to the Electronic Filing System in accordance with these Policies and Procedures, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this court, and constitutes entry of the document on the docket kept by the Clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55.

Before filing a scanned document with the court, a Filing User must verify its legibility.

When a document has been filed electronically, the official record of that document is the electronic recording as stored by the court. A document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing from the court.

Filing a document electronically does not alter the filing deadline for that document. Electronic filing must be completed before midnight Eastern time in order to be considered timely filed that day. In accordance with Rule 6(e) of the Federal Rules of Civil Procedure and Rule 45(c) of the Federal Rules of Criminal Procedure, service by electronic means is treated the same as service by mail for the purposes of adding three (3) days to the prescribed period to respond.

**7. Entry of Court Orders and Related Papers.**

All orders, decrees, judgments, and proceedings of the court entered or issued by the court will be filed in accordance with these Policies and Procedures, and such filing shall constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 55.

All orders will be filed electronically by the court or court personnel. An order filed electronically signed with an s/ shall have the same force and effect as if the judge had affixed a handwritten signature.

The assigned judge or the clerk's office, if appropriate, may grant routine orders by a text-only docket entry for which a Notice of Electronic Filing will be generated. In such cases, no PDF document will be issued, and the text-only entry shall constitute the court's only order on the matter.

A Filing User submitting a proposed order to a motion should submit the document as an electronic attachment to the motion. Any other type of proposed order should be submitted in accordance with the procedure for a "Proposed Order" as outlined in the court's ECF User Manual.

**8. Notice of Court Orders and Judgments.**

Immediately upon the entry of an order or judgment in an action, the clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the

**UNITED STATES DISTRICT COURT**



**DISTRICT OF NEW JERSEY**
**CLERK'S OFFICE**

# ECF USER MANUAL

**10/30/06**

## Introduction

This manual provides procedures and instructions for using the Electronic Case Files (ECF) system to file documents with the court or to view and retrieve docket sheets and documents for civil, criminal and miscellaneous cases in the system. A Filing User should have a working knowledge of an ECF-compatible web browser and Adobe Acrobat or equivalent software for creating and reading Portable Document files (PDF).

The following definitions are used throughout this User Manual:

A.  "Electronic Filing System" refers to the court's automated system that receives and stores documents filed in electronic form. The program is part of the CM/ECF (Case Management/Electronic Case Files) software which was developed for the Federal Judiciary by the Administrative Office of the United States Courts.

B.  "Filing User" is an attorney who has a court-issued login and password to file documents electronically.

C.  "Notice of Electronic Filing" is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system, setting forth the time of filing, the name of the party and attorney filing the document, the type of document, the text of the docket entry, the name of the party and/or attorney receiving the notice, and an electronic link (hyperlink) to the filed document which allows recipients to retrieve the document automatically.

D.  "Pacer" (Public Access to Court Electronic Records) is an automated system that allows an individual to view, print and download court docket information over the internet.

E.  "PDF" refers to Portable Document Format. A document file created with a word processor, or a paper document which has been scanned, must be converted to portable document format to be filed electronically with the court. Converted files contain the extension".pdf".

F.  "Proposed Order" is a draft document submitted by an attorney for a judge's signature. A proposed order shall accompany a motion or other request for relief as an electronic attachment to the document.

G.  "Document" shall include pleadings, motions, briefs, memoranda, exhibits, certifications, declarations, affidavits, papers, orders, notices, and any other filing by or to the court.

H.  "Technical Failure" is defined as a malfunction of court owned/leased hardware, software, and/or telecommunications facility which results in the inability of a Filing User to submit a filing electronically. Technical failure does not include the malfunctioning of a Filing User's equipment.

I.  "Paper Filing" is submitting a document in hard copy on paper.

1

**Clerk as a paper filing.**

**PACER Registration**

It is recommended that ECF Filing Users have a PACER (Public Access to Electronic Records) account. PACER is a fee-for-use service offered by the Administrative Office of the United States Courts. If you do not have a PACER login, contact the PACER Service Center to establish an account. You may call the PACER Service Center at (800) 676-6856 or (210) 301-6440 for information or to register for an account. Also, you may register for PACER online at http://pacer.psc.uscourts.gov.

**ECF Training**

Before becoming a Registered User, individuals must certify they have completed some form of ECF Training. The District of New Jersey offers the following ECF training:

(1)   Training classes are held at the courthouses in Camden, Trenton and Newark. The training is conducted by the Clerk's Office and you may obtain the training schedule by visiting the court's web site at www.njd.uscourts.gov. or by calling the Clerk's Office and requesting a copy;

(2)   ECF Tutorial - Computer-based training available online at the court's web site at www.njd.uscourts.gov.

(3)   On-site training may be conducted at an eligible law firm and can be arranged through the Clerk's Office. To register for class training or arrange on-site training, please contact the Court's Training Specialist at (609) 989-2162.

(4)   We strongly recommend that Filing Users practice in the "training" ECF database before filing documents in the "live" ECF data base. Instructions for access to the training data base, and training user names and logins are posted on the court's website.

## Consequences of Electronic Filing

Electronic transmission of a document to the Electronic Filing System in accordance with the Electronic Case Filing Policies and Procedures, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules of this court, and constitutes entry of the document on the docket kept by the clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

Before filing a scanned document with the court, a Filing User must verify its legibility.

When a document has been filed electronically, the official record of that document is the electronic recording as stored by the court. A document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing from the court.

Filing a document electronically does not alter the filing deadline for that document. Electronic

filing must be completed before midnight Eastern time in order to be considered timely filed that day. In accordance with Rule 6(e) of the Federal Rules of Civil Procedure and Rule 45(c) of the Federal Rules of Criminal Procedure, service by electronic means is treated the same as service by mail for the purposes of adding three (3) days to the prescribed period to respond.

## Entry of Court Orders and Related Papers

All orders, decrees, judgments, and proceedings of the court entered or issued by the court will be filed in accordance with the Electronic Filing Policies and Procedures, and such filing shall constitute entry on the docket kept by the clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 55.

All orders will be filed electronically by the court or court personnel. An order filed electronically, signed with an s/, shall have the same force and effect as if the judge had affixed a wet signature.

The assigned judge or the Clerk's Office, if appropriate, may grant routine orders by a text-only docket entry for which a Notice of Electronic Filing will be generated. In such cases, no PDF document will be issued, and the text-only entry shall constitute the Court's only order on the matter.

A Filing User submitting a proposed order to a motion should submit the document as an electronic attachment to the motion. Any other type of proposed order or proposed document must be submitted directly to chambers. Filing Users should contact chambers to determine how the proposed document should be submitted (i.e., via email or as a paper filing).

## Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in an action, the clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Civ.P. 77(d) and Fed.R.Crim.P. 49(c).

## Signatures

### Attorney Signatures

The user login and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the court. They serve as the signature for purposes of Fed.R.Civ.P.11, all other Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court.

 An electronically filed document, or a document submitted on disk or CD-ROM, and in compliance with Local Civil Rules 10.1 and 11.1, must include a signature line with "s/", as

8

Use the **[Back]** button on the browser toolbar to retrieve the previous screen to correct data entry errors. Only the Clerk's Office can make changes or corrections to documents that have already been transmitted to the court. You may use the **[Back]** button of your browser to correct data entry until you see the following warning message:

**Attention!! Pressing the NEXT button on this screen commits this transaction. You will have no further opportunity to modify this transaction if you continue.**

Once you click on the **[Next]** button after seeing this message you will have no further opportunity to go back and correct any mistakes. Once a document is filed electronically corrections to the docket can only be made by the Clerk's Office. The Clerk's Office will not make corrections or delete a Filing User's submission except to make a notation on the docket "Clerk's Office Quality Control Message. You will be advised if you need to re-file the document or petition the court for other appropriate relief.

## Filing an Initial Pleading/Documents

Complaints, Notices of Removal and Petitions for Writ of Habeas Corpus are to be filed electronically. Cases subject to sealing or restricted access (e.g. qui tam or social security) should be filed as a paper filing. In a case removed to the federal court, parties are requested to provide electronic copies of all documents previously filed in the state court.

The procedures for electronically filing initial papers in civil cases is as follows:

    A.    <u>Before getting started, you will need the following</u>:

    1.    Complaint, Notice of Removal or Petition for Writ of Habeas Corpus in PDF format.

    2.    Completed civil cover sheet (Form JS-44) which form is available in PDF format on the Court's website under Forms.

    3.    Completed summons in PDF format.

    4.    <u>Valid</u> credit card.

    5.    **NOTE**: The Court strongly encourages the filing of Complaints, and Notices of Removal during business hours.

    B.    <u>Procedures for filing a Civil Complaint or Notice of Removal electronically</u>:

    1.    Select **Civil** from the blue menu bar at the top of your screen.

    2.    Select **Initial Pleadings (Attorney/Credit Card)**.    See Figure 5

Figure 5



3.    Select the type of pleading (e.g. Complaint, Notice of Removal or Petition for Writ of Habeas Corpus).

4.    Insert the fictitious case number assigned (**33-1**). The **33-1** case number is a fictitious case that will allow the clerk's office to receive the Complaint or Notice of Removal electronically. Enter the case number exactly as shown. **33-1**.

5.    Select the appropriate case based on the vicinage where the case should be assigned (e.g. 1: - Camden; 2: - Newark; 3: - Trenton). The Clerk will review each new case and may allocate to a vicinage other than the one selected. See Figure 6.

Figure 6



18

6.    At the Validation of case number screen press the **[Next]** button.

7.    Attach the pleading to be filed: **NOTE:** It is imperative that you attach an electronic copy of the actual document when prompted by the system. All documents that you intend to file in ECF **MUST** be in **PDF** format. Otherwise, ECF will not accept the document for filing.

    a.    Click on the **[Browse]** button. It may be necessary to change the File of type from HTML Files to **Acrobat (*.pdf)** or **All files (*.*)**.

    b.    Navigate to the appropriate directory on your local or network drive to select the PDF document you wish to file. Highlight the file to upload it to ECF. **NOTE:** To verify you have selected the correct document, right mouse click on the highlighted file name to open a **quick menu** and left mouse click on **[Open]**. Adobe Acrobat or Acrobat Reader will launch and open the PDF document that you have selected. You should view the document to verify that it is the correct document. Once you have verified the document is correct, close Adobe Acrobat.

    c.    Click on the **[Open]** button on the screen. ECF closes the File Upload screen and inserts the PDF file name into the Filename box. **NOTE:** Ensure the highlighted file name appears in the **File name** field on the screen.

    d.    Change the radio button for **Attachments to document** from No to Yes. Click **[Next]**.

