IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-613-SLR |
| v. | ) ) ) | |
| JOHNSON and JOHNSON, INC., and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THEIR COMBINED ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS (D.I. 58)

Plaintiffs do not oppose Defendants' request to amend their Combined Answering Brief to add a reference to a document already in the record. (*See* D.I. 65 at 1.) Instead, Plaintiffs use this motion as a forum to make substantive arguments in support of their motion to enjoin Cordis from prosecuting the New Jersey actions. (*Id.*) Specifically, Plaintiffs argue that the Court should disregard the declarations of Gale Raffield (D.I. 58, Ex. 1; D.I. 59, Ex. 1) and letters from the Deputy Clerk of the New Jersey Court. (D.I. 65 at 1.) The Raffield Declarations and the letters from the Deputy Clerk clearly demonstrate that Cordis Corporation ("Cordis")'s New Jersey Complaints were filed shortly after midnight on the day each of the patents-in-suit issued. Consequently, these two New Jersey lawsuits (as well as the New Jersey lawsuit filed on May 29, 2007) were filed *before* Plaintiffs filed actual or proposed claims on the same patents in Delaware.

Plaintiffs provide no basis for disregarding the Raffield Declarations and the letters from the Deputy Clerk. Contrary to Plaintiffs' assertions, Cordis did not engage in any improper *ex parte* communications with the New Jersey court. As explained in the declarations,

Ms. Raffield, a legal assistant at Cordis' New Jersey counsel's office, noticed inaccuracies on the Notices of Electronic Filing generated at the time she filed two of Cordis' complaints.  (D.I. 58, Ex. 1 at ¶¶ 8-9, 22; D.I. 59, Ex. 1 ¶¶ 3-4.)  Ms. Raffield called the court's toll free CM/EFC Helpdesk which is advertised as a resource available to anyone with questions regarding electronic filings.  *See* http://www.njd.uscourts.gov/cmecfHelpDesk.html.  In each instance, the Helpdesk referred Ms. Raffield to a deputy clerk in the Clerk's Office who then reviewed each of the filings at issue to confirm the time and date of filing and sent the letters attached to Ms. Raffield's declarations.  (*See* D.I. 58, Ex. 1 at Ex. B; D.I. 59 Ex. 1 at Ex. A.)  In neither instance did Ms. Raffield contact chambers, and Plaintiffs have never suggested that either she or anyone else ever did so.  This kind of inquiry concerning a purely ministerial matter does not constitute improper *ex parte* communications with the Court.

      The mere fact that the Clerk's confirmation of the correct times of filing happens to contradict and disprove Plaintiffs' assertion as to which party has the first-filed claims on Cordis' newly issued patents is not a valid reason for the Court to sweepingly disregard this evidence.  Cordis respectfully therefore requests that the Court grant Cordis' motion to amend, which is apparently unopposed, and disregard Plaintiffs' baseless attempts to discredit the letters from the Deputy Clerk and the Raffield Declarations.

ASHBY & GEDDES

/s/ *Steven J. Balick*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
Laura L. Kolb
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Dated: July 5, 2007
182065.v1