IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ABBOTT LABORATORIES and ADVANCED CARDIOVASCULAR SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-613-SLR |

**DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
BASED ON COVENANT NOT TO SUE**

Defendants Cordis Corporation and Johnson & Johnson, Inc. (collectively "Cordis") hereby respectfully move to dismiss this action filed by Abbott Laboratories and Advanced Cardiovascular Systems, Inc. (collectively "Abbott"), based on a covenant not to sue given by Cordis which eliminates any actual controversy regarding the patents-in-suit in this action.

Abbott filed this Declaratory Judgment action in September 2006 based on three patents that Cordis never asserted against Abbott or threatened Abbott with suit – U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,808,536 (the "'536 patent"), and 6,776,796 (the "'796 patent") (collectively the "patents-in-suit"). *See* D.I. 1. Cordis has filed a motion to dismiss this action based on lack of subject matter jurisdiction. Since filing its motion, Cordis delivered to Abbott a covenant not to sue on all of the patents-in-suit, and requested that Abbott agree to dismiss this action. Abbott has refused to do so. Because the execution of a covenant not to sue

"is sufficient to divest a trial court of jurisdiction over a declaratory judgment action," *Amana Refrigeration Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999), Cordis respectfully requests that the Court dismiss this action.

## I. BACKGROUND

On August 8, 2007, Cordis delivered to Abbott a covenant not to sue relating to the patents-in-suit, and requested that Abbott agree to dismiss this action.[1] The covenant stated, in pertinent part:

> Cordis unconditionally represents, stipulates, agrees, and covenants on behalf of itself and its successors in interest that it will not sue Abbott or ACS, or any party which they indemnify against infringement, for infringement of, or otherwise assert, enforce, or hold Abbott or ACS, or any party which they indemnify against infringement, liable for infringement of the '764, '536, and '796 patents based on the importation, manufacture, use, sale, or offer for sale of any drug-eluting stent containing the drug Everolimus, including the Xience V stent.[2]

Abbott responded on August 17, 2007, asserting that the scope of the covenant was "not sufficient to eliminate the controversy between the parties as to" the patents-in-suit.[3] Abbott contended that the covenant "should encompass zotarolimus products in addition to everolimus products"[4] and that it should "encompass Cordis affiliates and successors and Abbott/ACS affiliates, successors and customers."[5]

Although Cordis disagreed that the original covenant was insufficient to eliminate any "actual controversy" with respect to the patents-in-suit, as an accommodation to Abbott, Cordis modified the covenant to include zotarolimus products, Cordis affiliates and successors

---

[1] Letter from Russell E. Cass to Leland G. Hansen dated August 8, 2007 (attached hereto as Exhibit A).
[2] *Id.*
[3] Letter from Leland G. Hansen to Russell E. Cass dated Aug. 17, 2007 (attached hereto as Exhibit B).
[4] The Xience V stent that is the subject of this action contains the drug everolimus, which is an analog of the drug sirolimus (also known as rapamycin) used in Cordis's CYPHER stent. Zotarolimus is another analog of sirolimus, but is not used in the Xience V stent.
[5] *Id.*

2

and Abbott/ACS affiliates, successors and customers. On August 30, Cordis delivered a revised covenant not to sue stating in pertinent part:

> Cordis unconditionally represents, stipulates, agrees, and covenants on behalf of itself and <u>its affiliates and successors in interest</u> that it will not sue Abbott or ACS, <u>their affiliates, successors and customers</u>, or any party which Abbott or ACS indemnify against infringement, for infringement of, or otherwise assert, enforce, or hold Abbott or ACS, or any party which they indemnify against infringement, liable for infringement of the '764, '536, and '796 patents based on the importation, manufacture, use, sale, or offer for sale of any drug-eluting stent containing the drug Everolimus <u>or Zotarolimus</u>, including the Xience V stent.[6]

To date, however, Abbott has not agreed to dismiss this action. This motion followed.

## II. ARGUMENT

### A. CORDIS'S COVENANT NOT TO SUE DIVESTS THE COURT OF JURISDICTION OVER THE DECLARATORY JUDGMENT CLAIMS IN ABBOTT'S COMPLAINT

An actual controversy "must be extant at all stages of review, not merely at the time the Complaint is filed." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (*quoting Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also Benitec Australia, Ltd. v. Nucleonics, Inc.*, __ F.3d __, No. 06-1122, 2007 WL 2069646, at *3 (Fed. Cir. Jul. 20, 2007). The burden is on the party bringing the action "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [claim] was filed." *Id.* (internal citation and quotations omitted).

