# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

September 6, 2007

**VIA HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Abbott Laboratories and Abbot Cardiovascular Systems Inc. v. Johnson & Johnson, Inc. and Cordis Corporation*, C.A. No. 06-613-SLR

Dear Judge Robinson:

In anticipation of the Rule 16 teleconference schedule for this Friday at 8:00 a.m., the parties have discussed the Court's proposed form of Scheduling Order. Attached in the product of those discussions. As the Court will observe, the parties were not able to reach an agreement on many of the dates. Accordingly, the parties' respective positions are set forth therein for the Court's consideration. We look forward to discussing these matters with the Court on Friday.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
Attachment
cc: Clerk of the Court (by hand delivery)
    Steven J. Balick, Esquire (by e-mail)
    David T. Pritikin, Esquire (by e-mail)
    Edward A. Mas, II, Esquire (by e-mail)
    Leland G. Hansen, Esquire (by e-mail)
    Frederick L. Cottrell, III, Esquire (by e-mail)

RLF1-3197428-1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) ) | Civil Action No. 06-613-SLR |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this 7th day of September 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2 (a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by September 26, 2007 the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects without limitation:

    conception; reduction to practice; diligence; prior art; inventorship; ownership; patent prosecution; claim construction; invalidity; enablement; written description; best mode; derivation; infringement; noninfringement; Xience V stent; polymer coatings; therapeutic compounds (e.g., rapamycin and everolimus); licensing; Cypher stent; sales; finances; marketing; stent design and architecture; competitive environment; damages; remedies; any other facts or issues pertaining to the parties' claims and defenses; and according to defendants, profits

1

  (b) All fact discovery shall be commenced in time to be completed by [P: November 6, 2008; D: February 1, 2008].

    (1) Document production shall be completed on or before [P: May 15, 2008; D: November 15, 2007].

    (2) Maximum of [P: 25; D: 30] interrogatories by each party to any other party.

    (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4) Maximum of [P: 25; D: 50] requests for admission by each party to any other party.

    (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6) Maximum of [P: N/A; D: 15] fact depositions by plaintiff(s) and [P: N/A; D: 15] by defendant(s). Each fact deposition limited to a maximum of [P: N/A; D: 7] hours unless extended by agreement of parties.

      **[OR]**

    Maximum of [P: 140; D: N/A] hours for fact depositions.

  (c) Expert discovery shall be commenced in time to be completed by [P: March 12, 2009; D: April 11, 2008].

(1) Expert reports on issues for which the parties have the burden of proof due [P: January 8, 2009; D: February 15, 2008]. Rebuttal expert reports due [P: February 19, 2009; D: March 14, 2008].

(2) Expert depositions to be limited to a maximum of [P: 70 hours total; D: 7 hours per deposition] unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before [P: April 9, 2009; D: April 18, 2008]

(d) If willfulness has been asserted and absent agreement among the parties, the plaintiffs must inform defendants as to whether they intend to rely on advice of counsel by [P: in view of *In re Seagate Tech., LLC*, Misc. No. 830, 2007 U.S. App. LEXIS 19768 (Fed. Cir. Aug. 20, 2007), following a decision on the merits; D: December 17, 2007]. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by plaintiffs to their counsel and whatever other materials related to the issues in dispute that plaintiffs had in their possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due [P: September 11, 2008; D: April 18, 2008].

(f) **Discovery Disputes.**

(1) The court shall conduct [P: two; D: one] in-person discovery status conference(s) on [P: February 7, 2008 and August 28, 2008 at 4:30 p.m.; D: December 10, 2007 from ____ m. to ____ m.], the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness

3

(including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before [P: August 7, 2008; D: November 15, 2007].

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms [P: by March 26, 2009; D: by 30 days before the end of fact discovery]. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before [P: July 16, 2009, opposition papers on or before August 13, 2009, and reply papers on or before September 3, 2009; D: February 15, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2.] No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

4

7.      **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on [P: April 23, 2009; D: January 18, 2008], with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on [P: May 21, 2009; D: February 15, 2008]. Simultaneous response briefs should be filed by [P: June 18, 2009; D: March 7, 2008]. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on [P: September 24, 2009 at _____ m. D: TBD _____ at _____ m.]

8.      **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)     **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.      **Motions in Limine.** No motions in limine shall be filed, instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

5

10.     **Pretrial Conference.**  A pretrial conference will be held [P: November 30, 2009 at _____ m ; D: May 16, 2008, or as soon thereafter as the Court's calendar permits at _____ m.] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial**  This matter is scheduled for a _____ jury trial commencing on [P: 14 days after the pretrial conference, or as soon thereafter as the Court's calendar permits; D: June 18, 2008, or as soon thereafter as the Court's calendar permits]_____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.


_____
United States District Judge