# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

September 6, 2007

**VIA HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Abbott Laboratories and Abbot Cardiovascular Systems Inc. v. Johnson & Johnson, Inc. and Cordis Corporation*, C.A. No. 06-613-SLR

Dear Judge Robinson:

On behalf of the plaintiffs (collectively "Abbott"), I write in response to the letter submitted yesterday by defendants (collectively "Cordis"). (D.I. 69.) Cordis gave Abbott no prior notice of the letter. In the letter, Cordis repeats its argument on the principal disputed point raised by Cordis' motion filed late on August 31, 2007, which is its second motion to dismiss in this action. (*See* D.I. 68 at 5-6.) Cordis' letter is a clear violation of Your Honor's standing order barring letters "containing substantive legal arguments."

In the September 5 letter, Cordis attempts to mislead the Court by casting the issue as noncontroversial and merely procedural, implicitly suggesting that Abbott has no objection. To the contrary, Abbott vigorously disputes Cordis' position, as Cordis is fully aware from communications between counsel. (*See, e.g.,* Ex. B to D.I. 68, at 2.) In addition, in communications between counsel, Cordis has indicated that it intends to press its position during the Rule 16 teleconference tomorrow. Regretfully and with apologies to the Court, Cordis' unauthorized letter necessitates this response.

Contrary to Cordis' improper suggestions, the Court can and should grant Abbott's motion to supplement (D.I. 43, 51 and 57) before addressing either of Cordis' motions to dismiss. *See* Fed. R. Civ. P. 15(d); *Matthew Bender & Co. v. West Publ'g Co.*, 37 U.S.P.Q.2d 1402, 1403-05 (S.D.N.Y. 1995) (granting motion to supplement despite pending motion to dismiss); *PE Corp. v. Affymetrix, Inc.*, No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792, at *6-7 (D. Del. Sept. 27, 2001) (considering motion to amend before considering motion to dismiss); *see also Mathews v. Diaz*, 96 S.Ct. 1883, 1889 n.9 (1976). Leave to supplement should be liberally granted. *Medeva Pharma Ltd. v. Am. Home Prods Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001).

The Honorable Sue L. Robinson
September 6, 2007
Page 2

Moreover, granting Abbott's motion to supplement is the most efficient way to resolve all other motions pending before the Court. Granting the motion to supplement would resolve both motions to dismiss. <u>Cordis does not and cannot dispute an actual controversy between the parties as to the patents at issue in the motion to supplement.</u> Likewise, granting Abbott's motion to supplement would moot the alternative motion to consolidate. And, granting the motion to supplement would resolve the motion to enjoin Cordis' later-filed parallel litigation in New Jersey. Abbott filed this action in Delaware in September 2006. Cordis did not file in New Jersey until May 2007, <u>more than seven months later.</u> In contrast, addressing the motions to dismiss first, as Cordis urges, would be inefficient and would result in legal error. <u>Cordis' motions to dismiss address only three of the six patents at issue in this case.</u>

If necessary, Abbott will file an answering brief to Cordis' second motion to dismiss by the due date, September 17, 2007. Abbott respectfully requests, however, that the Court grant Abbott's motion to supplement, which should resolve that motion to dismiss and all the other pending motions.

Respectfully,

*Anne Shea Gaza*

Anne Shea Gaza
(#4093)

ASG/afg

cc:  Clerk of the Court (by hand delivery)
     Steven J. Balick, Esquire (by e-mail)
     David T. Pritikin, Esquire (by e-mail)
     Edward A. Mas, II, Esquire (by e-mail)
     Leland G. Hansen, Esquire (by e-mail)
     Frederick L. Cottrell, III, Esquire (by e-mail)

RLF1-3197862-1