# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 06-613-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

OF COUNSEL:
Edward A. Mas II
Leland G. Hansen
Sandra A. Frantzen
Christopher J. Buchko
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Frederick L. Cottrell III (#2555)
cottrell@RLF.com
Anne Shea Gaza (#4093)
gaza@RLF.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys For Plaintiffs Abbott Laboratories
and Abbott Cardiovascular Systems, Inc.*

Date: September 20, 2007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

I.     INTRODUCTION ..................................................................................................1

II.    FACTUAL BACKGROUND ...............................................................................3

       A.     The Six Patents-In-Suit................................................................................3

       B.     The Covenant Not To Sue.............................................................................4

       C.     Procedural History Of The Present Litigation ...........................................4

              1.     Abbott's Original Complaint ..............................................................4

              2.     Cordis' First Motion To Dismiss .......................................................5

              3.     Additional Pleadings As The New Patents Issued ...........................5

                     a.     Abbott's Motion To Supplement ...........................................6

                     b.     Cordis' New Jersey Lawsuits.................................................6

                     c.     Abbott's Motion To Enjoin ...................................................7

              4.     Cordis' Second Motion To Dismiss...................................................7

III.   ARGUMENT .........................................................................................................9

       A.     As A Matter Of Law, The Court Should Grant Abbott's Motion To
              Supplement Before Considering Cordis' Motions To Dismiss ...............9

       B.     The New Patents And The Original Patents Are All Part And
              Parcel Of The Controversy Between The Parties ...................................14

IV.    CONCLUSION ...................................................................................................17

i

# TABLE OF AUTHORITIES

*Applied Vision, Inc. v. Optical Coating Lab., Inc.*,
  No. C97-1233, 1997 U.S. Dist. LEXIS 16306 (N.D. Cal. Sept. 23, 1997) ............................. 14

*Cosden Oil & Chem. Co. v. Foster Grant Co.*,
  432 F. Supp. 956 (D. Del. 1977)........................................................................... 9, 10, 14

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941) ............................................................................................. 9

*Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*,
  87 F.R.D. 398 (W.D.N.Y. 1980)............................................................... 13, 14, 15, 16

*Intel Corp. v. AmberWave Sys. Corp.*,
  233 F.R.D. 416 (D. Del. 2005) ....................................................................................... 14

*Kimberly-Clark Corp. v. McNeil-PPC, Inc.*,
  260 F. Supp. 2d 738 (E.D. Wis. 2003)........................................................................... 14

*Mathews v. Diaz*,
  426 U.S. 67 (1976) ......................................................................................................... 12

*Matthew Bender & Co. v. West Publishing Co.*,
  37 U.S.P.Q. 2d 1402 (S.D.N.Y. 1995)........................................................................... 13

*Medeva Pharma Ltd. v. Am. Home Prods. Corp.*,
  201 F.R.D. 103 (D. Del. 2001) ....................................................................................... 12

*Owens-Illinois Glass Container, Inc. v. B&H Mfg., Inc.*,
  13 U.S.P.Q. 2d 2061 (E.D. Cal. 1989)........................................................................... 14

*PE Corp. v. Affymetrix, Inc.*,
  No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001).............................. 13

*Ramsey Group v. EGS Int'l, Inc.*,
  208 F.R.D. 559 (W.D.N.C. 2002)......................................................................... *passim*

*Saes Getters v. Aeronex, Inc.*,
  219 F. Supp. 2d 1081 (S.D. Cal. 2002)........................................................................... 14

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
  174 F. Supp. 2d 388 (D. Md. 2001) ......................................................................... 13, 15

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
  57 F.3d 1054 (Fed. Cir. 1995) ....................................................................................... 16

*Versus Tech., Inc. v. Hillenbrand Indus., Inc.*,
  No. 1:04-CV-168, 2004 U.S. Dist. LEXIS 28331
  (W.D. Mich. Nov. 23, 2004)........................................................................................... 14

ii

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ................................................................................................................ 12, 15

RLF1-3203416-1

## I.    INTRODUCTION

Cordis' second motion to dismiss is the latest in its increasingly desperate attempts to escape the jurisdiction of this Court. Cordis asks the Court to dismiss the entire action in light of a covenant not to sue, which Cordis executed one day before filing the motion. In the same breath, however, Cordis states that the covenant does not apply to three of the patents at issue in this case. Cordis concedes that those patents remain in controversy between the parties. For this reason alone, Cordis' motion to dismiss should be denied.

In Abbott's supplemental complaint, Abbott seeks a declaratory judgment for six patents: three patents from the original complaint and three directly related patents that issued after the original complaint was filed. According to Cordis, the covenant not to sue does not apply to the new patents. Indeed, well after Abbott filed the present declaratory judgment action, Cordis filed patent infringement actions for each of the new patents in New Jersey. By stipulation, the New Jersey court has stayed these actions and deferred to this Court to determine whether the litigation should proceed in Delaware. (Ex. H.)

The new patents are "continuations" of two of the original patents and, as determined by the Patent Office, the new patent claims are "not patentably distinct" from the original patent claims. In short, the subject matter of the new patents is inextricably intertwined with the subject matter of the original patents. Moreover, as set forth in Abbott's original complaint, the applications for the new patents were embroiled in the controversy between the parties even before the new patents issued from the Patent Office. Accordingly, under deeply rooted principles, the present declaratory judgment action constitutes the first-filed action for both the original patents and the new patents.

Cordis clearly does not want to litigate the present controversy in this District, even

1

though no other court can match the experience of this Court in stent patent litigation. Simply put, Cordis is trying to distance itself from inconsistent positions it has taken in prior stent litigation in this Court.[1] That reality is the elephant in the room that Cordis refuses to acknowledge.

In order to litigate in New Jersey, Cordis now is trying to eliminate this case as the first-filed case. Towards that end, Cordis urges the Court to engage in procedural slight of hand. Specifically, Cordis invites the Court to commit legal error by granting the motion to dismiss before considering Abbott's prior motion to supplement. The parties already briefed this issue in connection with prior motions. *See, e.g.,* D.I. 63 at 14-15. Cordis has not cited a single case, in the earlier briefing or in support of its second motion to dismiss, where a court granted a motion to dismiss while a proper motion to supplement was pending. Indeed, in the only case on which Cordis relies, the court denied the patent owner's motion to dismiss, granted the declaratory judgment plaintiff's motion to supplement to add a newly issued patent, and enjoined the patent owner's lawsuit for the new patent in another district.

Because the covenant not to sue does not extinguish the entire controversy between the parties, Cordis' motion to dismiss should be denied. Indeed, granting Abbott's motion to supplement will moot Cordis' belated motion to dismiss. The parties then will litigate the controversy pertaining to the new patents in this Court where Abbott brought the first-filed case more than seven months before Cordis filed in New Jersey.

---

[1] The sole explanation offered by Cordis for selecting New Jersey is that Cordis Corporation allegedly has "business operations" there. (D.I. 58 at 12.) More specifically, in the New Jersey complaints for the new patents, Cordis asserts that is has a "principal place of business" in New Jersey. (D.I. 48, Ex. 10, ¶ 1.) However, in direct conflict with its present position, Cordis recently filed an answer in another district denying that it has a principal place of business in New Jersey. (D.I. 48, Ex. 15, ¶ 3.) Caught espousing inconsistent positions, Cordis now argues that its principal place of business is "not relevant" in this action. (D.I. 58 at 12.) Cordis has failed to offer any credible justification for its attempts to escape the jurisdiction of this Court.

## II.    FACTUAL BACKGROUND

### A.    The Six Patents-In-Suit

Six patents are at issue in this lawsuit. On September 29, 2006, Abbott filed the original declaratory judgment complaint with a count for each of U.S. Patent Nos. 6,585,764 (the "764 patent"), 6,808,536 (the "536 patent"), and 6,776,796 (the "796 patent") (collectively "the original patents"). (D.I. 1.) Pursuant to the motion to supplement, Abbott has brought an additional declaratory judgment count for each of U.S. Patent Nos. 7,217,286 (the "7286 patent"), 7,223,286 (the "3286 patent"), and 7,229,473 (the "473 patent") (collectively "the new patents"). The new patents all issued after Abbott filed the original declaratory judgment complaint.

Five of the patents at issue are members of the same patent family (the "Wright patent family"). Specifically, all of the new patents (the 7286 patent, the 3286 patent, and the 473 patent) and two of the original patents (the 764 patent and the 536 patent) are all members of the Wright patent family.[2] As members of the same patent family, the five Wright patents all arise from the same original patent application and share a common specification. Moreover, the Patent Office determined that the claims of the new Wright patents are "not patentably distinct" from the claims of the original Wright patents. (Ex. A., Office Actions at ABT 008786-87, ABT 007923-24, and ABT 008518-19.) In response, Cordis filed terminal disclaimers with the Patent Office so that all five patents in the Wright family expire on the same date. (Ex. B, Terminal Disclaimers.)

---

[2] The sixth patent, the 796 patent, is part of the separate Falotico patent family. Both patent families relate to drug-eluting stents.

