IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civ. No. 06-613-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of September, 2007, having reviewed defendants' first motion to dismiss for lack of subject matter jurisdiction and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 14) is denied as moot, for the reasons that follow:

1. This is an action for a declaratory judgment that U.S. Patent Nos. 6,585,764 ("the '764 patent"), 6,776,796 ("the '796 patent"), and 6,808,536 ("the '536 patent") (collectively, the "patents in suit") are invalid and not infringed by plaintiffs. (D.I. 1) Plaintiffs asserted bases for declaratory judgment jurisdiction. According to plaintiffs:

   a. Defendants made statements to industry analysts threatening to sue plaintiffs for infringement of the patents in suit with the intent to create an apprehension of suit. (Id. at ¶¶ 19-36)

   b. Defendants were preparing to sue plaintiffs for infringement upon plaintiffs'

launch of a new drug-eluting coronary stent called the "Xience V." (Id. at ¶ 38)

c. Defendants filed two petitions to make special with the United States Patent and Trademark Office ("PTO") on August 7, 2006 in U.S. Patent Application Nos. 10/951,385 and 10/829,074, continuation applications claiming priority to the '536 and '764 patents. The petitions to make special stated that, if patents were to issue from these applications, they "could immediately be asserted [against plaintiffs] upon issue." (Id. at ¶¶ 41, 44)  These continuations later issued as U.S. Patent Nos. 7,223,286 ("the '3286 patent") and 7,229,473 ("the '473 patent"), respectively.

e. Defendants filed a complaint for tortious interference in the district court for the Southern District of New York, presumably to interfere with plaintiffs' imminent launch of the Xience V. (Id. at ¶ 49)

2. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) was filed on December 14, 2006. (D.I. 14) The premise of defendants' motion was that the above-captioned declaratory judgment action should be dismissed for lack of a case or controversy because, among other things, defendants have not filed a lawsuit or counterclaim on the patents in suit. (D.I. 15)

3. On August 30, 2007, defendant Cordis Corporation ("Cordis")[1] executed a covenant not to sue plaintiffs for infringement of the '536, '764, or '796 patents for any drug-eluting stent containing either the drug Everolimus or Zotarolimus, including the Xience V. (D.I. 68, ex. C)

4. On September 4, 2007, defendants filed a second motion to dismiss for lack

---

[1] Cordis states that it owns all rights, title, and interest in the patents in suit. (D.I. 68 at C)

of subject matter jurisdiction, in which they argue that the covenant not to sue removes any reasonable apprehension of suit with respect to the '536, '764, or '796 patents and, accordingly, divests this court of jurisdiction over this declaratory judgment action. (D.I. 68) Plaintiffs have filed a responsive brief in which they oppose defendants' motion, on the grounds that: (a) plaintiffs have since sought leave to file a supplemental complaint, in which plaintiffs add declaratory judgment claims regarding three of defendants' later-issued patents of the same patent family, the '3286 and '473 patents, and U.S. Patent No. 7,217,286 ("the '7286 patent") (D.I. 43, 51, 57);[2] (b) these additional patents are "not patentably distinct" from the claims of the originally-asserted patents; and (c) the new patents and originally-named patents are part and parcel of one controversy between the parties, which the covenant not to sue does not extinguish. (D.I. 76) Defendants' reply brief is due September 28, 2007. (D.I. 75)

5. The covenant not to sue divests this court of declaratory judgment jurisdiction vis-a-vis the '536, '764, and '796 patents. See Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855 (Fed. Cir. 1999); Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1060 (Fed. Cir. 1995). The court retains subject matter jurisdiction, therefore, only if plaintiffs' motion for leave to supplement the complaint is granted.[3] As the parties' arguments regarding defendants' pre-covenant activities are

---

[2]Plaintiffs have moved to enjoin Cordis from prosecuting a parallel infringement litigation in the District of New Jersey regarding the '7286 patent, on the basis that plaintiffs filed their motion for leave to file a supplemental complaint first. (D.I. 47, 48) Both were filed on May 15, 2007.

[3]The covenant not to sue specifically states that it "does not extend in any way to [the '7286, '3286, and '473 patents]." (D.I. 76, ex. C at ¶ 4)

no longer relevant, defendants' first motion to dismiss for lack of subject matter jurisdiction is denied as moot. (D.I. 14) The court will address the remaining motions in due course.

                                                                                      _____
                                                                                      United States District Judge