IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ADVANCED CARDIOVASCULAR SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | Civil Action No. 06-613 - SLR |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
BASED ON COVENANT NOT TO SUE**

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Paul E. Veith
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

Dated: September 28, 2007

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

## **INTRODUCTION**

This lawsuit is nothing more than forum shopping taken to a new level. Abbott selected three patents never asserted by Cordis (the "unasserted patents")[1] and used those patents as an excuse to get its foot in this Court's door and create a first-filed action to which it later could add as-yet-unissued patent applications that form the real dispute between the parties once those applications issued as patents. This complaint is thus a mere procedural placeholder designed to enable Abbott to litigate Cordis's future patents in a court of *Abbott's* choosing, thereby denying Cordis (the patentholder) the right to select its own forum. The patents that form the real dispute between the parties did not issue until many months after this action was filed, and they are the subject of separate actions filed in this District and in the District of New Jersey (the "asserted patents").[2]

Cordis has tendered to Abbott a covenant not to sue on any of the patents raised in Abbott's Complaint in this action, thus entirely mooting this action. In its Order issued on September 27, 2007, this Court indeed found that the "covenant not to sue divests this court of declaratory judgment jurisdiction vis-à-vis the '536, '764, and '796 patents." (D.I. 79 at 3.) Because there is no subject matter jurisdiction with respect to any of the claims asserted in Abbott's Complaint in this action, this action should be dismissed.

Abbott, however, attempts to hold on to its September 2006 filing date by seeking to supplement its moot Complaint to add new claims based on later-issued patents that did not even exist at the time it filed its Complaint (and clearly could not have been brought at the time

---

[1] The unasserted patents are U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,808,536 (the "'536 patent"), and 6,776,796 (the "'796 patent).

[2] The asserted patents are U.S. Patent Nos. 7,217,286 (the "'7286 patent"), 7,223,286 (the "'3286 patent") and 7,229,473 (the "'473 patent"). These patents are raised in C.A. No. 07-259 in this Court and Case Nos. 3:07-cv-02265-JAP-TAB, 3:07-cv-02477-JAP-TJB, and 3:07-cv-02728-JAP-TJB in the District of New Jersey.

Abbott filed its Complaint), and seeking to relate those new claims back to the filing date of its original Complaint. But because the Court has determined that it lacks subject matter jurisdiction over all claims in Abbott's Complaint, there is no longer any Complaint over which the Court retains jurisdiction that could be supplemented. Granting Abbott's motion to supplement would also be redundant and unnecessary, because Abbott has already filed a separate action before this Court raising all of the claims it now seeks to add by way of supplementation. *See* C.A. No. 07-259 (the "'259 action"), D.I. 1. Abbott's motion to supplement should therefore be denied, and this action should be dismissed.

Cordis filed the first action on the later-issued patents and commenced the litigation as early as was possible in New Jersey – at 12:01 a.m. on the day the first of the patents issued. If in these circumstances, Abbott could nonetheless force the litigation to proceed in Delaware by bootstrapping its declaratory judgment case on an earlier, but now moot lawsuit, this would encourage all kinds of gamesmanship by prospective patent infringers. Knowing that claims had been allowed and that a patent was about to issue, the would-be infringer could initiate litigation as a placeholder in advance of the issue date in a forum of its choice and then "supplement" once the patent issues. The courts have never endorsed a regime where parties can forum shop by jumping the gun before a patent has even issued.

## ARGUMENT

I.  **THE COVENANT NOT TO SUE MOOTS ALL OF THE CLAIMS IN ABBOTT'S COMPLAINT IN THIS ACTION.**

In its Order (D.I. 79 at 3), the Court found that Cordis's covenant not to sue eliminates the case or controversy with respect to all three of the patents-in-suit, and therefore the Court lacks subject matter jurisdiction over Abbott's Complaint in its entirety.

Because Abbott cannot argue that the Court has jurisdiction over its Complaint, Abbott instead attempts to confuse the Court by conflating the three patents at issue in this case with the three later-issued patents raised in the '259 action and the actions in New Jersey. Abbott argues that "[t]he controversy between the parties extends to all six patents at issue" and thus the covenant "is insufficient to extinguish the entire controversy between the parties." (Abbott Br. (D.I. 76) at 14, 16) Cordis, however, is not moving to dismiss the '259 action or the New Jersey cases based on the covenant not to sue. The issue here is whether Abbott's Complaint *in this action* should be dismissed as moot. Because all of the claims *in this action* are moot, the Complaint should be dismissed.

