## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET

FREDERICK L COTTRELL. III
DIRECTOR

WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF COM

October 2, 2007

**VIA E-FILE & HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, DE   19801

> Re:   *Abbott Laboratories and Abbot Cardiovascular Systems Inc. v. Johnson & Johnson, Inc. and Cordis Corporation*, **C.A. No. 06-613-SLR**

Dear Judge Robinson:

As a result of the Rule 16 conference held with the Court on September 7, 2007, the parties have consulted and agreed upon the enclosed scheduling order. In addition, as alluded to in Mr. Balick's prior e-mails to the Court, the parties in this action have consulted with the parties in the related action of *Boston Scientific Corp., et al. v. Johnson & Johnson, et al.*, C.A. No. 07-409-SLR and have agreed that a substantially similar scheduling order would be sent to the Court in that action. If the Court has any questions about these matters, please do not hesitate to contact me, Mr. Balick or Ms. Ingersoll.

Respectfully,

Frederick L. Cottrell, III
(#2555)

FLC,III/afg
Enclosure (1)
cc:   Clerk of the Court (by hand delivery)
      Steven J. Balick, Esquire (by e-mail)
      David T. Pritikin, Esquire (by e-mail)
      Edward A. Mas, II, Esquire (by e-mail)
      Leland G. Hansen, Esquire (by e-mail)
      Josy Ingersoll, Esquire (by e-mail)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C. A. No. 06-613-SLR |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this ___ day of October 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2 (a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties already have exchanged the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects without limitation:

> conception; reduction to practice; diligence; prior art; inventorship; ownership; patent prosecution; claim construction; invalidity; enablement; written description; best mode; derivation; infringement; noninfringement; Xience V stent; polymer coatings; therapeutic compounds (e.g., rapamycin and everolimus); licensing; Cypher stent; sales; finances; marketing; stent design and architecture; competitive environment; damages; remedies; any other facts or issues pertaining to the parties' claims and defenses; and according to defendants, profits

1

(b)    All fact discovery shall be commenced in time to be completed by **August 22, 2008**.

(1)    Document production shall be completed on or before **April 11, 2008**.

(2)    Maximum of **25** interrogatories by each party to any other party.

(3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of **30** requests for admission by each party to any other party.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b) (6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of **125** hours each for fact depositions by plaintiff(s) and by defendant(s).

(c)    Expert discovery shall be commenced in time to be completed by **November 28, 2008**.

(1)    Expert reports on issues for which the parties have the burden of proof due **October 3, 2008**. Rebuttal expert reports due **October 31, 2008**.

2

(2)    As a default, expert depositions to be limited to 10 hours per deposition with the understanding that the parties will work together to extend the time for experts that cover more than one subject or where the parties feel they need additional time.

(3)    All Daubert motions shall be filed **as part of the parties' pre-trial order**.

(d)    If willfulness has been asserted and absent agreement among the parties, the Court will convene a telephone conference approximately two months before the close of fact discovery to discuss procedural and discovery matters pertaining to willfulness in light of recent changes in the law.

(e)    Supplementations under Rule 26(e) due **July 11, 2008**.

(f)    **Discovery Disputes.**

(1)    The court shall conduct an in-person discovery status conference(s) on **January 24, 2008** at 4:30 p.m., the time to be allocated equally among the parties.  **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)    **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of

receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **June 13, 2008**.

4.    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5.    **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **thirty (30) days before the end of fact discovery**.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.    **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief **on or before January 23, 2009, opposition papers on or before February 20, 2009, and reply papers on or before March 13, 2009**.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7.    **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **December 19, 2008**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **January 23, 2009**. Simultaneous response briefs should be filed by **February 20, 2009**. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on **April 24, 2009** at 9:00 a.m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine. No** motions in limine shall be filed, instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held **June 24, 2009** at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial**  This matter is scheduled for a jury trial commencing on **August 3, 2009** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
                                    United States District Judge