8.    Attach additional documents, including summonses and civil cover sheet, to the main pleading as follows:

    a.    Click on **[Browse]** to search for the document file name of the attachment. Navigate to the correct directory on your system to select the PDF document you wish to file. Highlight the file you wish to attach. Double-click on the selected document or click the Open button. **NOTE:** Ensure the highlighted file name appears in the **File name field** on the screen.

    b.    Under **Category**, click on the down arrow to select the type of attachment from the drop-down screen. Highlight the type of attachment from the displayed selection. If you wish to describe the attachment in greater detail, click on the **Description** box and type a clear and concise description of the attachment.

    c.    Click on **[Add to List]**.

    d.    Repeat the sequence for each additional attachment.

    e.    After adding all the desired PDF documents as attachments, click on **[Next]**.

9.    Enter case title in the format of Plaintiff v. Defendant (e.g. John Smith v. Mary

Jones).  If filing a notice of removal, insert the other case number and court name
(e.g. NJSuper.Ct. CAM-L-9999-02).

10.     Indicate "Y" for yes if you are filing an Application to Proceed In Forma Pauperis
(without Prepayment of Fees) or if you are a Criminal Justice Act (CJA) Attorney,
Federal Public Defender or United States Attorney.  If yes, proceed to Step #19.

11.     Enter name, address, credit card and payment details as required on the Credit Card
Payment Screen as depicted in Figure 7.

Figure 7



20

12.    Click the **[Continue with Plastic Card Payment]** button.

13.    Review the Payment Summary and Edit if necessary.  See Figure 8.

Figure 8



14.    Enter your email address in the **Confirmation Receipt Request** as shown in
       Figure 9.

Figure 9

**Email Confirmation Receipt**
To have a confirmation sent to you upon completion of this transaction, provide an email address and confirmation below.

Email Address: joesmith@attorneysjonesandsmith

Confirm Email Address: joesmith@attorneysjonesandsmith

CC:    *Separate multiple email addresses with a comma*

15. Click **[I Authorize a charge to my card account for the above amount in accordance with my card issuer agreement]** to confirm and authorize the payment details.  See Figure 10.

16. Click **[Submit Payment]** button.  See Figure 10.

Figure 10

Authorization and Disclosure

Required fields are indicated with a red asterisk *

I authorize a charge to my card account for the above amount in accordance with my card issuer agreement.  ☑ *

Press the "Submit Payment" Button only once. Pressing the button more than once could result in multiple transactions.

| Submit Payment | Cancel |

17. An email receipt will be sent to the e-mail address provided in Step #14.

18. **If the credit card is not accepted by Pay.gov, a message will appear on the screen and the docket event will not continue.  The filing will not be accepted by the system.  The attorney will be instructed to contact his or her card issuer.**

19. Modify the Docket Text if necessary and press the **[Next]** button.

20. Proofread the Final Docket Text screen and press the **[Next]** button as shown below in Figure 11.  **NOTE: IF YOU DO NOT PRESS <u>NEXT</u> TO COMPLETE THE DOCKET TEXT SCREEN, THE FEE WILL HAVE BEEN PAID, BUT THE COMPLAINT OR NOTICE OF REMOVAL WILL NOT BE FILED.**

22

Figure 11



21. A Notice of Electronic Filing will appear on the screen and will not be e-mailed to the filer. Please print a copy of this Notice of Electronic Filing for your records.

22. Upon receipt of the filed Complaint, Notice of Removal or Petition for Writ of Habeas Corpus, the Court will review and process the document and assign a judge and a case number. A Notice of Electronic Filing will be sent to the filer and this notice will be the "**FILED**" stamp. Please print a copy of the Notice of Electronic filing for your records.

23. When serving the Complaint, it is recommended that you include a copy of the Notice of Electronic Filing along with the summons.

24. If submitted, the summons will be signed, sealed and returned via U.S. Mail.

## Filing a Civil Complaint as a Paper Filing

To file a civil complaint as a paper filing, you should submit to the Clerk's Office:

- One (1) paper copy of the Complaint or other initiating document along with any attachments and/or motions or other documents being filed at the same time.

- One (1) paper copy of the Civil Cover Sheet (a PDF version of the Civil Cover Sheet is not required).

- A 3 ½ inch disk or CD Rom containing a PDF version of the complaint or other initiating document(s) and any attachments, and/or motions or other documents being filed at the same time.

- Payment of the filing fee in the amount of $350.00.

The Clerk's Office will open the case in ECF, and electronically file and docket the complaint or other initiating document and any other documents submitted. You will be electronically notified of the filing of the complaint. The Clerk's Office will issue submitted summons. The paper summons will be returned to you for service. The official court document will be the PDF version

23

# EXHIBIT 18

**From:** rcass@Sidley.com [mailto:rcass@Sidley.com]
**Sent:** Monday, May 21, 2007 3:54 PM
**To:** Leland Hansen
**Cc:** pveith@Sidley.com
**Subject:** Notice of Electronic Filing

Leland:

As you requested, attached is a copy of the notice of electronic filing for Cordis' New Jersey complaint.

Russ

<<NEF.pdf>>

```
Sidley Austin LLP mail server made the following annotations on
05/21/07, 15:52:13:
------------------------------------------------------------------
-----------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury
regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice
contained in this
communication, including attachments, was not intended or written to be
used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that
may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax
advice is used or referred
to by other parties in promoting, marketing or recommending any
partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed
as written in connection
with the promotion or marketing by others of the transaction(s) or
matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the
taxpayer's particular
circumstances from an independent tax advisor.

**********************************************************************
****************************
This e-mail is sent by a law firm and may contain information that is
privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any
attachments and notify us
immediately.

**********************************************************************
****************************
```

CM/ECF LIVE - U.S. District Court for the District of New Jersey                    Page 1 of 2

## Civil Initial Pleadings (Attorney/Credit Card) USE CASE 33-1
### 3:33-av-00001 PLAINTIFF v. DEFENDANT

U.S. District Court

District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered by ROBINSON, DONALD on 5/15/2007 at 0:01 AM EDT and filed on 5/14/2007

| | |
|---|---|
| **Case Name:** | PLAINTIFF v. DEFENDANT |
| **Case Number:** | 3:33-av-1 |
| **Filer:** | |
| **Document Number:** | 419 |

**Docket Text:**
COMPLAINT - Cordis Corporation vs. Abbott Laboratories ( Filing fee $ 350 receipt number 1479428.). (Attachments: # (1) Civil Cover Sheet # (2) Statement Pursuant to Rule 7.1# (3) Statement Pursuant to Local Civil Rule 201.1# (4) Summons) (ROBINSON, DONALD)

**3:33-av-1 Notice has been electronically mailed to:**

**3:33-av-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-0
] [a130206d8513a93671c7fe6e885226c490017fe51f73bd9da85cdd94adcf4a96b4e
efc7b210e51b1731c60e2d7ff7dc6428296b26b3a25a320151670c71296b1]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-1
] [91b187007184160dff1af055033f78d4f67527eb12ba8ff4c4e0e724990f5b3f5f4
38b81c054861e363c495ee8838014dad170d0217146699564aeb35efd4d97]]
**Document description:**Statement Pursuant to Rule 7.1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-2
] [99da1b76b1813a8b8ef36dcedd643a0b8b62dc8d482bcbc4006202b28d4180369a4
6871a51b659814afe9480d2c3c9be48bab32964d080c75355fc972bfd6e0e]]
**Document description:**Statement Pursuant to Local Civil Rule 201.1
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-3
] [646bef5b6758f9e16f154a080fb448dd77bab3a96194df96729402f5709d9c1182d
42f0279c5bc3ff1ebdbe60a0c39c3677a92b470782c697639ae5d92cf763a]]
**Document description:**Summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/15/2007] [FileNumber=1980030-4
] [3017717ba24ef7c15bcf4367a8bfcd560a9128e73b3461c420f94891f6d15ee88fa
6dab20101d2456f6d4bc31927288e72d03584cc9cda764de00376f27260a7]]

# EXHIBIT 19

**From:** rcass@Sidley.com [mailto:rcass@Sidley.com]
**Sent:** Friday, May 25, 2007 12:01 PM
**To:** Leland Hansen
**Cc:** pveith@Sidley.com
**Subject:** Letter

Leland:

Attached is a copy of a letter we received from the Court in New Jersey.

Russ

<<Ltr from ST.pdf>>

```
Sidley Austin LLP mail server made the following annotations on
05/25/07, 12:00:29:
----------------------------------------------------------------------
------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury
regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice
contained in this
communication, including attachments, was not intended or written to be
used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that
may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax
advice is used or referred
to by other parties in promoting, marketing or recommending any
partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed
as written in connection
with the promotion or marketing by others of the transaction(s) or
matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the
taxpayer's particular
circumstances from an independent tax advisor.

***********************************************************************
***************************
This e-mail is sent by a law firm and may contain information that is
privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any
attachments and notify us
immediately.

***********************************************************************
***************************
```



# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-3730

William T. Walsh
Clerk

## FACSIMILE COVER SHEET

TO: Donald A Robinson    DATE: 5/24/07

FAX NO: 973·466·2760    PAGES: 2, including this cover sheet.

FROM:    Susan Travis

SUBJECT:

COMMENTS: _Original to follow via regular mail_



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-3730

William T. Walsh
Clerk

May 24, 2007

Donald A. Robinson, Esq.
Robinson & Livelli
Two Penn Plaza East
Newark, NJ 07105

Re:    Cordis Corporation v. Abbott Laboratories
       07-2265 (JAP)

Dear Mr. Robinson:

At your request, I have reviewed the filing records of the above-entitled case to determine exactly when your office filed the Complaint. Our records reflect that the Complaint was filed at 12:01 A.M. on May 15, 2007. A further docket entry was made at 11:07 A.M. on May 15, 2007. The purpose of that later entry was simply to correct an erroneous reference to May 14, 2007 that appeared on the earlier docket entry.