The Federal Circuit has consistently held that "a covenant not to sue for any infringing acts involving products 'made, sold or used' on or before the filing date is sufficient to

---

[6] Letter from Russell E. Cass to Leland G. Hansen dated August 30, 2007 (emphases added) (attached hereto as Exhibit C).

3

divest a trial court of jurisdiction over a declaratory judgment action" seeking a declaration of noninfringement or invalidity of the patents covered by the covenant. *Amana Refrigeration Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999); *see Super Sack*, 57 F.3d at 1059-60; *Intellectual Property Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1341-42 (Fed. Cir. 2001); *Metabolite Lab., Inc. v. Laboratory Corp. of America Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004); *Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*, No. 96-101-SLR, 1997 WL 811563, at *6-*7 (D. Del. Dec. 23, 1997); *Merck & Co., Inc. v. Apotex, Inc.*, 488 F. Supp.2d 418, 424 (D. Del. 2007).

Courts have continued to apply this rule following the Supreme Court's decision in *MedImmune v. Genentech*, 127 S. Ct. 764 (2007), which altered the Federal Circuit's "reasonable apprehension of suit" test for establishing a judiciable controversy. *See Benitec*, 2007 WL 2069646, at *6; *Merck*, 488 F. Supp.2d at 423-24; *Crossbow Tech., Inc. v. YH Tech.*, No. C 03-4360 SI, 2007 WL 2408879, at *3 (N.D. Cal. Aug. 21, 2007); *Warner Bros. Records, Inc. v. Stubbs*, No. CIV-06-793-M, 2007 WL 1959282, at *1-*2 (W.D. Okla. Jul. 2, 2007). For example, in *Benitec*, the Federal Circuit post-*MedImmune* found no actual controversy over declaratory judgment counterclaims where the plaintiff had executed a covenant not to sue. *See* 2007 WL 2069646, at *2, *6. In *Crossbow Tech.*, the court recognized that the Federal Circuit's *Benitec* decision "clarifies that a covenant not to sue is still sufficient to divest a trial court of subject matter jurisdiction, even under the new legal standard" set forth in *MedImmune*. 2007 WL 2408879, at *3; *see also Merck*, 488 F. Supp.2d at 424 (dismissing declaratory judgment action post-*MedImmune* because "Merck's covenant not to sue removes any cause for concern that Apotex could be held liable for infringement of the patents in suit").

Cordis's covenant not to sue removes any case or controversy concerning the patents-in-suit in this action. Cordis has promised not to sue Abbott for infringement of the patents-in-suit based on the Xience V stent (the only product raised in Abbott's Complaint) as well as any Zotarolimus products as requested by Abbott. Cordis's covenant also extends to Cordis's affiliates and successors and Abbott's affiliates, successors, and customers, as Abbott requested. There is no longer any controversy regarding any of the patents at issue in Abbott's Complaint. This action should therefore be dismissed for lack of subject matter jurisdiction.

### B. THIS ACTION IS MOOT AND SHOULD BE DISMISSED

In its correspondence, Abbott suggested that Cordis's covenant not to sue would not moot this action because Abbott has moved to supplement its Complaint to add additional patents issued after this action was filed.[7] Abbott's position is incorrect. The Court has not granted Abbott's motion, which Cordis has opposed. This action therefore only includes the patents covered by Cordis's covenant not to sue. Because there is no case or controversy with respect to those patents, the Complaint should be dismissed. Following dismissal, there will be no complaint to be supplemented, and no pending action with which any other case could be consolidated. *See, e.g., Cosden Oil & Chem. Co. v. Foster Grant Co., Ind.*, 432 F. Supp. 956, 958-60 (D. Del. 1977) (court first considered and denied declaratory judgment complaint for lack of subject matter jurisdiction before taking up plaintiff's motion for leave to file a supplemental complaint to add a claim on a newly-issued patent).

On the same day Abbott filed its motion to supplement the Complaint in this action to add the first of the newly-issued patents, Abbott also filed a new action, seeking a declaratory judgment with respect to that patent. *See* C.A. No. 07-259 (the "'259 action"), D.I. 1. Abbott subsequently moved to supplement the Complaint in the '259 action to include claims

---

[7] Exhibit C.