### B.    The Covenant Not To Sue

On August 30, 2007, almost a year after Abbott filed the present declaratory judgment action, Cordis executed a covenant not to sue Abbott for infringement of the original patents. (Ex. C.) In conjunction with the covenant not to sue, Cordis expressly stated:

> This covenant does not extend to any patents other than the [original patents]. Specifically, this covenant does not extend in any way to [the new patents], which are the subject of litigation between Cordis and Abbott and ACS.

(*Id.*, ¶ 4.) Accordingly, the covenant not to sue does <u>not</u> extinguish the controversy about the new patents. This is not in dispute. Indeed, for the new patents, the covenant created an additional controversy regarding the effect and scope of the covenant itself. Assuming, *arguendo*, that Cordis wanted the Court to dismiss the entire case, Cordis should have executed a covenant not to sue that unambiguously extinguished the entire controversy between the parties.

### C.    Procedural History Of The Present Litigation

#### 1.    Abbott's Original Complaint

On September 29, 2006, almost a full year ago, Abbott filed the original complaint in this action seeking a declaratory judgment for the original patents. (D.I. 1.) In the original complaint, Abbott pled that Cordis created a controversy between the parties as to the original patents for at least two independent reasons.

<u>First</u>, in interviews that Cordis solicited with industry analysts and the news media and in direct communications with Abbott, Cordis asserted that Abbott's XIENCE V stent allegedly infringed the original patents. (*Id.*, ¶¶ 19-39.) As a direct and intended result of Cordis' actions, the analysts and news media published numerous reports infecting the marketplace with Cordis' infringement allegations. (*Id.*)

<u>Second</u>, in the Patent Office, Cordis was prosecuting additional patent applications that were directly related to the original patents, including the applications that eventually issued as

the new patents. (*Id*, ¶¶ 40-47.) In an effort to expedite the applications, Cordis asserted that the XIENCE V infringed the pending claims, which the Patent Office determined were "not patentably distinct" from the claims of the original patents. (*Id*, ¶¶ 41 and 45; Ex. A, Office Actions.) Due to the similarity of the claims and the direct relationship between the original patents and the pending applications, Cordis' infringement allegations about the pending claims created a controversy between the parties about the original patents. (D.I. 1, ¶¶ 40-47.) In other words, as set forth in the underline original complaint, the applications for the new patents were embroiled in the controversy between the parties even before the new patents issued.

### 2.    Cordis' First Motion To Dismiss

On December 13, 2006, Cordis moved to dismiss the original complaint for lack of subject matter jurisdiction, arguing that there was no controversy between the parties. (D.I. 14.) For several months, the parties conducted discovery relating to the motion to dismiss, including document production, interrogatories, and depositions. After the parties completed that discovery, Cordis filed an amended memorandum in support of the motion on April 26, 2007. (D.I. 41.) Briefing on the motion to dismiss was completed on June 14, 2007. (D.I. 59.) This motion is presently pending.

### 3.    Additional Pleadings As The New Patents Issued

The new patents issued earlier this year on May 15 (the 7286 patent), May 29 (the 3286 patent), and June 12 (the 473 patent). As discussed above, while prosecuting applications for the new patents in the Patent Office, Cordis expressly asserted that Abbott's XIENCE V stent infringed claims that issued in the new patents. Accordingly, the controversy between the parties immediately extended to each of the new patents as it issued from the Patent Office.

### a.    Abbott's Motion To Supplement

When the 7286 patent issued May 15, 2007, Abbott promptly (at 12:01 a.m.) moved to supplement the complaint to add a declaratory judgment count for the new patent.  (D.I. 43.) Likewise, as the 3286 patent and the 473 patent each issued from the Patent Office, Abbott promptly moved to add a declaratory judgment count for each of the new patents.  (D.I. 51 and 57.)[3]  Cordis concedes, as it must, that the new patents are in controversy between the parties. Briefing on Abbott's motion to supplement was completed on June 22, 2007, almost two months before Cordis filed its second motion to dismiss.  (D.I. 63.)

### b.    Cordis' New Jersey Lawsuits

After the Patent Office published the dates when the new patents would issue, Abbott informed Cordis that Abbott would move to supplement its declaratory judgment complaint when the new patents issued.  (Ex. D, May 14, 2007 Hansen email.)  Nevertheless, Cordis filed a patent infringement complaint in New Jersey as each new patent issued.  When the 7286 patent issued on May 15, 2007, Cordis filed in New Jersey at 11:07 a.m., according to the official filing receipt, which is well after Abbott moved to supplement (and in the alternative filed a new complaint) in this District.  (D.I. 63 at 16-18; D.I. 48 at Ex. 10.)  Cordis argues, however, that it was able to persuade a deputy clerk in New Jersey to write a letter allegedly establishing that Cordis filed earlier that morning.  (D.I. 63 at 16-18.)

As discussed below, after granting Abbott's motion to supplement, the Court need not reach the issue of which party filed first on May 15.  In any event, the Court should rely on the

---

[3] In the alternative, Abbott filed a new declaratory judgment complaint for the new patents and moved to consolidate with the present action.  (C.A. No. 07-259-SLR, D.I. 1; C.A. No. 06-613-SLR, D.I. 43.)  Abbott filed the new declaratory judgment complaint as soon as the clerk's office opened on May 15, 2007, the same day that the 7286 patent issued.  As the Court is aware, new complaints must be filed in person in this District.

official filing receipt and should disregard the alleged correspondence with deputy clerks in New

Jersey. Among other things, Abbott believes Cordis solicited the letters via improper *ex parte*

communications with the deputy clerks in New Jersey. Moreover, Cordis has implicitly

conceded that, contrary to the letters from the deputy clerks, the Notice sent by the New Jersey

court at 11:07 a.m. comports with the local rules and procedures in that district. (D.I. 58 at 9

("The clerk's office assigned Cordis' action case number 07-2265 and sent an email to that effect

at 11:07 a.m.").)

Pursuant to the parties' stipulation, the New Jersey court has stayed the New Jersey

actions until this Court determines whether the parties should litigate in Delaware. (Ex. H.)

### c.      Abbott's Motion To Enjoin

Abbott has moved to enjoin the New Jersey litigation. (D.I. 47.) With respect to the

present controversy, Abbott filed first in this District <u>more than seven months</u> before Cordis filed

in New Jersey. Accordingly, the New Jersey litigation should be enjoined pursuant to the first-

filed rule. (D.I. 48 at 8-17.) Moreover, this Court has substantial experience with stents and

drug-eluting stent technology, including prior litigation involving the present parties and prior

litigation initiated by Cordis in this District. (*Id.* at 18.) The New Jersey court has no such

experience. Briefing for Abbott's motion to enjoin was completed on June 22, 2007, almost two

months before Cordis filed its belated second motion to dismiss. (D.I. 63.)

### 4.      Cordis' Second Motion To Dismiss

Cordis first raised the possibility of a covenant not to sue in a letter on August 8, 2007.

(Ex. E.) Cordis sent a draft covenant as an enclosure to the letter. (*Id.*) In subsequent

correspondence, Abbott pointed out that the draft covenant did not extinguish the controversy for

7

any of the patents, original or new. (Ex. F.) Cordis then revised the covenant to extinguish the controversy for the original patents but not the new patents, as discussed above. (Ex. C.)

Notably, Cordis did not execute (or offer) a covenant not to sue until _after_ all of the following occurred:

- In a carefully orchestrated campaign, Cordis solicited interviews with industry analysts and news reporters and infected the marketplace with allegations that Abbott's XIENCE V stent infringed the original patents.

- Abbott filed the original complaint in this action seeking a declaratory judgment that the original patents were invalid and not infringed by XIENCE V. (Notably, when Abbott filed the original complaint, the Patent Office had rejected all the claims in each of the applications for the new patents. Abbott could not foresee whether or when any new patents might issue or with what claims.)

- The new patents issued with claims that are "not patentably distinct" from the claims of the original patents.

- The parties conducted substantial discovery, involving the parties and non-parties, pertaining to Cordis' original motion to dismiss, including document production, interrogatories, and depositions.

- The parties had fully briefed Cordis' original motion to dismiss, Abbott's motion to supplement, and Abbott's motion to enjoin, and the Court had set a pretrial scheduling conference.

At this juncture, Cordis apparently concluded that the Court was on the verge of denying Cordis' original motion to dismiss and enjoining the later-filed actions in New Jersey. Anxious to escape the jurisdiction of this Court, Cordis apparently decided at this point to sacrifice the original patents because the claims of the new patents are so similar to the claims of the original patents. Cordis then executed the covenant not to sue and filed a second motion to dismiss, arguing that the Court should ignore the fact that the covenant does not extinguish the entire controversy between the parties.

III.    **ARGUMENT**

A.    **As A Matter Of Law, The Court Should Grant Abbott's Motion To Supplement Before Considering Cordis' Motions To Dismiss**

Cordis has now filed two motions to dismiss this action. Both motions to dismiss pertain only to the original patents. Neither motion addresses the entire controversy including the new patents. In an attempt to circumvent this fundamental flaw, Cordis suggests, if the Court were to ignore Abbott's motion to supplement, the Court then could pretend that the controversy is limited to the original patents and dismiss the entire case. Notably, Cordis fails to cite a single case where a court ignored a motion to supplement in order to grant a motion to dismiss. Indeed, on this point, the only case cited by Cordis supports Abbott, not Cordis. (D.I. 68 at 5 (citing *Cosden Oil & Chem. Co.* v. *Foster Grant Co.*, 432 F. Supp. 956 (D. Del. 1977)).