Abbott also attempts to put the cart before the horse by arguing that the Court should not consider whether the Court lacks subject matter jurisdiction over Abbott's Complaint before it decides Abbott's motion to supplement. (D.I. 76 at 10.) That argument (like this action) is now moot. The Court has already determined that it lacks subject matter jurisdiction over all of the claims in Abbott's Complaint, and those claims therefore are moot. According to the Federal Rules, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (2007). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"). Because there is no longer any valid Complaint or claim in this action over which the Court has subject matter jurisdiction, Abbott's motion to supplement is moot as well. *See, e.g., Orion Electric Co., Ltd. v. Funai Electric Co., Ltd.*, 2002 WL 377541, *1, *8 (S.D.N.Y., Mar. 11, 2002) (granting motion to dismiss and denying motion to supplement as moot); *Forsgren v. United States*, 73 Fed. Cl. 135, 143 (Ct. Cl. 2006) (same).

## II. ABBOTT'S ATTEMPT TO USE THIS MOOT ACTION TO BOOTSTRAP ITS CLAIMS ON THE LATER-ISSUED PATENTS SHOULD BE REJECTED.

Desperate to maintain its purported first-filed status, Abbott seeks to revive this moot action by supplementing its Complaint to add the later-issued patents raised in the '259 action and the New Jersey cases and relate those patents back to the filing date of this action. As a threshold matter, the Court should deny Abbott's motion because supplementing the Complaint in this action would be redundant and unnecessary. All of the claims that Abbott seeks to add to its Complaint in its motion to supplement are already raised in the existing '259 action, which Abbott filed in this Court on May 15, 2007. If the Court were to grant Abbott's motion to supplement, the '259 action would be redundant, and there would be two different cases before the Court both raising the same declaratory judgment claims. Granting Abbott's motion to supplement therefore would not promote "judicial efficiency" which is "the goal of Rule 15(d)." *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). *See also Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 483 (8th Cir. 1960) ("[i]f no issue remains in the original complaint for adjudication, doubt arises whether any judicial economy will be served by keeping a case alive by permitting the addition of a subsequent claim which is already being fully litigated elsewhere").

Aside from the duplication and inefficiency involved, Abbott's attempt to keep this moot action alive so that it can use its September 2006 filing date to bootstrap claims involving later-issued patents that did not even exist until May and June of 2007 would be improper. Where a Court lacks subject matter jurisdiction over a Complaint, the Complaint must be dismissed in its entirety. Fed. R. Civ. P. 12(h)(3) (2007); *Arbaugh*, 546 U.S. at 514. Lack of jurisdiction cannot be overcome by supplementing the Complaint to add a later patent that issued after the time of filing. *See GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479,

482 (Fed. Cir. 1996) (refusing to supplement declaratory judgment Complaint lacking jurisdiction in light of later issuance of patent). It is well-settled that a declaratory judgment claim cannot exist before the patent issues. *GAF* at 482; *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991).

For example, in *GAF* the plaintiff filed a declaratory judgment action based on a patent that was "about to issue" seeking a declaration that the patent was invalid and not infringed. *Id.* When the patent issued, the plaintiff sought to amend its complaint to reflect the issuance of the patent. *Id.* The Court found that even though the defendant had threatened the plaintiff, such a threat "is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed." *Id.* As the Court explained, "[p]atent rights are created only upon the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." *Id.* at 483. The Court also found that the district court correctly refused to allow the plaintiff to supplement its pleadings under Fed. R. Civ. P. 15 to add the later issuance of the patent. *Id.* Similarly here, it would be improper and make no sense to allow a plaintiff to use a moot action over which the Court lacks subject matter jurisdiction as a vehicle to relate back claims based on later-issued patents that did not exist at the time the moot action was filed. *See Illinois Tool Works, Inc. v. Foster Grant Company, Inc.*, 395 F.Supp. 234, 250-51 (N.D. Ill. 1974) (finding that claim based on later-issued divisional patent did not relate back to the date of the original complaint because an "alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent); *Higgins, Inc. v. Kiekhaefer Corp.*, 246 F.Supp. 610, 611 (E.D. Wis. 1965) ("[s]ince the cause asserted by amendment did not arise out of the conduct

5

alleged in the original pleading, there can be no relation back of the amendment to date of commencement of the action").

Abbott cites no authority where a Court found that it lacked subject matter jurisdiction over a moot declaratory judgment complaint, but nonetheless allowed the plaintiff to use the filing date of its moot complaint to bootstrap claims on later-issued patents that did not exist until after the complaint was filed. Indeed, none of the cases cited by Abbott involved a Complaint that was moot or lacked subject matter jurisdiction. (*See* D.I. 76 at 13, 15-16.) In *Ramsey Group, Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559 (W.D.N.C., Jul. 25, 2002), the original complaint at issue included not only a declaratory judgment patent claim but also a claim "for unfair trade practices pursuant to N.C. Gen.Stat. § 75-1.1." *Id.* at 560. The defendants filed a "statement of non-assertion" for the patent, but did nothing to moot the unfair trade practices claim. *Id.* Therefore, in *Ramsey Group*, unlike this case, the original complaint was ***not*** moot.