Sincerely,

WILLIAM T. WALSH
Clerk

by:
SUSAN A. TRAVIS
Deputy Clerk

WTW/sat

# EXHIBIT 20

## Sandra Frantzen

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, May 28, 2007 11:04 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00613-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File |
| **Attachments:** | ENVELOPE.TXT |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Cottrell, Frederick on 5/29/2007 at 0:00 AM EDT and filed on 5/28/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:06-cv-613 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems, Inc. |

**Document Number:** 50

**Docket Text:**
Supplemental MOTION for Leave to File *(PLAINTIFFS' SUPPLEMENTAL MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS)* - filed by Abbott Laboratories, Abbott Cardiovascular Systems, Inc.. (Attachments: # (1) Exhibit A-B# (2) Exhibit 1 - Part 1# (3) Certificate of Compliance 1 - Part 2# (4) Exhibit 1 - Part 4# (5) Exhibit 1 - Part 4# (6) Exhibit 1 - Part 5# (7) Exhibit 2# (8) Exhibit 3-4)(Cottrell, Frederick)

**1:06-cv-613 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Christopher J. Buchko    cbuchko@mhmlaw.com

Russell E. Cass    rcass@sidley.com

Frederick L. Cottrell , III    cottrell@rlf.com, garvey@rlf.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Sandra A. Frantzen    sfrantzen@mhmlaw.com

Anne Shea Gaza    garvey@rlf.com, gaza@rlf.com

Leland G. Hansen    lhansen@mhmlaw.com

Lauren E. Maguire    lmaguire@ashby-geddes.com

Edward A. Mas , II    emas@mhmlaw.com

**1:06-cv-613 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-0]
[6216fece27c686f2974083c9449613a11a844c9ad27981fdff249be9441fd521de81
02ebc92e1ca358ea3fbaf791fdd92fb39c669cc9315382799ade2cfe9740]]
**Document description:**Exhibit A-B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-1]
[c29e8e67b15b191f2f880a9b93be70926044db006ec0e8bd37ba753567669a48139d
6b73f3ea531a056b961d930b137ec4e3086f8f665e66502179900ec2d3ca]]
**Document description:**Exhibit 1 - Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-2]
[891632bb19b9b53707ff5242b0cfd5bf1e07e437057499a1af162e478497c93d2750
cac40de9fc455f628ac9be301d3a09658440eb49facf5ad288ebd901c37a]]
**Document description:**Certificate of Compliance 1 - Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-3]
[551e6602230374a9d471cc67b19bf9f32a630da65ab3665ae0c4303019859acd8d94
55e890d53e8973c7b5d413743fd29d8330cbf951791926582b1f6c7e209c]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-4]
[48f7877889880825ba4e2d955e2f788609eacc210a9f18bab83c6969400728f49e81
cf2f70c48c81f0ae4876e63b373c66663842b91e53716f04485192ff7f02]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-5]
[0868246a800e83102c9a26f64b696601a0f89aad038b6080ef4ce8cac55c459f48d8
3b6f4f9bdc1549fcd56d666f4110fa071c5c4bd137dd1c0120d6b0b711ad]]
**Document description:**Exhibit 1 - Part 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-6]
[1689c919e9fc4a9efec6c31f712a1bdbe4df6cf0bfc09046d0dd031c3ff128b63d77
52b7d91ab24e66e88949ebf8753aeda7e2b2e761187e1dde38cfb3efa66e]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-7]
[da0e8d5508e133e15c60ccdda5f28729c1f1440fbf172646dfc206e821cb1b38da23
f95c5eb7b51f69cc26cffb822f9688ffc7a98f1b8cd12fc88f97f04c8446]]
**Document description:**Exhibit 3-4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394029-8]
[b44bd4ebff957e2b7d5c39abaeeff6371085b451c5ab19fcad9312578a06a7f9bf34
a3feaf030e10b65c27d40487b7c94d7835fd723232598e42678c7d824cb0]]

6/15/2007

# EXHIBIT 21

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, May 29, 2007 12:03 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00259-SLR Abbott Laboratories et al v. Johnson and Johnson
Inc. et al Motion for Leave to File

**This is an automatic e-mail message generated by the CM/ECF system. Please DO
NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents
once without charge. To avoid later charges, download a copy of each document
during this first viewing.**

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Gaza, Anne on 5/29/2007 at 0:00 AM EDT and
filed on 5/28/2007
**Case Name:**       Abbott Laboratories et al v. Johnson and Johnson Inc. et al
**Case Number:**    1:07-cv-259
**Filer:**              Abbott Laboratories
                    Abbott Cardiovascular Systems Inc.
**Document Number:** 9

**Docket Text:**
MOTION for Leave to File *{Plaintiffs' Motion for Leave to File a Supplemental
Complaint}* - filed by Abbott Laboratories, Abbott Cardiovascular Systems Inc..
(Attachments: # (1) Text of Proposed Order # (2) Exhibit 1, Part 1# (3) Exhibit 1, Part 2#
(4) Exhibit 1, Part 3# (5) Exhibit 2# (6) Exhibit 3# (7) Exhibit 4)(Gaza, Anne)


**1:07-cv-259 Notice has been electronically mailed to:**

Anne Shea Gaza    gaza@rlf.com, garvey@rlf.com

**1:07-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-0]
[4f6b23025181830e3f957f323b8705c36ec32c27fa79fc892f4a76764e17fec74eaa

5b723190955bed333e27e432caaf318bbbeef4474db49470bbf03ba6a2a0]]

**Document description:**Text of Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-1]
[e2296d93d8125318841e4bf2b0e69ab5342ba375bf693ebdbc3b91116604ae7db0b0
36ff2cca2d283f7fae9f4a4cd3912cd345c94ca08f1a3524d26cc420a129]]
**Document description:**Exhibit 1, Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-2]
[53ef1ed7d25d65b9f82265e09d9ebb1e8453169e09a2b7a91761a3fe4be97d0535b6
460086deb56dbe1006d52934780f8991d1c9c5f47f0c87db5c9002256861]]
**Document description:**Exhibit 1, Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-3]
[9a8c01574a24dde6bfa2323d6ff180589a5bd9981b1e608e30983f0426b448680543
56c9806babb565580615a281d008b2d1d69ec6d2b70fb3c3f6c68b4455a0]]
**Document description:**Exhibit 1, Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-4]
[270f71bf08691817db31a2c30d206e66bb4ec2051910f0ae21178f61722c5e41eb0c
ac572d315e3148fc1c76b6e7d1b436e6c968115f9a7480b378cdc736b133]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-5]
[483822c803677c4e33e6964bab8b76e489b11ca1546aae4606d1b358a5548c74a21a
943e41f72cb6ae44008ffccde016aab4d6809234db94af60c1faad76bdcd]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-6]
[d8a03c576d9418b872fae8db928d0ed9d598e0c27dc2bd0025ff571d9740d63712a4
845221293e0fc708dfeabe79f2f8ca27797dc58f01a21294ba18a727003c]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394030-7]
[9698ea7fcea29adb6b8fb12385c9a4b1b53d01f5645f8edf176bb47498919d904d7e
ddefc3d3d80673096aa12761a852f45de38cca5fa13d757f2e3556debb6c]]

# EXHIBIT 22

## Sandra Frantzen

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, May 28, 2007 11:25 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00613-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File |

**Attachments:** ENVELOPE.TXT

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Cottrell, Frederick on 5/29/2007 at 0:20 AM EDT and filed on 5/29/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:06-cv-613 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems, Inc. |

**Document Number:** 51

**Docket Text:**
Supplemental MOTION for Leave to File *(PLAINTIFFS' SUPPLEMENTAL MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS)* - filed by Abbott Laboratories, Abbott Cardiovascular Systems, Inc.. (Attachments: # (1) Exhibit A-B# (2) Exhibit 1 - Part 1# (3) Exhibit 1 - Part 2# (4) Exhibit 1 - Part 3# (5) Exhibit 1 - Part 4# (6) Exhibit 1 - Part 5# (7) Exhibit 2# (8) Exhibit 3-4)(Cottrell, Frederick)

**1:06-cv-613 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Christopher J. Buchko    cbuchko@mhmlaw.com

Russell E. Cass    rcass@sidley.com

Frederick L. Cottrell , III    cottrell@rlf.com, garvey@rlf.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Sandra A. Frantzen    sfrantzen@mhmlaw.com

Anne Shea Gaza    garvey@rlf.com, gaza@rlf.com

Leland G. Hansen    lhansen@mhmlaw.com

Lauren E. Maguire    lmaguire@ashby-geddes.com

Edward A. Mas , II    emas@mhmlaw.com

**1:06-cv-613 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-0]
[3db966af5e942d9d903a84958dc97d93e7542c1b7d9a6c8b42fa701d2d9aa8bc3fb9
d69998594c95b8b9f5dc9a362333fd86c902401742449b4ef0617f2a08e2]]
**Document description:**Exhibit A-B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-1]
[7b648e94abdf11d8a8c046ba830671ef3f37bafb9705f6ee0d7f41a267c5746a8ba1
acf43942d37527414dee5688c2b15ef4e8676cce11f5d5d2c4eb3f5c475f]]
**Document description:**Exhibit 1 - Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-2]
[b4d769d0357fb0998fb6bab27180dbb849f689eae62982da241821b94bb318e26b69
03a352269681d71c24a26d59bea89e7906d9f2a21f5e7ae46f70f7956b6f]]
**Document description:**Exhibit 1 - Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-3]
[404eb398b4e09bca97424e9da13ccb99051590b948892a02bb73fe45239d0ab94c8f
ce540fe17d996e71662781ab94e54e48329dccdc528706547beb2510e9ee]]
**Document description:**Exhibit 1 - Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-4]
[ac128aed88e80c4e6acddaa55271bc45dc6a4eec7f7c30105ff2bf50d2fd2b128896
b95a271fa0f1672a00bcd45ed145484222eb6a5af202bebb9edecdc3230c]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-5]
[a7cd162f5f301c1b8f91777646eba0463ede14d0ade0796c611c4f761ab324a6dfcf
3fb47d87890b6b1b171f3f806f30f2b85e7934e86ba789dc1ae4d51e4da6]]
**Document description:**Exhibit 1 - Part 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-6]
[54567fcacf606aed0b14b7caef14077ac44bda7ff9a8b5af3f4a50c2b4cd69b6d443
05556097fe055edc47cd409fd3eb1a70ca2422cbcb2c3f06ee1906bed9ae]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-7]
[4af98b3b5ed80e89d027a9b3ae1a87a91fdf8181d8829a9ff820eb9668e8d4697c83
f15189456beb21ae45fb382cb033be5d3b6f4e92f8370d1d05ee65bee59d]]
**Document description:**Exhibit 3-4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394036-8]
[69177f5b6f42d89828bbbda0329dedfd8203efa8e1d0d53d0e153dec9865c07e2f64
e3bb1cf353215febe2061e9dc15572d4d13f081dfc96d0ee469ed52a8c78]]

# EXHIBIT 23

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, May 29, 2007 12:23 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00259-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered by Gaza, Anne on 5/29/2007 at 0:20 AM EDT and filed on 5/29/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:07-cv-259 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems Inc. |