5

regarding two additional later-issued patents. Consequently, Abbott's claims with respect to the patents issued after the Complaint in this action was filed are fully raised in the '259 action.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Cordis's motion and dismiss this action for lack of subject matter jurisdiction.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Of Counsel:*

*Attorneys for Defendants*

David T. Pritikin
William H. Baumgartner, Jr.
Paul E. Veith
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Dated: August 31, 2007
183790.1

# EXHIBIT A



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| ONE SOUTH DEARBORN | BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO, IL 60603 | CHICAGO | LONDON | SINGAPORE |
| (312) 853 7000 | DALLAS | LOS ANGELES | TOKYO |
| (312) 853 7036 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

pveith@sidley.com
(312) 853-4718

FOUNDED 1866

August 8, 2007

**By E-mail and U.S. Mail**

Mr. Leland G. Hansen
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

Re:  <u>Abbott Laboratories et al. v. Johnson & Johnson et al.; No. 06-613-SLR (D. Del.)</u>

Dear Leland:

Attached is a proposed covenant not to sue for the patents at issue in the above-referenced '613 Declaratory Judgment action. This covenant renders the '613 action moot and removes any actual controversy with respect to the patents at issue. *See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995); *Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.*, 1997 WL 8111563 at *6-7 (D. Del. 1997); *Merck & Co. v. Apotex, Inc.*, 488 F.Supp.2d 418, 423-24 (D. Del. 2007). Based on this covenant, we expect that Abbott and ACS will agree to dismiss the '613 action. Please confirm that you will agree to do so.

We look forward to hearing from you.

Very truly yours,

Russell E. Cass

Enclosure

CH1 3959345v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | Civil Action No. 06-613 - SLR |

## COVENANT NOT TO SUE

WHEREAS, Cordis Corporation ("Cordis") owns all rights, titles and interest in U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,808,536 (the "'536 patent"), and U.S. Patent No. 6,776,796 (the "'796 patent");

WHEREAS Abbott Laboratories ("Abbott") and Abbott Cardiovascular Systems, Inc. ("ACS") have manufactured and are presently manufacturing a drug eluting stent containing the drug Everolimus, known as the Xience V stent, in the United States for sale abroad;

WHEREAS Abbott and ACS filed this civil action, captioned *Abbott Lab. v. Johnson & Johnson, Inc.*, C.A. No. 06-613-SLR on September 29, 2006, seeking a declaratory judgment that the '764, '536 and '796 patents are invalid and not infringed by the Xience V stent;

WHEREAS Cordis does not intend to assert the '764, '536 or '796 patents against Abbott or ACS.

NOW, THEREFORE, Cordis represents, stipulates, agrees, and covenants as follows:

1. Cordis unconditionally represents, stipulates, agrees, and covenants on behalf of itself and its successors in interest that it will not sue Abbott or ACS, or any party which they indemnify against infringement, for infringement of, or otherwise assert, enforce, or hold Abbott or ACS, or any party which they indemnify against infringement, liable for infringement of the '764, '536, and '796 patents based on the importation, manufacture, use, sale, or offer for sale of any drug-eluting stent containing the drug Everolimus, including the Xience V stent.

2. This covenant has no bearing upon whether the Xience V stent infringes any claims of the '764, '536, and '796 patents.

4. This covenant has no bearing upon the validity or enforceability of any claims of the '764, '536, and '796 patents.

5. This covenant does not extend to any patents other than the '764, '536, and '796 patents. Specifically, this covenant does not extend in any way to U.S. Patent Nos. 7,217,286, 7,223,286, and 7,229,473, which are the subject of litigation between Cordis and Abbott and ACS.

Dated: _____

CORDIS CORPORATION

By: _____
    Eric Harris

# EXHIBIT B



**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET 34TH FLOOR CHICAGO ILLINOIS 60661
(T) 312 775 8000  (F) 312 775 8100

LELAND G. HANSEN
(T) 312 775 8013
lhansen@mcandrews-ip.com

August 17, 2007

**Via email**

Mr. Russell E. Cass
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

      Re: *Abbott Laboratories et al. v. Johnson & Johnson et al.*; No. 06-613-SLR (D. Del.)