In the *Cosden Oil* case cited by Cordis, Cosden filed a declaratory judgment action for a first patent in Delaware. *Id.* at 957-58. Later, a second related patent issued. *Id.* at 958. On the same day the second patent issued, the patent owner Foster filed a patent infringement complaint in Texas. *Id.* Three days later, Cosden filed an amended (or supplemental) complaint in Delaware seeking to add the new patent to the declaratory judgment action in Delaware. *Id.* Cosden moved to enjoin the Texas lawsuit and Foster moved to dismiss the Delaware lawsuit. *Id.* The Delaware court denied Foster's motion to dismiss and granted Codsen's motions to supplement and to enjoin the Texas litigation. The court explained:

> The similarity between the [original] '434 patent and the [newly-issued] '311 patent and the intimate relationship between the respective file histories of these two patents leaves no question in my mind that the controversy surrounding the '311 patent is part and parcel of the controversy surrounding the '434 patent. As such, under the first-filed doctrine enunciated by the Third Circuit Court of Appeals in *Crosley Corp.* v. *Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941), I have no choice but to enjoin the Dallas suit pending disposition of the claims here. Cosden is entitled to be free from the "vexation of subsequent litigation over the same subject matter" 122 F.2d at 930, and the courts are entitled to be free from the waste and inefficiency involved in duplicative litigation.

*Id.* at 960 (emphasis added). Contrary to Cordis' position, nothing in *Codsen Oil* supports the flawed idea that, under the present circumstances, a court may dismiss a case while ignoring a proper motion to supplement. Cordis apparently cites *Codsen Oil* because the court merely chose to write about the motion to dismiss before the motion to supplement. *Id.* at 958-60. There is no discussion in *Cosden Oil* regarding which motion should be addressed first. Indeed, there was no need for the court to address that issue because the court denied the motion to dismiss, granted the motion to supplement, and enjoined the parallel litigation in another district. *Id.* at 960.

Lacking any precedent or other authority, Cordis makes an "efficiency" argument, suggesting that granting its motion to dismiss would be less work for the Court because the other pending motions then would be "moot." (D.I. 68 at 5-6.) To the contrary, if the Court grants Abbott's motion to supplement and denies the motions to dismiss, then the question of which party filed first, Abbott in Delaware or Cordis in New Jersey, is clear cut. Abbott filed the present declaratory judgment action in Delaware more than seven months before Cordis filed the first patent infringement action in New Jersey. In contrast, assuming, *arguendo*, that the Court were to dismiss this entire case without allowing Abbott to add counts for the new patents, then the Court would be confronted with the question of which party filed first on May 15, 2007.[4] And, in that context, the Court would be confronted by Cordis arguing that the Court should disregard the official filing receipt in New Jersey and rely instead on a letter from a deputy clerk

---

[4] Cordis suggests that Abbott would suffer no prejudice if the Court dismissed this action because Abbott then could litigate the controversy about the new patents in the 07-259 action, which Abbott filed in the alternative on May 15, 2007. (D.I. 68 at 5-6.) Abbott trusts that the Court will see through this sham argument. Cordis has no intention of allowing the 07-259 action to proceed. Indeed, in other briefing, Cordis has already argued that, as between the 07-259 action and the duplicative New Jersey litigation, Cordis believes that the New Jersey litigation was filed first. (*See, e.g.,* D.I. 58 at 3.)

in New Jersey, which Cordis acquired through improper *ex parte* communications with the deputy clerk. In other words, granting Cordis' motion to dismiss would move the Court into a quagmire that it need not reach if it grants Abbott's motion to supplement before considering the motions to dismiss. After granting Abbott's motion to supplement, the declaratory judgment counts pertaining to the original patents can be dismissed pursuant to Cordis' belated covenant not to sue. The parties then will litigate the remaining controversy for the new patents in this District.

The procedural tactics employed by Cordis are substantially similar to those employed by the defendants (and rejected by the court) in *Ramsey Group, Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559 (W.D.N.C. 2002). In *Ramsey Group*, the plaintiffs filed a declaratory judgment in North Carolina seeking a declaration that defendants' first patent was invalid and not infringed. 208 F.R.D. at 559-60.[5] Later, defendants' second patent issued, as a continuation-in-part of the first patent. *See id.* at 563; *see also* Ex. G, Patent Cover Page. On that same day, the defendants filed a statement of non-assertion (equivalent to a covenant not to sue) for the first patent and simultaneously filed a new case in California for the second patent. *Ramsey Group*, 208 F.R.D. at 560. The declaratory judgment plaintiff then moved to supplement its original complaint to add a count for the second patent. *Id.* at 560. The defendants opposed and requested a declaration that the California litigation was the first-filed action for the second patent. *Id.* at 562 n.4. In determining that North Carolina was the first-filed forum, the court noted with disapproval that "there is little doubt that a counterclaim would be asserted in this action on the basis of the [second patent]. The 'Statement of Non-Assertion' of the [first] patent which was filed by the Defendants appears to have been an attempt to trump jurisdiction in this District . . ."

---

[5] Plaintiffs also had another cause of action in their original complaint – a claim for relief under state law for unfair and deceptive trade practices. *Id.* at 560.

*Id.* at 561 n.3. Like the court in *Ramsey Group*, this Court should recognize Cordis' procedural ploys for what they are and deny the motion to dismiss.

In accordance with the principles underlying Rule 15, Abbott's motion to supplement should be granted before the Court considers Cordis' motions to dismiss. A motion to supplement should be freely granted. *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001). Indeed, under Rule 15, a court should grant a motion to supplement even where "the original pleading is defective in its statement of a claim for relief or defense." Fed. R. Civ. P. 15(d). In fact, a motion to supplement's to cure jurisdictional defects is proper even if the court's jurisdiction is only perfected by events occurring after the complaint was filed. *See, e.g., Mathews v. Diaz*, 426 U.S. 67, 74-75 (1976).[6] In any event, jurisdiction has existed in this Court since Abbott filed the original complaint. Cordis did not execute a covenant not to sue for the original patents until well after the new patents issued and Abbott moved to supplement to add counts for the new patents. Cordis can hardly argue that no controversy exists for the new patents where Cordis expressly asserted that Abbott infringed the new claims even before the new patents issued, attempted to exempt the new patents from the covenant not to sue, and filed duplicative litigation for the new patents in New Jersey.

In order to fully recognize a party's right to supplement, and to achieve the policy of liberal supplementation, the Court should consider Abbott's motion to supplement before

---

[6] In *Mathews*, the plaintiff was challenging the constitutionality of certain Medicare requirements. *Mathews*, 426 U.S. at 69. As a jurisdictional pre-requisite, the plaintiff was required to first exhaust administrative remedies. *Id.* at 72. The plaintiff , however, did not file such an application until after the government filed its motion to dismiss for lack of subject matter of jurisdiction. *Id.* Despite the lack of jurisdiction when the complaint was filed, the Supreme Court held that the plaintiff's subsequent actions cured any jurisdictional defects. *Id.* at 74-75. Therefore, even assuming, *arguendo*, that this Court were to find a jurisdictional deficiency with Abbott's original complaint, Abbott's supplemental complaint cures any such problems.

addressing Cordis' motion to dismiss. This is exactly what transpired in *Matthew Bender & Co. v. West Publishing Co.*, 37 U.S.P.Q. 2d 1402 (S.D.N.Y. 1995). In that case, Bender filed a declaratory judgment complaint seeking a declaration that a first product did not infringe any West copyright under the "fair use" doctrine. *Id.* at 1403. West moved to dismiss, offering a covenant not to sue. *Id.* Subsequently, Bender filed a proposed supplemental complaint for a new product. *Id.* at 1403-04. Just like Cordis in this case, West argued that Bender's motion to supplement should be denied because West's motion to dismiss rendered the entire action moot. *Id.* at 1404. In permitting Bender to supplement the complaint, the court stated:

> West's first argument in opposition to Bender's motion to file a second supplemental complaint is that a party cannot revive a moot action by filing a supplemental complaint. This argument, of course, presupposes that the Court will find the action moot. This Court has yet to decide defendant's motion to dismiss based on the alleged nonjusticiability and mootness of the plaintiff's claims. The possible outcome of that motion, however, does not affect the decision on this motion to supplement the complaint because "filing a supplemental complaint, pursuant to Fed. R. Civ. R. 15(d), may relate back to the original filing so as to cure a jurisdictional defect."