Abbott's reliance on *Matthew Bender & Co. v. West Publishing Co.*, 37 U.S.P.Q.2d 1402 (S.D.N.Y. 1995) is also of no avail. *Matthew Bender* was not a patent case at all but rather was a copyright case seeking a declaration that West did "not possess a federal copyright in the pagination of its case compilations." *Id.* at 1403. The court in *Matthew Bender* did ***not*** determine that the original complaint was moot or that the court lacked subject matter jurisdiction. *Id.* at 1404. Nor did the defendant tender a covenant not to sue for the copyright at issue, but instead sought to add a new claim for infringement of that same copyright by a different product. *Id.* at 1403. Moreover, as the Federal Circuit recognized in *GAF*, for purposes of supplementation and relation back under Rule 15:

> [C]opyright actions are unlike patent actions in terms of the time when substantive rights vest. A copyright is created when an original work is "fixed in a tangible medium of expression," 17 U.S.C. § 102 (1994); a patent does not exist until it is granted. The

> existence of a copyright registration is not even a prerequisite to suit under certain circumstances, *see* 17 U.S.C. § 411(a). Patent rights are created only upon the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance.

930 F.3d at 483. Thus in *Matthew Bender*, unlike the present case, the copyright at issue in the motion to supplement already existed as of the time of the original complaint. Finally, *Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398 (W.D.N.Y. 1980) did not involve either a covenant not to sue or an attempt to supplement a moot Complaint over which the Court lacked subject matter jurisdiction.[3]

Consequently, because Abbott's Complaint is moot, the Court should dismiss Abbott's motion to supplement that Complaint as moot as well.

### III. ABBOTT'S ARGUMENTS THAT THE CONTROVERSY BETWEEN THE PARTIES SHOULD BE LITIGATED IN THIS DISTRICT RATHER THAN IN NEW JERSEY ARE UNAVAILING.

Finally, Abbott uses its answering brief as a vehicle to argue that the entire controversy between the parties, including the 07-259-SLR action and the actions filed by Cordis in New Jersey raising claims on the later-issued patents, should be litigated in Delaware rather than in New Jersey. At the suggestion of the parties, the New Jersey Court has determined that it will allow this Court to determine whether the controversy between the parties should proceed in this District or in the District of New Jersey.[4]

---

[3] Abbott also cites *Matthews v. Diaz*, 426 U.S. 67, 74-75 (1976), but that case did not involve patents, declaratory judgment actions, covenants not to sue, or attempts to supplement a mooted case to add later-issued patents. (D.I. 76 at 12.) It merely held that a party challenging the constitutionality of certain Medicare requirements could amend its Complaint to add allegations that it had exhausted its administrative remedies subsequent to filing.

[4] *See* Exhibit A, Stipulation and Order Staying Case Pending Resolution of Motions in the District of Delaware, Case No. 3:07-cv-02477-JAP-TJB (Sept. 17, 2007); Exhibit B, Order (Sept. 26, 2007) "administratively terminating" case subject to reopening "pending the determination by the court in *Abbott Labs. v. Johnson & Johnson*, Case No. 06-613 (SLR)." In the District of

Now that this action is moot, the appropriate course of action would be to allow the remaining litigation to proceed in New Jersey. Both parties agree that the forum of the first-filed case governs where this case should be heard. As Abbott explained in a previous brief to this Court:

> In patent cases, the Federal Circuit applies the well-established "general rule" that "the forum of the first-filed case is favored" unless there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993); *see also Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005).

(Abbott's Opening Memorandum, D.I. 48 at 8.)

Both Cordis and Abbott filed their complaints as to the '7286 patent (the first of the later-issued patents) on May 15, 2007. As between the parties' May 15, 2007 complaints, Cordis' New Jersey action is the first-filed by more than eight hours, having been filed at 12:01 a.m. versus 8:35 a.m. for Abbott's complaint. Abbott disputes that Cordis's complaint was filed at this time, but the evidence clearly demonstrates that it was. Cordis has previously submitted the Declaration of Gale Raffield, the legal assistant at Cordis's local New Jersey counsel's office who did the filing on May 15, 2007. (D.I. 58, Ex. 1.) As explained more fully in her declaration, on May 15, 2007, at 12:01 a.m., Ms. Raffield electronically filed Cordis's complaint on the '7286 patent using the New Jersey court's electronic filing system. (*Id.* ¶ 7.) A Notice of Electronic Filing was generated and indicates that on May 15, 2007 at 12:01 a.m. Cordis filed its

---

New Jersey, an "administrative termination" is "the functional equivalent of a stay." *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 2006 WL 166491, *6 (D.N.J. January 23, 2006). It "is a procedural device that allows a district court judge to get an inactive case ... off the list of pending cases... [S]uch orders are sometimes entered by the courts ... for statistical purposes...The case then can be reactivated when the court is notified...that there is no longer a reason for the stay." *Id.* at *5(quoting *Behrle v Olshanski*, 966 F. 2d 1458, 1459 (8th Cir. 1992)).

complaint against Abbott, along with other documents. (*See id.*, Ex. A.) This is confirmed by a letter from the New Jersey court stating that:

> Our records reflect that the Complaint [in Case No. 07-2265] was filed at 12:01 a.m. on May 15, 2007.