**Document Number:** 10

**Docket Text:**
MOTION for Leave to File *{Plaintiffs' Motion for Leave to File a Supplemental Complaint}* - filed by Abbott Laboratories, Abbott Cardiovascular Systems Inc.. (Attachments: # (1) Text of Proposed Order Ex. A# (2) Exhibit 1, Part 1# (3) Exhibit 1, Part 2# (4) Exhibit 1, Part 3# (5) Exhibit 2# (6) Exhibit 3# (7) Exhibit 4)(Gaza, Anne)

**1:07-cv-259 Notice has been electronically mailed to:**

Anne Shea Gaza    gaza@rlf.com, garvey@rlf.com

**1:07-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-0]
[5718ee05c11d9c384a0a6dab1c2a57d7aa0c5b010a57d6b3be4fc7993ac87784590e
7dea045dc746201617f50b642327f2149c7dd45ff485cab620b80a3312df]]
**Document description:**Text of Proposed Order Ex. A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-1]
[71549717767217b2ed4c2509e722154ed24145df3e73b20344e7fd81a49af8ef68cf
90d3046f04e34e3672a57ce7b4207a3ccaa53a9c62c3274403d32929c8f5]]
**Document description:**Exhibit 1, Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-2]
[575d2c8de1bf1dde542569f5360035b38eceb27dbabaa1f2674e3463b45b0cb95f4f
b0601c4145dfc008bfe16ba9d277fb21ead324a5e5d3a15966649f6e18e2]]
**Document description:**Exhibit 1, Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-3]
[64d5cf5f9bbe284ccf846de421a6511bddde751f0b7b9c094ad512c372c69c940fe8
cb3f2441ad1d9b3630089fedb9339ff08fbf2d682ef30d6c9cbeee66bfb2]]
**Document description:**Exhibit 1, Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-4]
[e2dca631257d656377ede06da04d63d9302097b58ffa99cd4b49418e49554d11e5b4
2b1f8a6f8a7e2b6d0deb99f6b317ec93bbc4baa7908dbeeadc7e74c402e3]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-5]
[092ffdb9c5509cccaf4c2eb01620f357ed325e0e787cc5bc43354616cbab120956b6
3b5b7bbe2bb1f6e8159dd9082ee740b8d0500158425b88c7bc1cef777cc1]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-6]
[16cca46c0e558febba140ab9e60c95ebf3bc8f937ba6e28842750f0f283bd142e7a0
e60d110e99349aecc0ff21cd59609e54627c672e9a439cefd1cb3c36442f]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/29/2007] [FileNumber=394035-7]
[34449c5db706d5cda6431158e2f0e56b85e2dd76113c275e6997f8493beecae8d0af
09cc7fc638c1f37e70808ddba18693e1c6ce270a950b827121b36db84bcf]]

# EXHIBIT 24

## Sandra Frantzen

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, June 11, 2007 11:12 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00613-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File |

**Attachments:** ENVELOPE.TXT

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Gaza, Anne on 6/12/2007 at 0:07 AM EDT and filed on 6/11/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:06-cv-613 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems, Inc. |

**Document Number:** 56

**Docket Text:**
Supplemental MOTION for Leave to File *(PLAINTIFFS' SECOND SUPPLEMENTAL MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS)* - filed by Abbott Laboratories, Abbott Cardiovascular Systems, Inc.. (Attachments: # (1) 7.1.1 Certification# (2) Exhibit 1 - Part 1# (3) Exhibit 1 - Part 2# (4) Exhibit 1 - Part 3# (5) Exhibit 1 - Part 4# (6) Exhibit 1 - Part 5# (7) Exhibit 1 - Part 6# (8) Exhibit A# (9) Exhibit B# (10) Exhibit 2)(Gaza, Anne)

**1:06-cv-613 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Christopher J. Buchko    cbuchko@mhmlaw.com

Russell E. Cass    rcass@sidley.com

Frederick L. Cottrell , III    cottrell@rlf.com, garvey@rlf.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Sandra A. Frantzen    sfrantzen@mhmlaw.com

Anne Shea Gaza    garvey@rlf.com, gaza@rlf.com

Leland G. Hansen    lhansen@mhmlaw.com

Lauren E. Maguire    lmaguire@ashby-geddes.com

Edward A. Mas , II    emas@mhmlaw.com

**1:06-cv-613 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-0]
[c31f86cc5e2702aac143a711694df5f665a2be0a7f14c93b8a3763d98a7990860530
2c66b12a999d68e52ee87e62a4aceeae549872cac7b19914346a0beb3829]]
**Document description:** 7.1.1 Certification
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-1]
[946738b9969e4c4a04d57c8ad38d2c357fc408b12a3e4ef1ab8bb7845b38c6537a30
8fb8d3e7119898d2f7abfbaba66eeee24d242a809ec2e23d6b8ded219fdd]]
**Document description:**Exhibit 1 - Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-2]
[d595a7fb72aa754e5fec5cab6d0a8b219c0b2da06d1e54331d0d9076546780515552
05fbfbb47aabd84d962a7694efb30671e6fc029a04a765904ed68b669af5]]
**Document description:**Exhibit 1 - Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-3]
[af711709f24486591fcaf6fdbc348c7be7d30caa5fc4ff63b3b942f59e2d36757a24
ee16430f516c47bf540952b98cc7cef812711a61860d6b0c1eadf0dc12c3]]
**Document description:**Exhibit 1 - Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-4]
[7af72ba13fa6e379e1c825fc3f781103b9ef742fd1af26b4793d67cc57439c194c9d
b77993dfe29110d6ba92cf7d5f215979cfae7ac405b1e802d26d0e538ae6]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-5]
[4b47df395f6586c3bafff744c85006260e037f7401f0d9eb33120148d492c1275914
cdad49c9c5ca01df60fad4eff0953054993086d920ff649989e8b5f15d32]]
**Document description:**Exhibit 1 - Part 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-6]
[d1669db19d3c02a89f9112c4c0bd87223df19400558647411f9daddf52009071024d
fa5fbaeb8f296d25ea2060cbda02bad69c53d8e4dd62707989721d30b5e2]]
**Document description:**Exhibit 1 - Part 6
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-7]
[9a7177d3e8f23ccbf3576f46d7707f51fbb03700cde670f6daf4881cd511afcd47a2
a5b8d390151e758fac3fecd38e974e3e20fbf6e53d4a3e677541073cd80b]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-8]
[69dc2d11608aca51144edd486748d30bd3104cdf8aab3a61c373995f26d6914000aa
842e619adb3400bbf5b128d09ef16b787bed80fc0aa06f9dffb7283dbf36]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-9]
[0755a8898bd3c83f89aa1aa91b121fec1d5a353f8e8f26b03498e9ac4cbd5bec35fd
994bde774aba646125bc4abd47057b038abe4372bb257bc32f6b7edeb6c4]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400478-10
] [d973445665b7c98268b0fa8ec094fe50f77f308f34ced7b08cf2e58d6ea6fab1c6b
1cddb368c8bcfb7b07ebfe6d82d0365c37fbe9f49c78498168f739374a961]]

# EXHIBIT 25

**Sandra Frantzen**

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, June 11, 2007 11:24 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00613-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File |

**Attachments:** ENVELOPE.TXT

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Gaza, Anne on 6/12/2007 at 0:19 AM EDT and filed on 6/12/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:06-cv-613 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems, Inc. |

**Document Number:** 57

**Docket Text:**
Supplemental MOTION for Leave to File *(PLAINTIFFS' SECOND SUPPLEMENTAL MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT OR IN THE ALTERNATIVE TO CONSOLIDATE RELATED ACTIONS)* - filed by Abbott Laboratories, Abbott Cardiovascular Systems, Inc.. (Attachments: # (1) 7.1.1 Certification# (2) Exhibit 1 - Part 1# (3) Exhibit 1 - Part 2# (4) Exhibit 1 - Part 3# (5) Exhibit 1 - Part 4# (6) Exhibit 1 - Part 5# (7) Exhibit 1 - Part 6# (8) Exhibit A# (9) Exhibit B# (10) Exhibit 2)(Gaza, Anne)

**1:06-cv-613 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Christopher J. Buchko    cbuchko@mhmlaw.com

Russell E. Cass    rcass@sidley.com

Frederick L. Cottrell , III    cottrell@rlf.com, garvey@rlf.com

John G. Day     jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Sandra A. Frantzen     sfrantzen@mhmlaw.com

Anne Shea Gaza     garvey@rlf.com, gaza@rlf.com

Leland G. Hansen     lhansen@mhmlaw.com

Lauren E. Maguire     lmaguire@ashby-geddes.com

Edward A. Mas , II     emas@mhmlaw.com

**1:06-cv-613 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-0] [dd653fb733da619d40f8d1517ca0d7329dde8d9d7113c2c59c41899ea0b193352e7d b8079948758c570e6853f86c1dfb5554ddd85c0c2e865004c9212267a815]]
**Document description:** 7.1.1 Certification
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-1] [93c2b03630191210b55df40f8d41cb38738b275ad25d63816de9d736b928222c8430 e9ac5fbae8a844da47366941061dcdbbf46e0b0037f8247591303d966cc5]]
**Document description:**Exhibit 1 - Part 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-2] [10b7c452717452cce27372b9082b05679702ff991e7747ddc701969ca852f2fc34e1 7ccacc9f368da42fb34bef47fd9e928602f7154d7ce459ea591823e378a5]]
**Document description:**Exhibit 1 - Part 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-3] [0432d5e3500cb979cd5071cb3fb44447bd44101e138a87e5b67f45dfbb72f374e7e3 26579ca61764ad82c81380d52cd0f53c0a6cc8e88771a3bc50106f94ab76]]
**Document description:**Exhibit 1 - Part 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-4] [daecce2728ef703508d8c944f41a04cd2d8e53bc8e03057eabfd9f5683ca6e895ab3 54b12926ac9ee843eed03a41442691677bcdab53a7720fb6cbeb77ef37bb]]
**Document description:**Exhibit 1 - Part 4
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-5]
[1253ef59d6a49654d15376d4bcdf7a7645d63679cf2f0b356f9a7df64586c482bbd8
b9e37543a438d798ff628eb1d827f31883e7d70bb0f193911a7ae20b4d93]]
**Document description:**Exhibit 1 - Part 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-6]
[08256cd9727760a6bf3c61f45043ea0374f55b298075bd38f99b92573b37a40dd6a5
50db39efe3ef345f5dab9c2f124a21f0eadca9acce03b99aa2dbc6834138]]
**Document description:**Exhibit 1 - Part 6
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-7]
[181318c896420e727ceab86e30fafe288b143fbf6e8c80d707bc264e40a7ee2258c4
27b737c18fecc077df49c515d28693db158d551982e1170025af610d0ba7]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-8]
[30034c60d30e3350fea67d60ef6a43499433f6822a2912212100276479028593437 3
da3ccca54553de0288494373036730e3fc1240e6b38ba886964d9d54aa53]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-9]
[c98ad7014f623073131f384e82a559c95c8baab42cbcaad9d3c18ed42cc02677cf9f
fa65e3932b67d3ee4259dbe7ce07374507294dac77bd5eb2e87a63d65355]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400482-10
] [7c689df566711d7bcfd55a0d3725732f2a04dd6b5be31783cd1d3702da5de7c9238
42ac9c91987e477bb004406c30fb0bd379ea636c07ca3287e44927c832eb8]]

# EXHIBIT 26

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, June 12, 2007 12:22 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00259-SLR Abbott Laboratories et al v. Johnson and Johnson Inc. et al Motion for Leave to File

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

### Notice of Electronic Filing

The following transaction was entered by Cottrell, Frederick on 6/12/2007 at 0:19 AM EDT and filed on 6/12/2007

| | |
|---|---|
| **Case Name:** | Abbott Laboratories et al v. Johnson and Johnson Inc. et al |
| **Case Number:** | 1:07-cv-259 |
| **Filer:** | Abbott Laboratories |
| | Abbott Cardiovascular Systems Inc. |

**Document Number:** 15

**Docket Text:**
Supplemental MOTION for Leave to File *A Supplemental Complaint* - filed by Abbott Laboratories, Abbott Cardiovascular Systems Inc.. (Attachments: # (1) 7.1.1# (2) Exhibit 1 Part 1# (3) Exhibit 1 Part 2# (4) Exhibit 1 Part 3# (5) Exhibit 1 Part 4# (6) Exhibit 1 Part 5# (7) Exhibit A# (8) Exhibit 2)(Cottrell, Frederick)


**1:07-cv-259 Notice has been electronically mailed to:**

Frederick L. Cottrell , III    cottrell@rlf.com

Anne Shea Gaza    gaza@rlf.com, garvey@rlf.com

**1:07-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-0]
[048effa15bbd492644999ebdc0eecb4c8ca0dd4336f271356ce5d63a535a47cb0052
b63c01bb44947eb2a292be01912812c8dad7fdba626a2e8a331263f4037b]]

**Document description:** 7.1.1
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-1]
[d452723814c09cd62f3e1aaeeffed255c2e856de35628f9f0555550362219bf8333e
158b930223798a05736b076d442568fe6de65fee4ea36fbb495c6a8d65f8]]

**Document description:** Exhibit 1 Part 1
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-2]
[68d822bd1ab63c1a6e79d896864f67ec4f71fb43fe3a743a807c961e70ff8ccc2982
13c429df10bef5db5297ab4c9d3a191a28a5ba91db485bd59613d9c18c41]]

**Document description:** Exhibit 1 Part 2
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-3]
[8ef5e4459db1ee65dba52fa0c8b1b30e918d282d5dee6fe7f994b9d31d8ac3e8a23c
541cc1b267648f4806a0acffa4383c1f3deab362e12a4598f6b992d3b8b2]]

**Document description:** Exhibit 1 Part 3
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-4]
[9bd1cd0a828c981a8c597ca8c40490b4c3f290ddaa99b35c99441fc7c079209cfc0d
e8353f187ae588f8624bba503e1ebf04d2ccdec7ec991c38884f229e60d9]]

**Document description:** Exhibit 1 Part 4
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-5]
[a1c6490ae014789abb39b2d86dbbff67925b22f26b5693c4bdba967e8cf4b6baf528
bbe358979318712d4bea41083ca680afbed33cd6a93e8ccc334b894e6ccf]]

**Document description:** Exhibit 1 Part 5
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-6]
[08bc7f5857e35ae11a1b941105e4c60476ae9b162c15b1fa67d860953af5dd415679
aab92b5a075b407b14b1c56a4daaac01144e6adef7ec5fd6f61f10744634]]

**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-7]
[028c16d7c381b8a4acf3f90f4cbf1588f8d77e5d61528b4fbc4b9aebe9a84e66533b
c307e30933105e4079c438e2e2401ebbdb6bbabb797ab3739aa8178fd790]]

**Document description:** Exhibit 2

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/12/2007] [FileNumber=400481-8]
[b3c9ce3eb1cd66c409822543c0946f4212cdf5877cfb2859bac3ed117e9bfaf12d33
7dc40ae6bdeb42d39bbf4f8999ca1c2d94f8009ccb702596ec1893c928de]]

# EXHIBIT 27

**From:** njdefiling@njd.uscourts.gov [mailto:njdefiling@njd.uscourts.gov]
**Sent:** Tuesday, May 29, 2007 1:19 PM
**To:** ecfhelp@njd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-02477-JAP-TJB CORDIS CORPORATION v. ABBOTT LABORATORIES Complaint

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of New Jersey [LIVE]**

## Notice of Electronic Filing

The following transaction was entered on 5/29/2007 at 1:18 PM EDT and filed on 5/29/2007
**Case Name:**       CORDIS CORPORATION v. ABBOTT LABORATORIES
**Case Number:**     3:07-cv-2477
**Filer:**           CORDIS CORPORATION
**Document Number:** 1

**Docket Text:**
COMPLAINT against ABBOTT LABORATORIES ( Filing fee $ 350 receipt number 1497025.) jury demand, filed by CORDIS CORPORATION.(tp )

**3:07-cv-2477 Notice has been electronically mailed to:**

DONALD A. ROBINSON    drobinson@robinsonlivelli.com, graffield@robinsonlivelli.com

**3:07-cv-2477 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/29/2007] [FileNumber=2004926-0
] [332024e575b0aebdc112f4fabad167423619cb466e13f6c38327d9e30325984db0a
31a454e40b0260d35fcc1ba3a4110c1ccfc785ce50c35855a1fb458b011c3]]

# EXHIBIT 28

## Gale Raffield

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Tuesday, June 12, 2007 9:24 AM |
| **To:** | ecfhelp@njd.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-02728-JAP-TJB CORDIS CORPORATION v. ABBOTT LABORATORIES Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 6/12/2007 at 9:23 AM EDT and filed on 6/11/2007
**Case Name:**      CORDIS CORPORATION v. ABBOTT LABORATORIES
**Case Number:**   3:07-cv-2728
**Filer:**              CORDIS CORPORATION
**Document Number:** 1

**Docket Text:**
COMPLAINT against ABBOTT LABORATORIES ( Filing fee $ 350 receipt number 1516788.) JURY DEMAND, filed by CORDIS CORPORATION.(ck, )

**3:07-cv-2728 Notice has been electronically mailed to:**

DONALD A. ROBINSON     drobinson@robinsonlivelli.com, graffield@robinsonlivelli.com

**3:07-cv-2728 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030767-0
] [af025ada613d6e65490e6b834aaf8ed8b1b13d89a1fce3dbfeb4817c2178afe5076
056c976213df738e83e539a3cbfcfd140bc4da63dc30cffa016a874678712]]

# EXHIBIT 29

CM/ECF LIVE - U.S. District Court for the District of New Jersey                     Page 1 of 1

## Civil Initial Pleadings (Attorney/Credit Card) USE CASE 33-1
<u>3:33-av-00001 PLAINTIFF v. DEFENDANT</u>

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered by ROBINSON, DONALD on 6/12/2007 at 0:03 AM EDT and filed on 6/11/2007

**Case Name:**        PLAINTIFF v. DEFENDANT
**Case Number:**    <u>3:33-av-1</u>
**Filer:**
**Document Number:** <u>480</u>

**Docket Text:**
COMPLAINT - Cordis Corporation v. Abbott Laboratories ( Filing fee $ 350 receipt number 1516788.). (Attachments: # (1) Civil Cover Sheet # (2) Summons) (ROBINSON, DONALD)

**3:33-av-1 Notice has been electronically mailed to:**

**3:33-av-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030579-0] [0ea25ae337ca70e967959c434eb9177f88d608726a4e48847ed0abb777a7338b435 88eb7a0ab5050511685161411f188af78a7c2dbd94e9e6db7a4a809c053f3]]
**Document description:** Civil Cover Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030579-1] [1e048d9386f8dc2e53fba406ed20df1142b9f75d224e0ec44444542348a8aa4e375 491e2e72e62a27622cbd71020d7f15c91bd44fd70bb552b44036903a54783]]
**Document description:** Summons
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/12/2007] [FileNumber=2030579-2] [576f8c5235b3b421ae62d79cbd64ef9a7abbfae04b1b03e5c043f02941b44ebcc2d 9f99e042a2da2d48178323cfef90b204c4610472508a54dc0a67ab6b5b07a]]

# EXHIBIT 30



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/829,074 | 04/21/2004 | Robert Falotico | CRD0931CIP | 5950 |

| 45511 | 7590 | 11/06/2006 |
|---|---|---|

WOODCOCK WASHBURN LLP
ONE LIBERTY PLACE
46TH FLOOR
PHILADELPHIA, PA  19103

| EXAMINER |
|---|
| KENNEDY, SHARON E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

DATE MAILED: 11/06/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

FTO-90C (Rev. 10/03)

ABT 006866

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 10/829,074 | FALOTICO ET AL. |
| | Examiner | Art Unit |
| | Sharon E. Kennedy | 1615 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>August 7, 2006, Petition to Make Special</u>.

2a)☐ This action is **FINAL.**       2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>15-30</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>15-30</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date <u>See Continuation Sheet</u>.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

ABT 006867
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0062 (CRD0931CIP)                          PATENT
Application No.: 10/829,074
Office Action Dated: November 6, 2006

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: 5950
**Robert Falotico, et al.**

Application No.: **10/829,074**          Group Art Unit: **1615**

Filing Date: **April 21, 2004**          Examiner: **Sharon E. Kennedy**

For:  **Drug/Drug Delivery Systems for the Prevention and Treatment of Vascular Disease**

                                    ELECTRONICALLY FILED
                                    DATE OF DEPOSIT: January 8, 2007

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

## REPLY PURSUANT TO 37 CFR § 1.111

In response to the Official Action dated **November 6, 2006**, reconsideration is respectfully requested in view of the amendments and/or remarks as indicated below:

☐  **Amendments to the Specification** begin on page        of this paper.

☒  **Amendments to the Claims** are reflected in the listing of the claims which begins on page 2 of this paper.

☐  **Amendments to the Drawings** begin on page        of this paper and include an attached replacement sheet.

☒  **Remarks** begin on page 2 of this paper.

Page 1 of 9

ABT 006826
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0062 (CRD0931CIP)                                    **PATENT**
Application No.: 10/829,074
Office Action Dated: November 6, 2006

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1-14. (canceled)

15.    (Previously presented)  A drug delivery device comprising: an intraluminal stent; a biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and rapamycin or a macrocyclic triene analog thereof that binds FKBP12 and is incorporated into the polymeric coating, wherein said device provides an in-stent late loss in diameter at 12 months following implantation in a human of less than about 0.5 mm, as measured by quantitative coronary angiography.

16.    (Previously presented)  A drug delivery device according to claim 15 that provides an in-stent late loss in diameter at 12 months following implantation in a human of less than about 0.3 mm, as measured by quantitative coronary angiography.

17.    (Previously presented)  A drug delivery device according to claim 15 or 16 that provides an in-stent diameter stenosis at 12 months following implantation in a human of less than about 22%, as measured by quantitative coronary angiography.

18.    (Previously presented)  A drug delivery device according to claim 17 that provides an in-stent diameter stenosis at 12 months following implantation in a human of less than about 15%, as measured by quantitative coronary angiography.

19.    (Previously presented)  A drug delivery device comprising: an intraluminal stent; a biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and rapamycin or a macrocyclic triene analog thereof that binds FKBP12 incorporated into the polymeric coating, wherein said device provides a mean in-stent late loss in diameter in a human population at 12 months following implantation of less than about 0.5 mm, as measured by quantitative coronary angiography.

Page 2 of 9

ABT 006827
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0062 (CRD0931CIP)                                    PATENT
Application No.: 10/829,074
Office Action Dated: November 6, 2006

20.    (Previously presented)  A drug delivery device according to claim 19 that provides a mean in-stent late loss in diameter in a human population at 12 months following implantation of less than about 0.3 mm, as measured by quantitative coronary angiography.

21.    (Previously presented)  A drug delivery device according to claim 19 or 20 that provides a mean in-stent diameter stenosis in a human population at 12 months following implantation of less than about 22%, as measured by quantitative coronary angiography.

22.    (Previously presented)  A drug delivery device according to claim 21 that provides a mean in-stent diameter stenosis in a human population at 12 months following implantation of less than about 15%, as measured by quantitative coronary angiography.

23.    (Previously presented)  A method of inhibiting neointimal proliferation in a human coronary artery resulting from percutaneous transluminal coronary angioplasty comprising implanting in the lumen of said coronary artery a drug delivery device comprising: an intraluminal stent; a biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and rapamycin or a macrocyclic triene analog thereof that binds FKBP12 incorporated into the polymeric coating, wherein said method provides an in-stent late loss in diameter at 12 months following implantation of less than about 0.5 mm, as measured by quantitative coronary angiography.

24.    (Previously presented)  A method according to claim 23 that provides an in-stent late loss in diameter at 12 months following implantation of less than about 0.3 mm, as measured by quantitative coronary angiography.

25.    (Previously presented)  A method according to claim 23 or 24 that provides an in-stent diameter stenosis at 12 months following implantation of less than about 22%, as measured by quantitative coronary angiography.

Page 3 of 9

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0062 (CRD0931CIP)                                    PATENT
Application No.: 10/829,074
Office Action Dated: November 6, 2006

26.    (Previously presented)  A method according to claim 25 that provides an in-stent diameter stenosis at 12 months following implantation of less than about 15%, as measured by quantitative coronary angiography.

27.    (Previously presented)  A method of inhibiting neointimal proliferation in a coronary artery resulting from percutaneous transluminal coronary angioplasty comprising implanting in the lumen of said coronary artery a drug delivery device comprising: an intraluminal stent; a biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and rapamycin or a macrocyclic triene analog thereof that binds FKBP12 incorporated into the polymeric coating, wherein said method provides a mean in-stent late loss in diameter in a human population at 12 months following implantation of less than about 0.5 mm, as measured by quantitative coronary angiography.

28.    (Previously presented)  A method according to claim 27 that provides a mean in-stent late loss in diameter in a human population at 12 months following implantation of less than about 0.3 mm, as measured by quantitative coronary angiography.

29.    (Previously presented)  A method according to claim 27 or 28 that provides a mean in-stent diameter stenosis in a human population at 12 months following implantation of less than about 22%, as measured by quantitative coronary angiography.

30.    (Previously presented)  A method according to claim 29 that provides a mean in-stent diameter stenosis in a human population at 12 months following implantation of less than about 15%, as measured by quantitative coronary angiography.

31.    (New)  The drug delivery device according to any one of claims 15, 16, 18 or 19 wherein said rapamycin or macrocyclic triene analog thereof is incorporated into the polymeric coating at a dose of from about 64 µg to about 197 µg.

Page 4 of 9

ABT 006829
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0062 (CRD0931CIP)                                    PATENT
Application No.: 10/829,074
Office Action Dated: November 6, 2006

32.    (New)  The drug delivery device according to claim 31 wherein said rapamycin or macrocyclic triene analog thereof is incorporated into the polymeric coating at a dose of from about 64 µg to about 125 µg.

33.    (New)  The drug delivery device according to claim 31 that releases a portion of said dose of rapamycin or a macrocyclic triene analog thereof at about six weeks following intraluminal implantation.

34.    (New)  The drug delivery device according to any one of claims 15, 16, 18 or 19 wherein said rapamycin or macrocyclic triene analog thereof is incorporated into the polymeric coating at a dose of from about 2 µg to about 30 µg per millimeter of stent length.

35.    (New)  The drug delivery device according to claim 34 wherein said rapamycin or macrocyclic triene analog thereof is incorporated into the polymeric coating at a dose of from about 3 µg to about 13 µg per millimeter of stent length.

36.    (New)  The drug delivery device according to claim 34 that releases a portion of said dose of rapamycin or a macrocyclic triene analog thereof at about six weeks following intraluminal implantation.

ABT 006830
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/829,074 | 04/21/2004 | Robert Falotico | CRD0931CIP | 5950 |

45511     7590     02/22/2007
WOODCOCK WASHBURN LLP
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA 19104-2891

| EXAMINER |
|---|
| KENNEDY, SHARON E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 02/22/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

ABT 006805

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/829,074 | FALOTICO ET AL. |
| | Examiner | Art Unit | |
| | Sharon E. Kennedy | 1615 | |

— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on _08 January 2007_.

2a) ☒ This action is FINAL.   2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _15-36_ is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) _15-36_ is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

    1.☐ Certified copies of the priority documents have been received.

    2.☐ Certified copies of the priority documents have been received in Application No. _____.

    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____.

ABT 006806
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

# EXHIBIT 31



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/467,099 | 08/24/2006 | Robert Falotico | CRDS-0068 | 3048 |

45511        7590        12/20/2006
WOODCOCK WASHBURN LLP
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA 19104-2891

| EXAMINER |
|---|
| KENNEDY, SHARON E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 12/20/2006 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

ABT 009013

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| **Office Action Summary** | Application No. | Applicant(s) |
| | 11/467,099 | FALOTICO ET AL. |
| | Examiner | Art Unit | |
| | Sharon E. Kennedy | 1615 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *08/24/2006; Petition to Make Special*.
2a) ☐ This action is FINAL.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-14* is/are pending in the application.
  4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *1-14* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on *24 August 2006* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  a) ☐ All  b) ☐ Some * c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
  * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
  Paper No(s)/Mail Date *08/24/2006; 10/02/2006*.

4) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)          Office Action Summary          Part of Paper No./Mail Date 12062006

ABT 009014

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0068                                    PATENT
Application No.: 11/467,099
Office Action Dated: December 20, 2006


# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE


In Re Application of:

Robert Falotico, et al.                    Confirmation No.: 3048

Application No.: 11/467,099                Group Art Unit: 1615

Filing Date: August 24, 2006               Examiner:   Sharon E. Kennedy

For:   Drug/Drug Delivery Systems for the Prevention and Treatment of Vascular
       Disease

                          ELECTRONICALLY FILED
                          DATE OF DEPOSIT: January 8, 2007


Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:


## REPLY PURSUANT TO 37 CFR § 1.111


        In response to the Official Action dated **December 20, 2006**, reconsideration is
respectfully requested in view of the amendments and/or remarks as indicated below:

   ☒      **Amendments to the Specification** begin on page 2 of this paper.

   ☒      **Amendments to the Claims** are reflected in the listing of the claims which
           begins on page 3 of this paper.

   ☐      **Amendments to the Drawings** begin on page          of this paper and include
           an attached replacement sheet.

   ☒      **Remarks** begin on page 6 of this paper.


                          Page 1 of 7


ABT 009000
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0068                                    PATENT
Application No.: 11/467,099
Office Action Dated: December 20, 2006

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1.      (Previously presented)  A drug delivery device comprising: an intraluminal stent; a
biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and a dose of
from about 64 μg to about 197 μg of rapamycin or a macrocyclic triene analog thereof that binds
FKBP12 incorporated into the polymeric coating, wherein said device releases a portion of said
dose of rapamycin or a macrocyclic triene analog thereof on any of days three to about fifty-six
following intraluminal implantation.

2.      (Previously presented)  A drug delivery device according to claim 1 that releases a
portion of said dose of rapamycin or a macrocyclic triene analog thereof on day fifty-six
following intraluminal implantation.

3.      (Currently amended)  A drug delivery device according to claim 1 that ~~releases~~ provides
a sustained release of a portion of said dose of rapamycin or a macrocyclic triene analog thereof
~~during~~ over a period of from about two weeks to about six weeks following intraluminal
implantation.

4.      (Currently amended)  A drug delivery device according to claim ~~3~~ 1 that releases a
portion of said dose of rapamycin or a macrocyclic triene analog thereof at about six weeks
following intraluminal implantation.

5.      (Previously presented)  A drug delivery device according to any one of claims 1 to 4,
containing from about 64 μg to about 125 μg of said rapamycin or a macrocyclic triene analog
thereof.

6.      (Previously presented)  A method of inhibiting neointimal proliferation in a coronary
artery resulting from percutaneous transluminal coronary angioplasty comprising implanting a
drug delivery device according to any one of claims 1 to 4 in the lumen of said coronary artery.

Page 3 of 7

DOCKET NO.: CRDS-0068
Application No.: 11/467,099
Office Action Dated:  December 20, 2006

                                                                      **PATENT**

7.      (Previously presented)  A method according to claim 6, wherein said drug delivery
device contains from about 64 µg to about 125 µg of said rapamycin or a macrocyclic triene
analog thereof.

8.      (Previously presented)  A drug delivery device comprising:  an intraluminal stent; a
biocompatible, noncrodible polymeric coating affixed to the intraluminal stent; and rapamycin
or a macrocyclic triene analog thereof that binds FKBP12 incorporated into the polymeric
coating, wherein said rapamycin or a macrocyclic triene analog thereof is present at a dose of
from about 2 µg to about 30 µg per millimeter of stent length and said drug delivery device
releases a portion of said rapamycin or a macrocyclic triene analog thereof on any of days three
to about fifty-six following intraluminal implantation.

9.      (Previously presented)  A drug delivery device according to claim 8 that releases a
portion of said dose of rapamycin or a macrocyclic triene analog thereof on day fifty-six
following intraluminal implantation.

10.     (Currently amended)  A drug delivery device according to claim 8 wherein said device
~~releases~~ provides a sustained release of a portion of said dose of rapamycin or a macrocyclic
triene analog thereof ~~during~~ over a period of from about two weeks to about six weeks following
intraluminal implantation.

11.     (Currently amended)  A drug delivery device according to claim ~~10~~ 8 that releases a
portion of said dose of rapamycin or a macrocyclic triene analog thereof at about six weeks
following intraluminal implantation.

12.     (Previously presented)  A drug delivery device according to any one of claims 8 to 11,
wherein said rapamycin or a macrocyclic triene analog thereof is present at a dose of from about
3 µg to about 13 µg per millimeter of stent length.

ABT 009003
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

**DOCKET NO.:** CRDS-0068
**Application No.:** 11/467,099
**Office Action Dated:** December 20, 2006                                    **PATENT**

13.    (Previously presented)  A method of inhibiting neointimal proliferation in a coronary artery resulting from percutaneous transluminal coronary angioplasty comprising implanting a drug delivery device according to any one of claims 8 to 11 in the lumen of said coronary artery.

14.    (Previously presented)  A method according to claim 13, wherein said rapamycin or a macrocyclic triene analog thereof is present on said on said drug delivery device at a dose of from about 3 μg to about 13 μg per millimeter of stent length.

ABT 009004
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/467,099 | 08/24/2006 | Robert Falotico | CRDS-0068 | 3048 |

45511        7590        02/22/2007
WOODCOCK WASHBURN LLP
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA 19104-2891

| EXAMINER |
|---|
| KENNEDY, SHARON E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 02/22/2007 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

ABT 008985
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/467,099 | FALOTICO ET AL. |
| | Examiner | Art Unit | |
| | Sharon E. Kennedy | 1615 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>08 January 2007</u>.
2a) ☐ This action is FINAL.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-14</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-14</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)  Office Action Summary  Part of Paper No./Mail Date 02152007

ABT 008986

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

# EXHIBIT 32



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/852,517 | 05/24/2004 | Robert Falotico | CRD-0932 CIP | 4554 |

| 45511    7590    12/11/2006 | EXAMINER |
|---|---|
| WOODCOCK WASHBURN LLP | KENNEDY, SHARON E |
| CIRA CENTRE, 12TH FLOOR | |
| 2929 ARCH STREET | ART UNIT    PAPER NUMBER |
| PHILADELPHIA, PA  19104-2891 | 1615 |

DATE MAILED: 12/11/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

ABT 007232

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| | Application No. | Applicant(s) |
| --- | --- | --- |
| **Office Action Summary** | 10/852,517 | FALOTICO ET AL. |
| | Examiner | Art Unit | |
| | Sharon E. Kennedy | 1615 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>August 7, 2006, Petition to Make Special</u>.

2a) ☐ This action is FINAL.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>5-9</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>5-9</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>05/24/2004</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a) ☐ All b) ☐ Some * c) ☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____.

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date <u>See Continuation Sheet</u>.

4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____.

ABT 007233

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0064
Application No.: 10/852,517
Office Action Dated: December 11, 2006

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
**Robert Falotico, et al.**

Confirmation No.: **4554**

Application No.: **10/852,517**

Group Art Unit: **1615**

Filing Date: **May 24, 2004**

Examiner: **Sharon E. Kennedy**

For: **ANTIPROLIFERATIVE DRUG AND DELIVERY DEVICE**

ELECTRONICALLY FILED
DATE OF DEPOSIT: **January 8, 2007**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

## REPLY PURSUANT TO 37 CFR § 1.111

In response to the Official Action dated **December 11, 2006**, reconsideration is respectfully requested in view of the amendments and/or remarks as indicated below:

☐ **Amendments to the Specification** begin on page ____ of this paper.

☒ **Amendments to the Claims** are reflected in the listing of the claims which begins on page 2 of this paper.

☐ **Amendments to the Drawings** begin on page ____ of this paper and include an attached replacement sheet.

☒ **Remarks** begin on page 3 of this paper.

Page 1 of 4

ABT 007222
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0064                                          PATENT
Application No.: 10/852,517
Office Action Dated: December 11, 2006

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1-4.  (canceled)

5.     (Currently amended)  A drug delivery device comprising: an intraluminal stent; a biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and a therapeutic dosage of a macrocyclic triene analog of rapamycin that binds FKBP12 and is incorporated into the polymeric coating, wherein said drug delivery device ~~releases~~ provides sustained release of a portion of said therapeutic dosage ~~during~~ over a period of from about two weeks to about six weeks following intraluminal implantation.

6.     (Currently amended)  A drug delivery device ~~according to claim 5 that~~ comprising: an intraluminal stent; a biocompatible, nonerodible polymeric coating affixed to the intraluminal stent; and a therapeutic dosage of a macrocyclic triene analog of rapamycin that binds FKBP12 and is incorporated into the polymeric coating, wherein said drug delivery device releases a portion of said therapeutic dosage at about six weeks following intraluminal implantation.

7.     (Currently amended)  A drug delivery device according to claim 5 or 6 further comprising at least one additional layer that comprises a nonerodible polymer.

8.     (Currently amended)  A method of inhibiting neointimal proliferation in a coronary artery resulting from percutaneous transluminal coronary angioplasty comprising implanting a drug delivery device according to ~~any one of claims~~ claim 5 ~~to 7~~ or 6 in the lumen of said coronary artery.

9.     (Original)  A method according to claim 8 that provides a reduction in in-stent neointimal hyperplasia in humans that is present at least one year following intraluminal implantation.

ABT 007223
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/852,517 | 05/24/2004 | Robert Falotico | CRDS-0064 | 4554 |

45511      7590      02/22/2007
**WOODCOCK WASHBURN LLP**
**CIRA CENTRE, 12TH FLOOR**
**2929 ARCH STREET**
**PHILADELPHIA, PA 19104-2891**

| EXAMINER |
|---|
| KENNEDY, SHARON E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 02/22/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

ABT 007206

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 10/852,517 | FALOTICO ET AL. |
| | Examiner | Art Unit | |
| | Sharon E. Kennedy | 1615 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>01/08/2007</u>.

2a)☐ This action is **FINAL.**    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>5-9</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>5-9</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

ABT 007207

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

# EXHIBIT 33

US005488563A

# United States Patent [19]

## Chazelle et al.

[11]  **Patent Number:**     **5,488,563**

[45]  **Date of Patent:**        **Jan. 30, 1996**

[54]  **METHOD AND DEVICE FOR PREVENTING COLLISIONS WITH THE GROUND FOR AN AIRCRAFT**

[75]  Inventors: **Xavier Chazelle**, Saint-Cloud; **Anne-Marie Hunot**, Paris; **Gérard Lepere**, Aubervilliers, all of France

[73]  Assignee: **Dassault Electronique**, Saint Cloud, France

[21]  Appl. No.: **41,870**

[22]  Filed:      **Apr. 2, 1993**

[30]  **Foreign Application Priority Data**

Apr. 7, 1992   [FR]   France .................................. 92 04245

[51]  Int. Cl.⁶ ...................................................... G08G 5/04
[52]  U.S. Cl. ............................................ 364/461; 340/970
[58]  Field of Search ...................................... 364/461, 449,
364/456, 434, 433; 340/963, 967, 970;
342/64, 65, 29; 395/600

[56]  **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,224,669 | 9/1980 | Brame ..................................... | 364/433 |
| 4,484,192 | 11/1984 | Seitz et al. .............................. | 340/995 |
| 4,646,244 | 2/1987 | Bateman et al. ........................ | 364/461 |
| 4,924,401 | 5/1990 | Bice et al. ............................... | 364/433 |
| 5,086,396 | 2/1992 | Waruszewski, Jr. ..................... | 364/454 |
| 5,140,532 | 8/1992 | Beckwith, Jr. et al. ................. | 395/101 |
| 5,285,391 | 2/1994 | Smith, Jr. et al. ...................... | 364/443 |
| 5,414,631 | 5/1995 | Denoize et al. ......................... | 364/461 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 2607948 | 6/1988 | France . |
| WO88/00734 | 1/1988 | WIPO . |

OTHER PUBLICATIONS

1989 IEEE International Conference on Systems, Man, and Cybernetics 14 Nov. 1989, Man, and Cybernetics, Gorder et al.

IEEE 1982 National Aerospace and Electronics Conference, 18 May 1982, Wendl et al.

*Primary Examiner*—Michael Zanelli
*Attorney, Agent, or Firm*—Nixon & Vanderhye

[57]  **ABSTRACT**

A mass memory stores a data base representing at least a substantial part of the terrestrial globe, in accordance with a grid configuration on several levels, said grid configuration being in particular more precise in the vicinity of an airport. Status indications are received representing the position of the aircraft with two horizontal components, and the altitude, and the velocity and acceleration vectors of the aircraft, as well as control indications coming from the flight deck. In accordance with the horizontal components of the position of the aircraft, a temporary local map is transferred into a fast access memory, on the basis of which map, an altitude envelope of the terrain is established in the zone where the aircraft is travelling. Anticollision processing make it possible to establish an alarm if the relation between a protection field and the altitude envelope meets a first condition which is defined at least partly by the control indications. The device has application as an aid for aerial navigation.

26 Claims, 21 Drawing Sheets





US005638282A

# United States Patent [19]

## Chazelle et al.

| [11] | Patent Number: | **5,638,282** |
| [45] | Date of Patent: | **Jun. 10, 1997** |

[54] **METHOD AND DEVICE FOR PREVENTING COLLISIONS WITH THE GROUND FOR AN AIRCRAFT**

[75] Inventors: **Xavier Chazelle**, Saint-Cloud; **Anne-Marie Hunot**, Paris; **Gérard Lepere**, Aubervilliers, all of France

[73] Assignee: **Dassault Electronique**, Saint Cloud, France

[21] Appl. No.: **542,645**

[22] Filed: **Oct. 13, 1995**

### Related U.S. Application Data

[63] Continuation of Ser. No. 41,870, Apr. 2, 1993, Pat. No. 5,488,563.

[30]     **Foreign Application Priority Data**

Apr. 7, 1992 [FR] France .................... 95 04245

[51] Int. Cl.$^6$ .................................... G08G 5/04
[52] U.S. Cl. ........................... 364/461; 340/970
[58] Field of Search ........................ 364/461, 449, 364/456, 434, 433; 340/963, 967, 970; 342/64, 65, 29, 357

[56]         **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,224,669 | 9/1980 | Brame | 364/433 |
| 4,484,192 | 11/1984 | Seitz et al. | 340/995 |
| 4,646,244 | 2/1987 | Bateman et al. | 364/461 |
| 4,924,401 | 5/1990 | Bice et al. | 364/433 |
| 5,086,396 | 2/1992 | Waruszewski, Jr. | 364/454 |
| 5,140,532 | 8/1992 | Beckwith, Jr. et al. | 395/101 |
| 5,285,391 | 2/1994 | Smith, Jr. et al. | 364/443 |

| | | | |
|---|---|---|---|
| 5,414,631 | 5/1995 | Denoize et al. | 364/461 |
| 5,442,556 | 8/1995 | Boyes et al. | 364/433 |

#### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2 607 948 | 6/1988 | France . | |
| WO88/00734 | 1/1988 | WIPO . | |

#### OTHER PUBLICATIONS

Gorder et al.; "Man and Cybernetics;" 1989 IEEE International Conference on Systems, Man, and Cybernetics, 14 Nov. 1989.

Wendl et al; IEEE 1982 National Aerospace and Electronics Conference; 18 May 1982.

*Primary Examiner*—Michael Zanelli
*Attorney, Agent, or Firm*—Nixon & Vanderhye P.C.

[57]         **ABSTRACT**

A mass memory stores a data base representing at least a substantial part of the terrestrial globe, in accordance with a grid configuration on several levels, said grid configuration being in particular more precise in the vicinity of an airport. Status indications are received representing the position of the aircraft with two horizontal components, and the altitude, and the velocity and acceleration vectors of the aircraft, as well as control indications coming from the flight deck. In accordance with the horizontal components of the position of the aircraft, a temporary local map is transferred into a fast access memory, on the basis of which map, an altitude envelope of the terrain is established in the zone where the aircraft is travelling. Anticollision processing make it possible to establish an alarm if the relation between a protection field and the altitude envelope meets a first condition which is defined at least partly by the control indications. The device has application as an aid for aerial navigation.

**16 Claims, 21 Drawing Sheets**





US006088654A

# United States Patent [19]

## Lepere et al.

| [11] | Patent Number: | 6,088,654 |
|---|---|---|
| [45] | Date of Patent: | Jul. 11, 2000 |

[54] **TERRAIN ANTI-COLLISION PROCESS AND DEVICE FOR AIRCRAFT, WITH IMPROVED DISPLAY**

[75] Inventors: **Gérard Lepere**, Aubervilliers; **Hugues Meunier**, Les Essarts le Roi, both of France

[73] Assignee: **Dassault Electronique**, Saint Cloud, France

[21] Appl. No.: **09/222,366**

[22] Filed: **Dec. 29, 1998**

[30]   **Foreign Application Priority Data**

Jan. 12, 1998 [FR] France ...................... 98 00297

[51] Int. Cl.7 .............................. G01S 7/78; G06F 17/10
[52] U.S. Cl. ........................... **701/301**; 701/213; 342/29; 342/455; 342/958
[58] Field of Search ..................... 701/301, 213; 342/29, 455, 958

[56]   **References Cited**

U.S. PATENT DOCUMENTS

5,349,533   9/1994   Libby ......................... 701/301

5,515,287   5/1996   Hakoyama et al. .................... 701/301
5,638,282   6/1997   Chazelle et al. .................... 701/301

FOREIGN PATENT DOCUMENTS

0381178 A1   8/1990   European Pat. Off. .
2310184   8/1997   United Kingdom .

*Primary Examiner*—William A Cuchlinski, Jr.
*Assistant Examiner*—Olga Hernandez
*Attorney, Agent, or Firm*—Nixon & Vanderhye P.C.

[57]   **ABSTRACT**

A device for aiding aerial navigation, carried on board an aircraft, receives on an input, status indications representing its spatial position and its velocity vector, and stores a 3D representation of the relief overflown. It comprises processing define, as a function of the status indications, an exploration sector referred to the aircraft, and calculate in this sector a contour as a function of the intersection of this sector with the relief, with a view to the displaying thereof. The sector is defined by a sheet of trajectory lines obtained on the basis of the velocity vector and of auxiliary vectors calculated by shifting the velocity vector of the aircraft according to a chosen angular scanning law.

**51 Claims, 8 Drawing Sheets**





US005414631A

# United States Patent [19]

## Denoize et al.

[11] **Patent Number:** **5,414,631**

[45] **Date of Patent:** **May 9, 1995**

[54] **COLLISION-AVOIDANCE DEVICE FOR AIRCRAFT, NOTABLY FOR AVOIDING COLLISIONS WITH THE GROUND**

[75] Inventors: **Xavier Denoize; François Faivre,** both of St. Medard, France

[73] Assignee: **Sextant Avionique,** Meduon la Foret, France

[21] Appl. No.: **149,185**

[22] Filed: **Nov. 8, 1993**

[30]     **Foreign Application Priority Data**

Nov. 10, 1992 [FR]   France ................................. 92 13529

[51] **Int. Cl.[6]** ............................................. G08G 5/04
[52] **U.S. Cl.** ............................... **364/461;** 340/963
[58] **Field of Search** ............... 364/461, 451, 449, 433;
340/970, 961, 963; 244/180, 181, 186; 342/357, 462, 65

[56]              **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,144,571 | 3/1977 | Webber | 364/450 |
| 4,433,323 | 2/1984 | Grove | 340/970 |
| 4,646,244 | 2/1987 | Bateman et al. | 364/461 |
| 4,760,396 | 7/1988 | Barney et al. | 342/65 |
| 4,924,401 | 5/1990 | Bice et al. | 364/433 |
| 5,142,480 | 8/1992 | Morrow | 364/452 |

#### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 4315084 | 6/1992 | Japan . |
| 2144007 | 2/1985 | United Kingdom . |

#### OTHER PUBLICATIONS

Preistly, Neal "Terraine Referenced Navigation," IEEE Plans '90 Position Location and Navigation Symposium, pp. 482–489 (1990).

*Primary Examiner*—Michael Zanelli
*Attorney, Agent, or Firm*—Meltzer, Lippe, Goldstein, Wolf, Schlissel & Sazer

[57]              **ABSTRACT**

A device for avoiding aircraft collisions with the ground determines the geographical location of the aircraft, and has a data base containing a description of safety altitudes for the geographical location. From the geographical location and the description of safety altitudes, the collision-avoidance device computes an air floor about the vertical of the aircraft. The altitude of the floor is greater than or equal to the safety altitudes about this vertical. In addition, the collision-avoidance device predicts the air position of the aircraft and compares this situation with the air floor. An alarm sounds when the aircraft passes beneath the floor.

**20 Claims, 5 Drawing Sheets**



# EXHIBIT 34

## Sandra Frantzen

| | |
|---|---|
| **From:** | Leland Hansen |
| **Sent:** | Wednesday, June 20, 2007 12:12 PM |
| **To:** | 'LRankin@Sidley.com' |
| **Cc:** | 'pveith@Sidley.com'; Sandra Frantzen |
| **Subject:** | RE: Abbott v. J&J |

Laura:

Abbott objects to both Raffield declarations. Abbott believes that both declarations should not be considered by the Court. In particular, Abbott objects to the letters from deputy clerks in NJ. As we previously informed you, we believe these letters were obtained via improper ex parte communications. Further, the second letter apparently was obtained via ex parte communications after I specifically told Paul Veith that we objected to such communications. Despite our objection, you engaged in further ex parte communications with the deputy clerks.

That said, we will stipulate that you may file the second Raffield declaration in support of your response brief filed on June 13 and may supplement your brief on the following conditions:

(1) your supplemental filing should be filed and served on us (electronically) by noon tomorrow

(2) by noon tomorrow, you should provide us with a copy of all written communications with the court or the clerk's office relating to the letters from the deputy clerks and a detailed log of all communication (written and oral) with the court or the clerk's office relating to the letters from the deputy clerks

(3) the supplement to the brief should state:

"Defendants hereby submit the Supplemental Declaration of Gale Raffield ("Supplemental Raffield Declaration") in support of Defendants' Combined Answering Brief filed on June 13 (D.I. 58). Defendants request that the Court consider the Supplemental Raffield Declaration in conjunction with Defendants' arguments on page INSERT in their Answering Brief. Defendants previously submitted the Declaration of Gale Raffield ("Original Raffield Declaration") as Exhibit INSERT in support of their Answering Brief.

Plaintiffs have objected to both Raffield Declarations. Plaintiffs contend that neither Raffield Declaration should be considered by the Court. Plaintiffs will address the bases for their objections in their reply brief to be filed on June 22."

Even if you decide not to make a supplemental filing, we request that you provide the information in item (2) by noon tomorrow.

Leland

---

**From:** LRankin@Sidley.com [mailto:LRankin@Sidley.com]
**Sent:** Tuesday, June 19, 2007 12:40 PM
**To:** Leland Hansen; Sandra Frantzen
**Cc:** pveith@Sidley.com
**Subject:** RE: Abbott v. J&J

Leland and Sandra:

We don't believe we've heard back from you regarding our question below. Please let us know as soon as possible if Abbott will stipulate to our request.

Laura

| | |
|---|---|
| **From:** | Rankin, Laura |
| **Sent:** | Thursday, June 14, 2007 5:12 PM |
| **To:** | LHANSEN@mcandrews-ip.com; SFRANTZEN@mcandrews-ip.com |
| **Cc:** | Veith, Paul E. |
| **Subject:** | Abbott v. J&J |

Leland and Sandra:

Attached is a supplemental declaration of Gale Raffield with one exhibit. We will be filing this document today as an exhibit to

Defendants' reply brief.  We would like to supplement Defendants' response brief filed yesterday to include this exhibit.  Please let us know if Abbott will stipulate to Defendants filing this declaration (with exhibit) and a brief supplementation to Defendants response brief.

Regards,
Laura
**Laura H. Rankin**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Direct #:    (312) 853-0528

Fax.  (312) 853-7036

Email: lrankin@sidley.com

<< File: Untitled.pdf >>

```
Sidley Austin LLP mail server made the following annotations on 06/19/07, 12:39:46:
-----------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

*********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*********************************************************************************************
```

# ATTACHMENT A