Dear Russ:

      Thank you for your letters regarding the proposal by your clients ("J&J") to execute a covenant not to sue for the 764, 536 and 796 patents. We are interested in exploring any reasonable proposal to narrow the disputes between the parties.

      As an initial matter, we are troubled by the timing of your proposal. We filed a declaratory judgment complaint in September, 2006. In December, 2006, J&J filed a motion to dismiss, alleging that the Court lacked subject matter jurisdiction. After the parties took discovery pertaining to the jurisdictional issue, the parties completed the briefing for the motion to dismiss. J&J submitted the final brief on June 14, 2007, more than two months ago. Now, almost a year after we filed suit and after the parties have expended substantial resources addressing your motion to dismiss, your clients propose to execute a covenant not to sue, which you contend would moot the pending motion to dismiss. Why did you wait almost a year and allow the parties to expend so many resources before making such a proposal? Your clients could have executed a covenant not to sue at any time, even before we filed the declaratory judgment complaint.

      That said, we have three principal concerns with the substance of the proposal as presently drafted, particularly under the facts and circumstances of this case.

      First, the scope of the draft covenant not to sue is not sufficient to eliminate the controversy between the parties as to the 764, 536 and 796 patents. For example, the covenant not to sue should encompass zotarolimus products in addition to everolimus products. Also, the covenant not to sue should encompass Cordis affiliates and successors and Abbott/ACS affiliates, successors and customers.



Russell E. Cass
August 17, 2007
Page 2

Second, we object to paragraphs 2, 4 and 5 in the draft covenant not to sue. (We note that the paragraph numbering skips from 2 to 4.) For example, your clients have failed to identify any material differences between the claims on the 764, 536 and 796 patents ("the original patents") on the one hand and the 7286, 3286 and 473 patents ("the new patents") on the other hand. Accordingly, under the facts and circumstances of this case, your clients cannot execute a covenant not to sue for the original patents and then assert claims for the same subject matter from the new patents.

Third, although we welcome an appropriate covenant not to sue for the original patents, we do not agree that such a covenant would "moot" the 613 action, as you suggest. As you know, we promptly moved to supplement the complaint in the 613 action as each of the new patents issued. The Court had jurisdiction when we filed the original complaint. The Court had jurisdiction when we filed the motions to supplement. Jurisdiction has now vested as to all of the new patents. Moreover, as a matter of law, it is inappropriate to dismiss a complaint for lack of jurisdiction where the plaintiff can establish jurisdiction by amending or supplementing the complaint. (*See* Fed. R. Civ. P. 15.)

In view of the foregoing, please reconsider our alternative proposal that would narrow the disputes between the parties and lessen the burden on the Court. Specifically, J&J would withdraw its motion to dismiss, stipulate to supplementing the complaint in the 613 action with the new patents, and agree to dismiss the New Jersey actions. If J&J also executed an appropriate covenant not to sue, Abbott then would stipulate that the original patents could be dismissed from the 613 action. The 613 action would continue before Judge Robinson for the new patents. As you know, Judge Robinson is highly regarded and has a wealth of experience with the parties and stent technology, including drug eluting stents. Indeed, over the past decade, J&J has regularly engaged in patent litigation before Judge Robinson. No judge is more qualified to resolve the present dispute between the parties. We are not aware of any legitimate reason why J&J should prefer that another judge preside over the present litigation.

We hope that these discussions will prove profitable and that the parties will be able to narrow the present disputes.

Very truly yours,

s/Leland G. Hansen

Leland G. Hansen

# EXHIBIT C



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

rcass@sidley.com
(312) 853-4718

BEIJING       GENEVA        SAN FRANCISCO
BRUSSELS      HONG KONG     SHANGHAI
CHICAGO       LONDON        SINGAPORE
DALLAS        LOS ANGELES   TOKYO
FRANKFURT     NEW YORK      WASHINGTON, DC

FOUNDED 1866

August 30, 2007

**By E-mail and U.S. Mail**

Mr. Leland G. Hansen
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

    Re:    <u>Abbott Laboratories et al. v. Johnson & Johnson et al.; No. 06-613-SLR (D. Del.)</u>

Dear Leland:

    Thank you for your letter of August 17, 2007.

    We disagree with your assertion that the scope of the proposed covenant we sent to you on August 8 is not sufficient to moot any actual controversy over the patents at issue in the '613 action. As an accommodation to you, however, we have modified the covenant to include zotarolimus products, as well as to encompass Cordis affiliates and successors and Abbott/ACS affiliates, successors and customers. A revised covenant is attached.

    We do not understand your objection to paragraphs 2, 4 and 5 of the covenant. In your letter, you assert that Cordis "cannot execute a covenant not to sue for the original patents and then assert claims for the same subject matter from the new patents." We are not aware of any authority for such a position. Please let us know what authority you are relying on to support your statement.

    We also disagree with your assertion that the covenant would not moot the '613 action. Although Abbott has moved to supplement its Complaint the '613 action, that motion has not been granted by the Court. Because there is no longer any case or controversy concerning the '613 action, it would be improper to supplement it based on later occurring-events. Under Fed. R. Civ. P. 15, any such amendment would not relate back to the original filing of the Complaint in the '613 action.

    Finally, we do not think your "alternative" proposal would be fair or appropriate. Abbott filed the '613 action prematurely in order to deprive Cordis, the patent holder, of its preferred forum in New Jersey (where both Cordis and J&J are located) for cases involving Cordis' later-issued patents. We suggest that an appropriate course of action would be for Abbott to agree to dismiss the Delaware actions and allow the New Jersey cases to proceed.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

Case 1:06-cv-00613-SLR    Document 68    Filed 08/31/2007    Page 16 of 18



Mr. Leland G. Hansen
August 30, 2007
Page 2

    Please let me know as soon as possible whether you will agree to dismiss the '613 action based on the enclosed covenant not to sue.

                                     Very truly yours,

                                     Russell E. Cass

Enclosure

CH1 3976892v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-613 - SLR |

## COVENANT NOT TO SUE

WHEREAS, Cordis Corporation ("Cordis") owns all rights, titles and interest in U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,808,536 (the "'536 patent"), and U.S. Patent No. 6,776,796 (the "'796 patent");

WHEREAS Abbott Laboratories ("Abbott") and Abbott Cardiovascular Systems, Inc. ("ACS") have manufactured and are presently manufacturing a drug eluting stent containing the drug Everolimus, known as the Xience V stent, in the United States for sale abroad;

WHEREAS Abbott and ACS filed this civil action, captioned *Abbott Lab. v. Johnson & Johnson, Inc.*, C.A. No. 06-613-SLR on September 29, 2006, seeking a declaratory judgment that the '764, '536 and '796 patents are invalid and not infringed by the Xience V stent;

WHEREAS Cordis does not intend to assert the '764, '536 or '796 patents against Abbott or ACS.

NOW, THEREFORE, Cordis represents, stipulates, agrees, and covenants as follows:

1. Cordis unconditionally represents, stipulates, agrees, and covenants on behalf of itself and its affiliates and successors in interest that it will not sue Abbott or ACS, their affiliates, successors and customers, or any party which Abbott or ACS indemnify against infringement, for infringement of, or otherwise assert, enforce, or hold Abbott or ACS, or any party which they indemnify against infringement, liable for infringement of the '764, '536, and '796 patents based on the importation, manufacture, use, sale, or offer for sale of any drug-eluting stent containing the drug Everolimus or Zotarolimus, including the Xience V stent.

2. This covenant has no bearing upon whether the Xience V stent infringes any claims of the '764, '536, and '796 patents.

3. This covenant has no bearing upon the validity or enforceability of any claims of the '764, '536, and '796 patents.

4. This covenant does not extend to any patents other than the '764, '536, and '796 patents. Specifically, this covenant does not extend in any way to U.S. Patent Nos. 7,217,286, 7,223,286, and 7,229,473, which are the subject of litigation between Cordis and Abbott and ACS.

Dated: 8/30/07

CORDIS CORPORATION

By: _____
    Eric Harris

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ADVANCED CARDIOVASCULAR SYSTEMS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-613-SLR |
| JOHNSON AND JOHNSON INC. and CORDIS CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

### ORDER

At Wilmington this _____ day of _____, 2007, having considered Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Covenant Not to Sue,

IT IS HEREBY ORDERED that Defendants' motion is GRANTED and this matter is hereby dismissed for lack of subject matter jurisdiction based on a covenant not to sue.

_____
United States District Judge