*Id.*[7] Just as Bender sought to add a new declaratory judgment claim for a product that did not exist at the time the original complaint was filed, Abbott seeks to add new patents that had not yet issued when Abbott's original complaint was filed. The addition of the new patents to the litigation cures any <u>alleged</u> jurisdictional deficiency with Abbott's original complaint. It would

---

[7] *See also Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 396 (D. Md. 2001) ("[A] Rule 15(d) supplemental pleading relates back to the date of the plaintiff's original filing, in the same manner that a Rule 15(a) amendment relates back. Thus, [Defendant's] argument that there is no jurisdiction at the time [Plaintiff's] complaint was filed, and thus the supplement complaint is moot, holds no weight.") (internal citation omitted); *Ramsey Group,* 208 F.R.D. at 563; *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 400-03 (W.D.N.Y. 1980); *PE Corp. v. Affymetrix, Inc.*, No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792, at *4-11 (D. Del. Sept. 27, 2001) (first granting motion to amend complaint and then addressing motion to dismiss).

13

be legal error to dismiss an entire case where a supplemental pleading sets forth facts establishing a controversy between the parties.

### B.    The New Patents And The Original Patents Are All Part And Parcel Of The Controversy Between The Parties

The controversy between the parties extends to all six patents at issue:  the three original patents and the three new patents.  In effect, Cordis argues that the controversy between the parties should be treated as six separate controversies, one for each of the patents.  The controversy cannot be parsed as Cordis suggests.  *See, e.g., Saes Getters v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1090 (S.D. Cal. 2002) ("[T]he forum with priority is the one where the parties initially sued each other, even if the parties raise a different claim in a subsequently filed suit in a different forum."); *Applied Vision, Inc. v. Optical Coating Lab., Inc.*, No. C97-1233, 1997 U.S. Dist. LEXIS 16306, at *13 (N.D. Cal. Sept. 23, 1997) (holding that a previously filed complaint on a different patent was the first-filed lawsuit as "the technology, parties and circumstances surrounding the patents in question are similar enough to be considered to share a common core of operative facts"); *Owens-Illinois Glass Container, Inc. v. B&H Mfg., Inc.*, 13 U.S.P.Q. 2d 2061, 2062, 2064 (E.D. Cal. 1989) (transferring a case for newly-issued patent to the district where a prior case on a related patent was pending).[8]

---

[8] *See also* D.I. 48 at 8-16; *Intel Corp. v. AmberWave Sys. Corp.*, 233 F.R.D. 416, 416-19 (D. Del 2005) (Where a declaratory judgment action was pending in Delaware for two patents and the patent owner filed an infringement action in another district for a newly issued patent, "[i]t makes no sense to burden [another district] with [the] third and latest version of the substantially overlapping disputes between the parties."); *Versus Tech., Inc. v. Hillenbrand Indus., Inc.*, No. 1:04-CV-168, 2004 U.S. Dist. LEXIS 28331, at *17 (W.D. Mich. Nov. 23, 2004) ( "Although Versus is correct that its claims were first raised in this case, several courts have held that a subsequently-filed amendment is prior to an earlier complaint where the amendment is made in the first-filed action."); *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 740-41 (E.D. Wis. 2003) (same); *Hooker Chems.*, 87 F.R.D. at 400-03; *Cosden Oil*, 432 F. Supp. at 960.

14

Moreover, principles of relation back under Rule 15 provide that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c). Relation back under Rule 15(c) applies to both amended complaints as well as to supplemental complaints. *See, e.g., Star Scientific*, 174 F. Supp. 2d at 396 ("[A] Rule 15(d) supplemental pleading relates back to the date of plaintiff's original filing, in the same manner that a Rule 15(a) amendment relates back."). Applying Rule 15(c), courts have held that a supplemental pleading to add a declaratory judgment count for a newly issued patent relates back to the original pleading. For example, in *Ramsey Group*, the newly issued patent was a continuation-in-part of the original patent. 208 F.R.D. at 562-63. In determining that the original complaint was the first-filed complaint as to the newly issued patent, the court stated:

> Both of the patents at issue are for designs for such systems and the collective Defendants, at one time or another, have claimed that the Ramsey Group is infringing or has infringed those patents. The undersigned, therefore, finds that the claims in the supplement pleading concerning the [continuation-in-part patent] arise out of conduct, transactions or occurrences set forth in the original pleading. "While the action[] as originally filed related to [a] different patent[], the case[] involves the same parties, [ ]the same products, and similar technology."
>
> Having concluded that subsection (2) of Rule 15(c) has been met, the supplemental amended complaint relates back to the date of filing of the original complaint, March 26, 2002.

*Id.* at 563 (citations omitted) (alterations in original)[9]; *see also Hooker Chems.*, 87 F.R.D. at 403 (stating that "[i]t is undoubtedly true that Hooker would have included the March 11, 1980 '725 patent in the original complaint if it had been issued on September 26, 1979, when this litigation began. The '725 patent is itself denominated a 'continuation' of the '405 patent. Both concern

---

[9] As noted in Section II.A, the new patent in *Ramsey Group* issued after the original complaint was filed.

the same technology.  Both arose from a common application filed in 1971.  Both contain claims which are very similar, if not completely identical. . . . I find Hooker's 'Second Amended Complaint' to be 'part and parcel' of the same controversy as the original complaint . . . and therefore entitled to relation back under Rule 15(c).").

As in *Ramsey Group* and *Hooker Chemicals*, Abbott's supplemental complaint relates back to the original complaint.  The three new patents are directly related, as continuations, to two of the original patents.  Moreover, Cordis' allegations of infringement relating to the original patents and the new patents were part of the same overall public campaign to cast doubt over Abbott's XIENCE V stent.  Like the alleged infringer in *Hooker Chemicals*, "it is undoubtedly true that [Abbott] would have included [the new patents] in the original complaint if [they] had been issued on [September 29, 2006], when this litigation began."  87 F.R.D at 403.

Because Cordis continues to assert the new patents against Abbott, the covenant not to sue is insufficient to extinguish the entire controversy between the parties.  *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1056 (Fed. Cir. 1995) (covenant not sue is sufficient where the patent owner "will unconditionally agree not to sue [the alleged infringer] as to any claim of the patents-in-suit") (emphasis omitted).  Moreover, under the facts of this case, a covenant not to sue on the original patents is insufficient as Cordis has asserted patent infringement claims for the same subject matter under the new, but "not patentably distinct," patents.  Consequently, an actual controversy still exists between the parties.  As such, Abbott respectfully requests that Cordis' motion to dismiss be denied.

16

## IV.    CONCLUSION

Abbott's motion to supplement should be granted, and Cordis' motions to dismiss should be denied.  Neither motion to dismiss addresses the entire controversy between the parties.  The parties can and should resolve their present controversy in this District where Abbott filed first almost a full year ago.  The duplicative litigation filed by Cordis in New Jersey should be enjoined.


OF COUNSEL:

Edward A. Mas II
Leland G. Hansen
Sandra A. Frantzen
Christopher J. Buchko
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

*Anne Shea Gaza*

Frederick L. Cottrell III (#2555)
cottrell@RLF.com
Anne Shea Gaza (#4093)
gaza@RLF.com
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
(302) 651-7700


ATTORNEYS FOR PLAINTIFFS ABBOTT
LABORATORIES and ABBOTT
CARDIOVASCULAR SYSTEMS, INC.

Date:  September 20, 2007

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007 I caused to be served by electronic mail and

hand delivery the foregoing document and electronically filed the same with the Clerk of Court

using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

I hereby certify that on September 20, 2007, I caused to be sent by electronic mail the

foregoing document to the following non-registered participant:

> David T. Pritikin, Esquire
> William H. Baumgartner, Jr., Esquire
> Russell E. Cass, Esquire
> Laura L. Kolb, Esquire
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

> Anne Shea Gaza (#4093)
> gaza@rlf.com

EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/467,035 | 08/24/2006 | Carol Wright | CRDS-0067 | 2954 |

45511        7590        11/27/2006

WOODCOCK WASHBURN LLP
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA  19104-2891

| EXAMINER |
|---|
| GHERBI, SUZETTE JAIME J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED: 11/27/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

ABT 008784

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| ***Office Action Summary*** | **Application No.**<br>11/467,035 | **Applicant(s)**<br>WRIGHT ET AL. | |
|---|---|---|---|
| | **Examiner**<br>Suzette J. Gherbi | **Art Unit**<br>3738 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>24 August 2006</u>.

2a)☐ This action is **FINAL**.       2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-5</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-5</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)<br>    Paper No(s)/Mail Date <u>8/24/06</u>.

4)☐ Interview Summary (PTO-413)<br>    Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

ABT 008785

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

Application/Control Number: 11/467,035                                          Page 2
Art Unit: 3738

## DETAILED ACTION

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees.   A nonstatutory

obviousness-type double patenting rejection is appropriate where the conflicting claims

are not identical, but at least one examined application claim is not patentably distinct

from the reference claim(s) because the examined application claim is either anticipated

by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140

F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29

USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir.

1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422

F.2d 438, 164 USPQ 619 (CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163

USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on a nonstatutory

double patenting ground provided the conflicting application or patent either is shown to

be commonly owned with this application, or claims an invention made as a result of

activities undertaken within the scope of a joint research agreement.

ABT 008786
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR

Application/Control Number: 11/467,035                                            Page 3
Art Unit: 3738

Effective January 1, 1994, a registered attorney or agent of record may sign a

terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with

37 CFR 3.73(b).

Claims 1-5 are provisionally rejected on the ground of nonstatutory obviousness-

type double patenting as being unpatentable over claims 64-140 of copending

Application No. 10/951,385.  It is obvious to one having ordinary skill in the art that the

current claims in this application 11/467,035 are met by the limitations of claims 64-140

(specifically 64, 82-83, 86, 88-89, 99 ect.) and are merely reworded in a varying

manner. This is a <u>provisional</u> obviousness-type double patenting rejection.


Claims 1 and 5 are rejected on the ground of nonstatutory obviousness-type

double patenting as being unpatentable over claims 1-20 of U.S. Patent No. 6,585,764.

Although the conflicting claims are not identical, they are not patentably distinct from

each other because patent 6,585,764 meets the claims specifically a copolymer

polymer carrier and a therapeutic agent of rapamycin for the treatment of restenosis and

the method claim is obvious because 17 states that stents is to combat restenosis and

this is a well known occurrence of coronary angioplasty.


## Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Suzette J-J Gherbi whose work schedule is Maxi-Flex

off every other Friday and whose telephone number is 571-272-4751.

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

Application/Control Number: 11/467,035                                    Page 4
Art Unit: 3738

The fax phone numbers for the organization where this application or proceeding

is assigned are 703-872-9306.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 703-308-

0858.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

SUZETTE GHERBI
PRIMARY EXAMINER
TECHNOLOGY CENTER 3700

17 November 2006

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/951,385 | 09/28/2004 | Carol Wright | JJI-51-CON2 | 7537 |

45511    7590    11/20/2006

WOODCOCK WASHBURN LLP
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA 19104-2891

| EXAMINER |
|---|
| GHERBI, SUZETTE JAIME J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED: 11/20/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

ABT 007921

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson. Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| **Office Action Summary** | Application No. | Applicant(s) |
| | 10/951,385 | WRIGHT ET AL. |
| | Examiner | Art Unit | |
| | Suzette J. Gherbi | 3738 | |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>28 September 2004</u>.

2a)☐ This action is FINAL.        2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>64-140</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>64-140</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date <u>8/7/04; 12/5/05</u>.

4)☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

ABT 007922

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

Application/Control Number: 10/951,385                                    Page 2
Art Unit: 3738

## DETAILED ACTION

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees.   A nonstatutory

obviousness-type double patenting rejection is appropriate where the conflicting claims

are not identical, but at least one examined application claim is not patentably distinct

from the reference claim(s) because the examined application claim is either anticipated

by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140

F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29

USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir.

1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422

F.2d 438, 164 USPQ 619 (CCPA 1970); and  *In re Thorington*, 418 F.2d 528, 163

USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on a nonstatutory

double patenting ground provided the conflicting application or patent either is shown to

be commonly owned with this application, or claims an invention made as a result of

activities undertaken within the scope of a joint research agreement.

ABT 007923
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR

Application/Control Number: 10/951,385                                      Page 3
Art Unit: 3738

Effective January 1, 1994, a registered attorney or agent of record may sign a
terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with
37 CFR 3.73(b).

Claims 64-140 are rejected on the ground of nonstatutory obviousness-type
double patenting as being unpatentable over claims 1-20 of U.S. Patent No. 6,585,764.
Although the conflicting claims are not identical, they are not patentably distinct from
each other because it is obvious to one having ordinary skill in the art that the current
patent application merely rewords the claimed structure and it is also obvious that it is
biocompatible.


### Conclusion

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Suzette J-J Gherbi whose work schedule is Maxi-Flex
off every other Friday and whose telephone number is 571-272-4751.

The fax phone numbers for the organization where this application or proceeding
is assigned are 703-872-9306.

Any inquiry of a general nature or relating to the status of this application or
proceeding should be directed to the receptionist whose telephone number is 703-308-
0858.

ABT 007924
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR

Application/Control Number: 10/951,385                                    Page 4
Art Unit: 3738

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

SUZETTE GHERBI
PRIMARY EXAMINER
TECHNOLOGY CENTER 3700
13 November 2006

ABT 007925

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/466,983 | 08/24/2006 | Carol Wright | CRDS-0066 | 2883 |

45511    7590    11/27/2006

WOODCOCK WASHBURN LLP
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA  19104-2891

| EXAMINER |
|---|
| GHERBI, SUZETTE JAIME J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED: 11/27/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

ABT 008516

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 11/466,983 | WRIGHT ET AL. | |
| | Examiner | Art Unit | |
| | Suzette J. Gherbi | 3738 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>24 August 2006</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-5</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-5</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

| | |
|---|---|
| 1)☐ Notice of References Cited (PTO-892) | 4)☐ Interview Summary (PTO-413) |
| 2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) |     Paper No(s)/Mail Date. _____. |
| 3)☒ Information Disclosure Statement(s) (PTO/SB/08) | 5)☐ Notice of Informal Patent Application |
|     Paper No(s)/Mail Date <u>8/24/06</u> | 6)☐ Other: _____. |

ABT 008517

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

Application/Control Number: 11/466,983                                     Page 2
Art Unit: 3738

## DETAILED ACTION

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees.   A nonstatutory

obviousness-type double patenting rejection is appropriate where the conflicting claims

are not identical, but at least one examined application claim is not patentably distinct

from the reference claim(s) because the examined application claim is either anticipated

by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140

F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29

USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir.

1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422

F.2d 438, 164 USPQ 619 (CCPA 1970); and  *In re Thorington*, 418 F.2d 528, 163

USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on a nonstatutory

double patenting ground provided the conflicting application or patent either is shown to

be commonly owned with this application, or claims an invention made as a result of

activities undertaken within the scope of a joint research agreement.

ABT 008518

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

Application/Control Number: 11/466,983                                     Page 3
Art Unit: 3738

  Effective January 1, 1994, a registered attorney or agent of record may sign a

terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with

37 CFR 3.73(b).

  Claims 1-5 are provisionally rejected on the ground of nonstatutory obviousness-

type double patenting as being unpatentable over claims 64-140 of copending

Application No. 10/951,385.  It is obvious to one having ordinary skill in the art that

stents can be made of metal.  It is also obvious that the current claims in this application

11/466,983 are met by the limitations of claims 64-140 and are merely reworded in a

varying manner. This is a <u>provisional</u> obviousness-type double patenting rejection.


  Claims 1 and 5 are rejected on the ground of nonstatutory obviousness-type

double patenting as being unpatentable over claims 1-20 of U.S. Patent No. 6,585,764.

Although the conflicting claims are not identical, they are not patentably distinct from

each other because patent 6,585,764 meets the claims specifically, a copolymer

polymer carrier and a therapeutic agent of rapamycin for the treatment of restenosis and

the method claim is obvious because 17 states that stents is to combat restenosis and

this is a well known occurrence of coronary angioplasty and metallic stents are further

well known in the art and is a matter of design choice.

ABT 008519

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

Application/Control Number: 11/466,983                                    Page 4
Art Unit: 3738

## Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Suzette J-J Gherbi whose work schedule is Maxi-Flex

off every other Friday and whose telephone number is 571-272-4751.

The fax phone numbers for the organization where this application or proceeding

is assigned are 703-872-9306.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 703-308-

0858.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

SUZETTE GHERBI
PRIMARY EXAMINER
TECHNOLOGY CENTER 3700

17 November 2006

ABT 008520

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

EXHIBIT B

DOCKET NO.: CRDS-0067                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: **2954**
**Carol Wright, et al.**

Application No.: **11/467,035**             Group Art Unit: **3738**

Filing Date: **August 24, 2006**           Examiner: **Suzettte J.J. Gherbi**

For:    **Local Delivery Of Rapamycin For Treatment Of Proliferative Sequelae**
        **Associated With PTCA Procedures, Including Delivery Using A Modified Stent**

## TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE PATENTING REJECTION OF A PENDING APPLICATION

The owner, **Cordis Corporation**, of 100 percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173 as shortened by any terminal disclaimer filed prior to the grant of any patent granted on pending Application Number **10/951,385**, filed September 28, 2004 and Application Number **11/466,983**, filed **August 24, 2006**. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on these applications are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 to 156 and 173 of any patent granted on Application Number **10/951,385** and Application Number **11/466,983**, as shortened by any terminal disclaimer filed prior to the patent grant, in the event that any such granted patent:

ABT 008771

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.:CRDS-0067                    - 2 -                              PATENT

expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court

of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under

37 CFR § 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in

any manner terminated prior to the expiration of its full statutory term as shortened by any

terminal disclaimer filed prior to its grant.

     I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.

     ☒    The undersigned is an attorney of record.


Date:  January 3, 2007                          /S. Maurice Valla/
                                                S. Maurice Valla
                                                Registration No. 43,966


Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

© 2006 WW

ABT 008772

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0067                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                     Confirmation No.: **2954**
**Carol Wright, et al.**

Application No.: **11/467,035**          Group Art Unit: **3738**

Filing Date: **August 24, 2006**        Examiner: **Suzette J.J. Gherbi**

For:    **Local Delivery Of Rapamycin For Treatment Of Proliferative Sequelae**
        **Associated With PTCA Procedures, Including Delivery Using A Modified Stent**

## TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A PRIOR PATENT

The owner, **Cordis Corporation**, of 100 percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173, as presently shortened by any terminal disclaimer, of prior Patent Nos. **6,273,913, 6,585,764, and 6,808,536**. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the said prior patents are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 to 156 and 173 of the said prior patents, as presently shortened by any terminal disclaimer, in the event that any of said patents: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37

ABT 008773

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

**DOCKET NO.: CRDS-0067**　　　　- 2 -　　　　　　　**PATENT**

CFR § 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any

manner terminated prior to the expiration of its full statutory term as presently shortened by

any terminal disclaimer.

　　　I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.

　　　☒　　　The undersigned is an attorney of record.

Date:  January 3, 2007　　　　　　　　　/S. Maurice Valla/
　　　　　　　　　　　　　　　　　　　S. Maurice Valla
　　　　　　　　　　　　　　　　　　　Registration No. 43,966

Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

　　　　　　　　　　　　　　　　　　　　　　　© 2006 WW

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson. Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0005 (JJ1-51-CON2)                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:

Carol Wright, et al.                          Confirmation No.: 7537

Application No.: 10/951,385                   Group Art Unit: 3738

Filing Date: September 28, 2004               Examiner: Suzette J.J. Gherbi

For:    Local Delivery of Rapamycin for Treatment of Proliferative Sequelae
        Associated with PTCA Procedures, Including Delivery Using a Modified
        Stent

## TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL
## DOUBLE PATENTING REJECTION OF A PENDING APPLICATION

The owner, **Cordis Corporation**, of 100 percent interest in the instant application

hereby disclaims, except as provided below, the terminal part of the statutory term of any

patent granted on the instant application, which would extend beyond the expiration date of

the full statutory term defined in 35 U.S.C. 154 to 156 and 173 as shortened by any terminal

disclaimer filed prior to the grant of any patent granted on pending Application Number

**11/466,983** and Application Number **11/467,035**, both filed on **August 24, 2006**. The owner

hereby agrees that any patent so granted on the instant application shall be enforceable only

for and during such period that it and any patent granted on these applications are commonly

owned. This agreement runs with any patent granted on the instant application and is binding

upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any

patent granted on the instant application that would extend to the expiration date of the full

statutory term as defined in 35 U.S.C. 154 to 156 and 173 of any patent granted on

Application Number **11/466,983** and Application Number **11/467,035**, as shortened by any

ABT 007908

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.:CRDS-0005 (JJ1-51-CON2)  - 2 -                    **PATENT**

terminal disclaimer filed prior to the patent grant, in the event that any such granted patent:

expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court

of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under

37 CFR § 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in

any manner terminated prior to the expiration of its full statutory term as shortened by any

terminal disclaimer filed prior to its grant.

I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.

☒    The undersigned is an attorney of record.

Date:  January 3, 2007                    /S. Maurice Valla/
                                          S. Maurice Valla
                                          Registration No. 43,966

Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

                                                  © 2006 WW

ABT 007909
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0005 (JJ1-51-CON2)                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:

Carol Wright, et al.                         Confirmation No.: 7537

Application No.: 10/951,385                  Group Art Unit: 3738

Filing Date: September 28, 2004              Examiner: Suzette J.J. Gherbi

For:   Local Delivery of Rapamycin for Treatment of Proliferative Sequelae Associated
       with PTCA Procedures, Including Delivery Using a Modified Stent

### TERMINAL DISCLAIMER TO OBVIATE A DOUBLE
### PATENTING REJECTION OVER A PRIOR PATENT

The owner, **Cordis Corporation**, of 100 percent interest in the instant application

hereby disclaims, except as provided below, the terminal part of the statutory term of any

patent granted on the instant application, which would extend beyond the expiration date of

the full statutory term defined in 35 U.S.C. 154 to 156 and 173, as presently shortened by any

terminal disclaimer, of prior Patent Nos. **6,273,913, 6,585,764, and 6,808,536**. The owner

hereby agrees that any patent so granted on the instant application shall be enforceable only

for and during such period that it and the said prior patents are commonly owned. This

agreement runs with any patent granted on the instant application and is binding upon the

grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any

patent granted on the instant application that would extend to the expiration date of the full

statutory term as defined in 35 U.S.C. 154 to 156 and 173 of the said prior patents, as

presently shortened by any terminal disclaimer, in the event that any of said patents: expires

for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of

competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37

ABT 007910

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DFDC C A No 06-613-SLR

DOCKET NO.: CRDS-0005          - 2 -                              **PATENT**

CFR § 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any

manner terminated prior to the expiration of its full statutory term as presently shortened by

any terminal disclaimer.

   I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.

   ☒  The undersigned is an attorney of record.


Date:  January 3, 2007                        /S. Maurice Valla/
                                              S. Maurice Valla
                                              Registration No. 43,966

Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439
                                                        © 2006 WW

DOCKET NO.: CRDS-0066                                      PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: **2883**
**Carol Wright, et al.**

Application No.: **11/466,983**        Group Art Unit: **3738**

Filing Date: **August 24, 2006**       Examiner: **Suzettte Gherbl**

For:   **Local Delivery Of Rapamycin For Treatment Of Proliferative Sequelae
       Associated With PTCA Procedures, Including Delivery Using A Modified Stent**

### TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL
### DOUBLE PATENTING REJECTION OF A PENDING APPLICATION

The owner, **Cordis Corporation,** of 100 percent interest in the instant application
hereby disclaims, except as provided below, the terminal part of the statutory term of any
patent granted on the instant application, which would extend beyond the expiration date of
the full statutory term defined in 35 U.S.C. 154 to 156 and 173 as shortened by any terminal
disclaimer filed prior to the grant of any patent granted on pending Application Number
**10/951,385,** filed September 28, 2004 and Application Number **11/467,035,** filed August 24,
2006. The owner hereby agrees that any patent so granted on the instant application shall be
enforceable only for and during such period that it and any patent granted on these
applications are commonly owned. This agreement runs with any patent granted on the
instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any
patent granted on the instant application that would extend to the expiration date of the full
statutory term as defined in 35 U.S.C. 154 to 156 and 173 of any patent granted on
Application Number **10/951,385** and Application Number **11/467,035,** as shortened by any
terminal disclaimer filed prior to the patent grant, in the event that any such granted patent:

ABT 008491

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.:CRDS-0066                  - 2 -                          **PATENT**

expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court

of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under

37 CFR § 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in

any manner terminated prior to the expiration of its full statutory term as shortened by any

terminal disclaimer filed prior to its grant.

     I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.

     ☒     The undersigned is an attorney of record.


Date:  January 3, 2007                /S. Maurice Valla/
                                       S. Maurice Valla
                                     Registration No. 43,966

Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

                                           © 2006 WW

ABT 008492

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0066                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                     Confirmation No.: 2883
**Carol Wright, et al.**

Application No.: **11/466,983**           Group Art Unit: **3738**

Filing Date: **August 24, 2006**         Examiner: **Suzettte Gherbi**

For:    **Local Delivery Of Rapamycin For Treatment Of Proliferative Sequelae
        Associated With PTCA Procedures, Including Delivery Using A Modified Stent**

### TERMINAL DISCLAIMER TO OBVIATE A DOUBLE
### PATENTING REJECTION OVER A PRIOR PATENT

The owner, **Cordis Corporation**, of 100 percent interest in the instant application
hereby disclaims, except as provided below, the terminal part of the statutory term of any
patent granted on the instant application, which would extend beyond the expiration date of
the full statutory term defined in 35 U.S.C. 154 to 156 and 173, as presently shortened by any
terminal disclaimer, of prior Patent Nos. **6,273,913, 6,585,764, and 6,808,536**. The owner
hereby agrees that any patent so granted on the instant application shall be enforceable only
for and during such period that it and the said prior patents are commonly owned. This
agreement runs with any patent granted on the instant application and is binding upon the
grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any
patent granted on the instant application that would extend to the expiration date of the full
statutory term as defined in 35 U.S.C. 154 to 156 and 173 of the said prior patents, as
presently shortened by any terminal disclaimer, in the event that any of said patents: expires
for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of
competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37

ABT 008493

Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

DOCKET NO.: CRDS-0066          - 2 -                    PATENT

CFR § 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any

manner terminated prior to the expiration of its full statutory term as presently shortened by

any terminal disclaimer.

    I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.

    ☒    The undersigned is an attorney of record.


Date: January 3, 2007               /S. Maurice Valla/
                                        S. Maurice Valla
                                        Registration No. 43,966

Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

                                      © 2006 WW

ABT 008494
Abbott Laboratories and Advanced Cardiovascular Systems, Inc. v. Johnson and
Johnson, Inc. and Cordis Corporation DEDC C.A. No. 06-613-SLR.

EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) Civil Action No. 06-613 - SLR |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

## COVENANT NOT TO SUE

WHEREAS, Cordis Corporation ("Cordis") owns all rights, titles and interest in U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,808,536 (the "'536 patent"), and U.S. Patent No. 6,776,796 (the "'796 patent");

WHEREAS Abbott Laboratories ("Abbott") and Abbott Cardiovascular Systems, Inc. ("ACS") have manufactured and are presently manufacturing a drug eluting stent containing the drug Everolimus, known as the Xience V stent, in the United States for sale abroad;

WHEREAS Abbott and ACS filed this civil action, captioned *Abbott Lab. v. Johnson & Johnson, Inc.*, C.A. No. 06-613-SLR on September 29, 2006, seeking a declaratory judgment that the '764, '536 and '796 patents are invalid and not infringed by the Xience V stent;

WHEREAS Cordis does not intend to assert the '764, '536 or '796 patents against Abbott or ACS.

NOW, THEREFORE, Cordis represents, stipulates, agrees, and covenants as follows:

1.    Cordis unconditionally represents, stipulates, agrees, and covenants on behalf of itself and its affiliates and successors in interest that it will not sue Abbott or ACS, their affiliates, successors and customers, or any party which Abbott or ACS indemnify against infringement, for infringement of, or otherwise assert, enforce, or hold Abbott or ACS, or any party which they indemnify against infringement, liable for infringement of the '764, '536, and '796 patents based on the importation, manufacture, use, sale, or offer for sale of any drug-eluting stent containing the drug Everolimus or Zotarolimus, including the Xience V stent.

2.    This covenant has no bearing upon whether the Xience V stent infringes any claims of the '764, '536, and '796 patents.

3.    This covenant has no bearing upon the validity or enforceability of any claims of the '764, '536, and '796 patents.

4.    This covenant does not extend to any patents other than the '764, '536, and '796 patents.  Specifically, this covenant does not extend in any way to U.S. Patent Nos. 7,217,286, 7,223,286, and 7,229,473, which are the subject of litigation between Cordis and Abbott and ACS.

Dated:  8/30/07

CORDIS CORPORATION

By:  _Eric Harris_
Eric Harris

EXHIBIT D

**From:** Leland Hansen
**Sent:** Monday, May 14, 2007 4:48 PM
**To:** 'pveith@Sidley.com'
**Cc:** 'dpritikin@sidley.com'; 'rcass@Sidley.com'
**Subject:** Abbott Labs v. J&J, C.A. No. 06-613 SLR

Paul:

I am writing to follow up on my prior voicemail.  I have tried to call you several times but each time I have been immediately directed to your voicemail.

We are aware that U.S. Patent No. 7,217,286 will issue tomorrow (May 15) from application no. 11/467,035 and U.S. Patent No. 7,223,286 will issue on May 29 from application no. 10/951,385.  Please let us know today whether J&J will stipulate that Abbott may either (1) supplement the complaint to add a declaratory judgment claim for each of the new patents or (2) consolidate the present action with new declaratory judgment complaints for each of the new patents.

Also, please let us know today whether J&J will withdraw its motion to dismiss.

Leland

**Leland G. Hansen**
McANDREWS, HELD & MALLOY, LTD.
500 WEST MADISON STREET, 34th FLOOR
CHICAGO, ILLINOIS 60661
312 775 8000 (T)
312 775 8013 (D)
312 775 8100 (F)
lhansen@mcandrews-ip.com
www.mcandrews-ip.com

# EXHIBIT E



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

pveith@sidley.com
(312) 853-4718

| BEIJING | GENEVA | SAN FRANCISCO |
| BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO | LONDON | SINGAPORE |
| DALLAS | LOS ANGELES | TOKYO |
| FRANKFURT | NEW YORK | WASHINGTON, DC |

FOUNDED 1866

August 8, 2007

**By E-mail and U.S. Mail**

Mr. Leland G. Hansen
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois  60661

      Re:    Abbott Laboratories et al. v. Johnson & Johnson et al.; No. 06-613-SLR (D. Del.)

Dear Leland:

    Attached is a proposed covenant not to sue for the patents at issue in the above-referenced '613 Declaratory Judgment action.  This covenant renders the '613 action moot and removes any actual controversy with respect to the patents at issue.  *See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995); *Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.*, 1997 WL 8111563 at *6-7 (D. Del. 1997); *Merck & Co. v. Apotex, Inc.*, 488 F.Supp.2d 418, 423-24 (D. Del. 2007).  Based on this covenant, we expect that Abbott and ACS will agree to dismiss the '613 action.  Please confirm that you will agree to do so.

    We look forward to hearing from you.

                Very truly yours,

                Russell E. Cass

Enclosure

CH1 3959345v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC.,<br><br>                Plaintiffs,<br><br>        v.<br><br>JOHNSON and JOHNSON, INC. and CORDIS CORPORATION,<br><br>                Defendants. | )<br>)<br>)   Civil Action No. 06-613 - SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COVENANT NOT TO SUE

WHEREAS, Cordis Corporation ("Cordis") owns all rights, titles and interest in

U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,808,536 (the "'536 patent"), and U.S. Patent

No. 6,776,796 (the "'796 patent");

WHEREAS Abbott Laboratories ("Abbott") and Abbott Cardiovascular Systems,

Inc. ("ACS") have manufactured and are presently manufacturing a drug eluting stent containing

the drug Everolimus, known as the Xience V stent, in the United States for sale abroad;

WHEREAS Abbott and ACS filed this civil action, captioned *Abbott Lab. v.*

*Johnson & Johnson, Inc.*, C.A. No. 06-613-SLR on September 29, 2006, seeking a declaratory

judgment that the '764, '536 and '796 patents are invalid and not infringed by the Xience V

stent;

WHEREAS Cordis does not intend to assert the '764, '536 or '796 patents against

Abbott or ACS.

NOW, THEREFORE, Cordis represents, stipulates, agrees, and covenants as

follows:

1.  Cordis unconditionally represents, stipulates, agrees, and covenants on behalf of itself and its successors in interest that it will not sue Abbott or ACS, or any party which they indemnify against infringement, for infringement of, or otherwise assert, enforce, or hold Abbott or ACS, or any party which they indemnify against infringement, liable for infringement of the '764, '536, and '796 patents based on the importation, manufacture, use, sale, or offer for sale of any drug-eluting stent containing the drug Everolimus, including the Xience V stent.

2.  This covenant has no bearing upon whether the Xience V stent infringes any claims of the '764, '536, and '796 patents.

4.  This covenant has no bearing upon the validity or enforceability of any claims of the '764, '536, and '796 patents.

5.  This covenant does not extend to any patents other than the '764, '536, and '796 patents.  Specifically, this covenant does not extend in any way to U.S. Patent Nos. 7,217,286, 7,223,286, and 7,229473, which are the subject of litigation between Cordis and Abbott and ACS.

Dated: _____

CORDIS CORPORATION

By: _____
    Eric Harris

EXHIBIT F



*mcandrews*
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET 34TH FLOOR CHICAGO ILLINOIS 60661
(T) 312 775 8000  (F) 312 775 8100  www.mcandrews-ip.com

LELAND G. HANSEN
(T) 312 775 8013
lhansen@mcandrews-ip.com

August 17, 2007

**Via email**

Mr. Russell E. Cass
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

   Re: *Abbott Laboratories et al. v. Johnson & Johnson et al.*; No. 06-613-SLR (D. Del.)

Dear Russ:

   Thank you for your letters regarding the proposal by your clients ("J&J") to execute a covenant not to sue for the 764, 536 and 796 patents. We are interested in exploring any reasonable proposal to narrow the disputes between the parties.

   As an initial matter, we are troubled by the timing of your proposal. We filed a declaratory judgment complaint in September, 2006. In December, 2006, J&J filed a motion to dismiss, alleging that the Court lacked subject matter jurisdiction. After the parties took discovery pertaining to the jurisdictional issue, the parties completed the briefing for the motion to dismiss. J&J submitted the final brief on June 14, 2007, more than two months ago. Now, almost a year after we filed suit and after the parties have expended substantial resources addressing your motion to dismiss, your clients propose to execute a covenant not to sue, which you contend would moot the pending motion to dismiss. Why did you wait almost a year and allow the parties to expend so many resources before making such a proposal? Your clients could have executed a covenant not to sue at any time, even before we filed the declaratory judgment complaint.

   That said, we have three principal concerns with the substance of the proposal as presently drafted, particularly under the facts and circumstances of this case.

   First, the scope of the draft covenant not to sue is not sufficient to eliminate the controversy between the parties as to the 764, 536 and 796 patents. For example, the covenant not to sue should encompass zotarolimus products in addition to everolimus products. Also, the covenant not to sue should encompass Cordis affiliates and successors and Abbott/ACS affiliates, successors and customers.



*mcandrews*
McANDREWS HELD & MALLOY LTD

Russell E. Cass
August 17, 2007
Page 2

     Second, we object to paragraphs 2, 4 and 5 in the draft covenant not to sue. (We note that the paragraph numbering skips from 2 to 4.) For example, your clients have failed to identify any material differences between the claims on the 764, 536 and 796 patents ("the original patents") on the one hand and the 7286, 3286 and 473 patents ("the new patents") on the other hand. Accordingly, under the facts and circumstances of this case, your clients cannot execute a covenant not to sue for the original patents and then assert claims for the same subject matter from the new patents.

     Third, although we welcome an appropriate covenant not to sue for the original patents, we do not agree that such a covenant would "moot" the 613 action, as you suggest. As you know, we promptly moved to supplement the complaint in the 613 action as each of the new patents issued. The Court had jurisdiction when we filed the original complaint. The Court had jurisdiction when we filed the motions to supplement. Jurisdiction has now vested as to all of the new patents. Moreover, as a matter of law, it is inappropriate to dismiss a complaint for lack of jurisdiction where the plaintiff can establish jurisdiction by amending or supplementing the complaint. (*See* Fed. R. Civ. P. 15.)

     In view of the foregoing, please reconsider our alternative proposal that would narrow the disputes between the parties and lessen the burden on the Court. Specifically, J&J would withdraw its motion to dismiss, stipulate to supplementing the complaint in the 613 action with the new patents, and agree to dismiss the New Jersey actions. If J&J also executed an appropriate covenant not to sue, Abbott then would stipulate that the original patents could be dismissed from the 613 action. The 613 action would continue before Judge Robinson for the new patents. As you know, Judge Robinson is highly regarded and has a wealth of experience with the parties and stent technology, including drug eluting stents. Indeed, over the past decade, J&J has regularly engaged in patent litigation before Judge Robinson. No judge is more qualified to resolve the present dispute between the parties. We are not aware of any legitimate reason why J&J should prefer that another judge preside over the present litigation.

     We hope that these discussions will prove profitable and that the parties will be able to narrow the present disputes.

                         Very truly yours,

                         s/Leland G. Hansen

                         Leland G. Hansen

EXHIBIT G



US006395417B1

(12) **United States Patent**
Frazier

(10) Patent No.: **US 6,395,417 B1**
(45) Date of Patent: **May 28, 2002**

(54) **SPILL CONTAINMENT SYSTEM WITH A FLEXIBLE CORROSION-RESISTANT LINER**

(76) Inventor: **Douglas Frazier**, 3131 Montana Ave., Claremont, CA (US) 91711

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/602,276**

(22) Filed: **Jun. 23, 2000**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 09/428,192, filed on Oct. 27, 1999, now Pat. No. 6,308,728.

(51) Int. Cl.[7] ................................................. H01M 2/36
(52) U.S. Cl. ........................ 429/49; 429/48; 220/495.01
(58) Field of Search ............................. 429/84, 86, 95, 429/99, 49, 48; 220/574.3, 495.01, 495.06, 23.86

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,969,863 A | 1/1961 | Woldring et al. | .............. 193/35 |
| 3,938,666 A | 2/1976 | Castleberry | .................. 211/49 |
| 4,270,661 A | 6/1981 | Rosenband | .................. 211/49 |
| 4,763,796 A | 8/1988 | Flum | .......................... 211/59.2 |
| 4,790,707 A | 12/1988 | Magretta et al. | ............. 414/276 |
| 5,140,744 A | * 8/1992 | Miller | .......................... 429/96 |
| 5,304,434 A | 4/1994 | Stone | .......................... 429/99 |
| 5,490,600 A | 2/1996 | Bustos | ........................ 211/187 |
| 5,593,048 A | 1/1997 | Johnson | ..................... 211/59.2 |

* cited by examiner

*Primary Examiner*—Gabrielle Brouillette
*Assistant Examiner*—M. Wills
(74) *Attorney, Agent, or Firm*—Lyon & Lyon LLP

(57) **ABSTRACT**

A spill containment system and method that contain leaks and spills from devices including but not limited to batteries. The system neutralizes and absorbs leaks and spills to prevent the leaks and spills from spreading. The system not only detects leaks, but also indicates whether a leak has occurred. The system can communicate with personnel or devices to raise an alarm or cause corrective measures to occur. The spill containment system includes a battery rack inside a battery rack cabinet having a door. To open the door and gain access to the batteries, one of the rigid containment rails is removed such that the exposed flexible corrosion-resistant liner may be flexed to permit the opening and closing of the door.

**13 Claims, 33 Drawing Sheets**



# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED

SEP 1 7 2007

AT 8:30_____M
WILLIAM T. WALSH

| | |
|---|---|
| CORDIS CORPORATION, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ABBOTT LABORATORIES, | ) |
| Defendant. | ) |

Civil Action No. 07-2265RK

**STIPULATION AND ORDER
STAYING CASE PENDING
RESOLUTION OF MOTIONS IN THE
DISTRICT OF DELAWARE**

*Document Filed Electronically*

The parties have commenced litigation in this Court and in the District of Delaware concerning the patent-in-suit in Civil Action No. 07-2265. The Delaware District Court is presently considering whether this litigation should proceed in this District or in the District of Delaware.

Plaintiff Cordis Corporation, by and through its attorneys, Robinson & Livelli, and Defendant Abbott Laboratories by and through its attorneys, Gibbons P.C., stipulate and agree that Civil Action No. 07-2265 be stayed until the United States District Court for the District of Delaware decides whether this case should proceed in this District or the District of Delaware. If the Delaware District Court determines that the litigation should proceed in this District, the stay will be dissolved without further action by this Court.

SO ORDERED:

_____
Tonianne J. Bongiovanni, U.S.M.J.

#1226971 v1
102481-59876

Consented to:                                  Consented to:

**ROBINSON & LIVELLI**                         **GIBBONS P.C.**
Two Penn Plaza East                            One Gateway Center
Newark, New Jersey 07105                       Newark, New Jersey 07102-5310
(973) 690-5400 (telephone)                     (973) 596-4500 (telephone)
(973) 466-2760 (facsimile)                     (973) 639-0545 (facsimile)


By: _____                     By: _____
    Donald A. Robinson                              Kevin J. McKenna
Attorney for Plaintiff                         Attorney for Defendant
Cordis Corporation                             Abbott Laboratories, Inc.


                                                             #1227091 v1
                                                             102481-59976

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED

SEP 1 7 2007

AT 8:30_____M
WILLIAM T. WALSH

CORDIS CORPORATION,

  Plaintiff,

vs.

ABBOTT LABORATORIES,

  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 07-2477

STIPULATION AND ORDER
STAYING CASE PENDING
RESOLUTION OF MOTIONS IN THE
DISTRICT OF DELAWARE

*Document Filed Electronically*

  The parties have commenced litigation in this Court and in the District of Delaware concerning the patent-in-suit in Civil Action No. 07-2477. The Delaware District Court is presently considering whether this litigation should proceed in this District or in the District of Delaware.

  Plaintiff Cordis Corporation, by and through its attorneys, Robinson & Livelli, and Defendant Abbott Laboratories by and through its attorneys, Gibbons P.C., stipulate and agree that Civil Action No. 07-2477 be stayed until the United States District Court for the District of Delaware decides whether this case should proceed in this District or the District of Delaware. If the Delaware District Court determines that the litigation should proceed in this District, the stay will be dissolved without further action by this Court.

SO ORDERED:

_____
Tonianne V. Bongiovanni, U.S.M.J.

#1227091 v1
102461-59976

Consented to:

**ROBINSON & LIVELLI**
Two Penn Plaza East
Newark, New Jersey 07105
(973) 690-5400 (telephone)
(973) 466-2760 (facsimile)


By:  _____
        Donald A. Robinson
Attorney for Plaintiff
Cordis Corporation

Consented to:

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500 (telephone)
(973) 639-0545 (facsimile)


By:  _____
        Kevin J. McKenna
Attorney for Defendant
Abbott Laboratories, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED

SEP 1 7 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

CORDIS CORPORATION,

    Plaintiff,

    vs.

ABBOTT LABORATORIES,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 07-2728

**STIPULATION AND ORDER
STAYING CASE PENDING
RESOLUTION OF MOTIONS IN THE
DISTRICT OF DELAWARE**

*Document Filed Electronically*

The parties have commenced litigation in this Court and in the District of Delaware concerning the patent-in-suit in Civil Action No. 07-2728. The Delaware District Court is presently considering whether this litigation should proceed in this District or in the District of Delaware.

Plaintiff Cordis Corporation, by and through its attorneys, Robinson & Livelli, and Defendant Abbott Laboratories by and through its attorneys, Gibbons P.C., stipulate and agree that Civil Action No. 07-2728 be stayed until the United States District Court for the District of Delaware decides whether this case should proceed in this District or the District of Delaware. If the Delaware District Court determines that the litigation should proceed in this District, the stay will be dissolved without further action by this Court.

**SO ORDERED:**

_____
Tonianne J. Bongiovanni, U.S.M.J.

#1227092 v1
102461-59976

Consented to:

**ROBINSON & LIVELLI**
Two Penn Plaza East
Newark, New Jersey 07105
(973) 690-5400 (telephone)
(973) 466-2760 (facsimile)

By: _____
          Donald A. Robinson
Attorney for Plaintiff
Cordis Corporation

Consented to:

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500 (telephone)
(973) 639-0545 (facsimile)

By: _____
          Kevin J. McKenna
Attorney for Defendant
Abbott Laboratories, Inc.

#1227092 v1
102481-59976