(*See id.*, Ex. B.)

Abbott has argued that the Court should disregard the New Jersey court's letter and Ms. Raffield's declaration and instead deem the complaint to be filed at 11:07 a.m., when the New Jersey court sent an e-mail confirming the docketing of the Complaint. The New Jersey Court itself, however, rejected this interpretation, when it stated that the Complaint in this case "was filed at 12:01 a.m. on May 15, 2007" rather than the "further docket entry" that "was made at 11:07." (*See id.*, Ex. B.)

Consequently, Cordis respectfully submits that New Jersey is the appropriate forum for the remaining litigation over the asserted patents to proceed.

## CONCLUSION

For the foregoing reasons, and those set forth in its opening papers, Cordis respectfully requests that the Court grant its motion and dismiss this action for lack of subject matter jurisdiction.

|  | ASHBY & GEDDES |
|---|---|
|  | /s/ *Lauren E. Maguire* |
|  | Steven J. Balick (I.D. # 2114)<br>John G. Day (I.D. # 2403)<br>Lauren E. Maguire (I.D. # 4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com |
|  | *Attorneys for Defendants Johnson and Johnson, Inc. and Cordis Corporation* |

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Paul E. Veith
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000

Dated: September 28, 2007
184604.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
SEP 17 2007
AT 8:30_____M
WILLIAM T. WALSH

| | |
|---|---|
| CORDIS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Civil Action No. 07-2477<br><br>**STIPULATION AND ORDER STAYING CASE PENDING RESOLUTION OF MOTIONS IN THE DISTRICT OF DELAWARE**<br><br>*Document Filed Electronically* |

The parties have commenced litigation in this Court and in the District of Delaware concerning the patent-in-suit in Civil Action No. 07-2477. The Delaware District Court is presently considering whether this litigation should proceed in this District or in the District of Delaware.

Plaintiff Cordis Corporation, by and through its attorneys, Robinson & Livelli, and Defendant Abbott Laboratories by and through its attorneys, Gibbons P.C., stipulate and agree that Civil Action No. 07-2477 be stayed until the United States District Court for the District of Delaware decides whether this case should proceed in this District or the District of Delaware. If the Delaware District Court determines that the litigation should proceed in this District, the stay will be dissolved without further action by this Court.

SO ORDERED:

_____
Tonianne V. Bongiovanni, U.S.M.J.

#1227091 v1
102461-59976

Consented to:

**ROBINSON & LIVELLI**
Two Penn Plaza East
Newark, New Jersey 07105
(973) 690-5400 (telephone)
(973) 466-2760 (facsimile)

By: *Donald A. Robinson* (signature)
Donald A. Robinson
Attorney for Plaintiff
Cordis Corporation

Consented to:

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500 (telephone)
(973) 639-0545 (facsimile)

By: *Kevin J. McKenna* (signature)
Kevin J. McKenna
Attorney for Defendant
Abbott Laboratories, Inc.

#1226971 v1
102461-59976

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORDIS CORPORATION, : | |
| Plaintiff, : | Civil Action No. 07-2265 (JAP) |
| v. : | |
| ABBOTT LABORATORIES, : | ORDER |
| Defendants. : | |

IT APPEARING that the parties have agreed to a stay of this patent infringement action pending a determination by the court in *Abbott Labs. v. Johnson & Johnson*, Case No. 06-613 (SLR), pending before Chief Judge Sue L. Robinson in the United States District Court for the District of Delaware, as to whether the above-referenced litigation should proceed in this District or in the District of Delaware; and Court having entered a stay in this matter by Order entered September 17, 2007 [Docket Entry No. 12]; and the Court having the inherent power to control the docket (*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991)); and the Court finding that, as the action has been stayed pending the determination by the court in *Abbott Labs. v. Johnson & Johnson*, Case No. 06-613 (SLR), the interests of judicial economy will be best served by administratively terminating this action; and the Court therefore intending to administratively terminate this action, with leave to reopen when appropriate; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause having been shown,

IT IS on this 26th day of September, 2007

ORDERED that this action be ADMINISTRATIVELY TERMINATED, in addition to being stayed, with leave to reopen when appropriate; and it is further

ORDERED that the Clerk of the Court designate this action as closed.

s/Tonianne J. Bongiovanni
HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE