IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C. A. No. 06-613-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' REQUEST FOR ORAL ARUGMENT
ON DEFENDANTS' SECOND MOTION TO DISMISS (D.I. 68)**

OF COUNSEL:
Edward A. Mas II
Leland G. Hansen
Sandra A. Frantzen
Christopher J. Buchko
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Frederick L. Cottrell III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys For Plaintiffs Abbott Laboratories
and Abbott Cardiovascular Systems, Inc.*

Date: October 3, 2007

RLF1-3208662-1

Pursuant to Local Rule 7.1.4, Plaintiffs (collectively "Abbott") hereby request oral argument on the second motion to dismiss (D.I. 68) filed by Defendants (collectively "Cordis"). In particular, Abbott requests oral argument to address material that Cordis included for the first time in its reply brief instead of a full and fair opening brief, in violation of Local Rule 7.1.3(c)(2). Notably, Cordis' reply brief is twice as long as its opening brief. Attached hereto as Exhibit A is a bullet point summary of key points that Abbott intends to raise at oral argument.

Cordis should have included the new material in its opening brief. When Cordis filed its opening brief, it was fully aware that the principal disputed issue was whether the entire action should be dismissed where Cordis' covenant not to sue did not extinguish the controversy about the new patents in Abbott's supplemental complaint. Indeed, <u>before</u> Cordis executed the covenant not to sue and <u>before</u> Cordis filed its second motion to dismiss, Abbott advised Cordis that a covenant limited to the three original patents would not resolve the entire controversy between the parties:

> [A]lthough we welcome an appropriate covenant not to sue for the original patents, we do not agree that such a covenant would "moot" the 613 action, as you suggest. As you know, we moved to supplement the complaint in the 613 action as each of the new patents issued. The Court had jurisdiction when we filed the original complaint. The Court had jurisdiction when we filed the motions to supplement. Jurisdiction has now vested as to all of the new patents. Moreover, as a matter of law, it is inappropriate to dismiss a complaint for lack of jurisdiction where the plaintiff can establish jurisdiction by amending or supplementing the complaint. (*See* Fed. R. Civ. P. 15.)

(D.I. 68, Ex. B (08/17/07 letter from Hansen to Cass) at 2.) In its second motion to dismiss, Cordis briefly acknowledged this issue but cited only one case, *Cosden Oil & Chem. Co. v. Foster Grant Co.*, 432 F.Supp. 956, 958-60 (D. Del. 1977). (D.I. 68 at 5.)[1] Now, in its reply

---

[1] In *Cosden Oil*, the Court <u>denied</u> the patent owner's motion to dismiss, <u>granted</u> the declaratory judgment plaintiffs' motion to supplement to add a newly issued patent, and <u>enjoined</u> the patent owner's lawsuit for the new patent in another district.

1

brief, Cordis cited a litany of additional cases that it should have included in its opening brief.

Each of the additional cases cited by Cordis is inapposite. None of the cases support Cordis' flawed arguments. Taken as a whole, the cases cited by Cordis establish one point, namely that Cordis has no persuasive authority for its flawed argument that the entire 06-613 action should be dismissed even though a controversy remains as to the new patents in the supplemental complaint. Moreover, Cordis relies on incorrect factual assertions. Accordingly, as summarized in the attachment, Abbott respectfully requests oral argument on Cordis' second motion to dismiss so that Abbott may address the material that Cordis, in violation of the Local Rules, included in its reply brief instead of in a full and fair opening brief.

/s/ F. L. Cottrell

OF COUNSEL:
Edward A. Mas II
Leland G. Hansen
Sandra A. Frantzen
Christopher J. Buchko
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Frederick L. Cottrell III (#2555)
cottrell@RLF.com
Anne Shea Gaza (#4093)
gaza@RLF.com
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys For Plaintiffs Abbott Laboratories and Abbott Cardiovascular Systems, Inc.*

Date: October 3, 2007

2

RLF1-3208662-1

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2007 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

I hereby certify that on October 3, 2007, I caused to be sent by electronic mail the foregoing document to the following non-registered participant:

> David T. Pritikin, Esquire
> William H. Baumgartner, Jr., Esquire
> Russell E. Cass, Esquire
> Laura L. Kolb, Esquire
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

# EXHIBIT A

## Summary of Abbott's Position on New Cases Cited by Cordis

- In *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Supreme Court held that, under Title VII of the Civil Rights Act of 1964, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516. The *Arbaugh* court said nothing about whether a court may exercise jurisdiction on the basis of a supplemental complaint.

- In *Orion Elec. Co. v. Funai Elec. Co.*, No. 01-3501, 2002 U.S. Dist. LEXIS 3928 (S.D.N.Y. Mar. 11, 2002), the court denied the declaratory judgment defendant's motion to dismiss for lack of jurisdiction and granted leave for the plaintiff to replead other claims which were dismissed for failure to state a claim. *Id.* at *5-28. Again, the *Orion* court said nothing about whether a court may exercise jurisdiction on the basis of a supplemental complaint.

- In *Forsgren v. United States*, 73 Fed. Cl. 135 (Ct. Cl. 2006), the motion for leave to supplement and the motion to dismiss were entirely unrelated. The supplemental complaint did not address any of the jurisdictional issues. *Id.* at 144 n.14. Again, the court said nothing about whether a court may exercise jurisdiction on the basis of a supplemental complaint.

- In *GAF Building Materials Corp. v. Elk Corp.*, 90 F.3d 479 (Fed. Cir. 1996), the declaratory judgment plaintiff filed the original complaint before the patent issued. *Id.* at 480. Likewise, in *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631 (Fed. Cir. 1991), the declaratory judgment claim pertained to a pending reissue application where, "[b]efore issuance, what the scope of the claims will be 'is something totally unforeseeable.'" *Id.* at 637. In contrast, in the present case, Abbott filed the original complaint after the original patents issued and moved for leave to supplement on the same day that each new patent issued. In *GAF*, the court expressly endorsed filing a declaratory judgment complaint on the same day that a patent issues. *GAF*, 90 F.3d at 483 (citing *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1265 (Fed. Cir. 1991)). Notably, this Court previously has found that *GAF* does not support the very argument for which Cordis cites the decision. *Intel Corp. v. AmberWave, Sys. Corp.*, 233 F.R.D. 416, 418-19 (D. Del. 2005) ("That basic ruling [in *GAF*] does not . . . stretch to fit the circumstances here . . . .").

- In *Planned Parenthood v. Neely*, 130 F.3d 400 (9th Cir. 1997), plaintiffs prevailed on the merits in the original action (pertaining to a parental consent abortion statute) and the court entered final judgment four years before plaintiffs moved to supplement after a new statute was enacted. *Id.* at 402-03. This case has no application here.

- In *Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478 (8th Cir. 1960), the plaintiff manufacturer filed a declaratory judgment complaint against the patent owner in Massachusetts. *Id.* at 480. Previously, the patent owner had filed patent infringement complaints for a different product, in Missouri and in North Carolina, against the manufacturer's customers. *Id.* In North Carolina, the court found on appeal that the product at issue in North Carolina and Missouri did not infringe. *Id.* The Missouri trial court then entered summary judgment of non-infringement. *Id.* Two months after the manufacturer's customer moved for summary judgment in Missouri, the patent owner moved to supplement in Missouri, alleging infringement by the product at issue in the declaratory

1

judgment action in Massachusetts. *Id.* Under these circumstances, the Missouri court denied the patent owners motion to supplement, noting that the Massachusetts court had set a trial date (more than 18 months after the patent owner move to supplement in Missouri). *Id.* at 480-83. It is hard to understand why Cordis is citing this decision. In any event, as applied to the present case, the holding supports the conclusion that Abbott and Cordis should resolve the present controversy in this case in this District, where the court has set a trial date and the parties have stipulated to a case schedule and commenced discovery, as opposed to the New Jersey actions which have been stayed or the 07-259 action where the court has not set a trial date and no case schedule has been established.

- In *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F.Supp. 234 (N.D. Ill. 1974), the court was addressing a statute of limitations question, not a first-to-file or jurisdictional issue. *Id.* at 250-51. For "relation back" analysis, first-to-file questions are distinct from statute of limitations issues. *Intel*, 233 F.R.D. at 419. Moreover, the *Illinois Tool Works* decision has been described as "out-dated." *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 06-6613, 2007 U.S. Dist. LEXIS 13132, at *8 (N.D. Cal. Feb. 9, 2007). Likewise, in *Higgins, Inc. v. Kiekhafer Corp.*, 246 F. Supp. 610 (E.D. Wis. 1965), the court was addressing a statute of limitations question, not a first-to-file or jurisdictional issue. *Id.* at 610-11. These cases have no application here. On the other hand, in *Matthew Bender & Co. v. West Publishing Co.*, 37 U.S.P.Q.2d 1402 (S.D.N.Y. 1995), the court found that, <u>in the context of a first-to-file issue</u>, that a supplement complaint related back to the date of the original complaint even though the product at issue in the supplemental complaint did not exist when the original complaint was filed. *Id.* at 1403-04.

In any event, a "relation back" analysis is not necessary here because the new patents are part and parcel of the controversy that arose when Cordis began a campaign alleging infringement of the original patents. *Saes Getters v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1090 (S.D. Cal. 2002) ("[T]he first-filed forum is the one in which the parties originally were brought, not the one in which the precise issue was first raised."); *see also* D.I. 48 at 10-17 & n.8.

2

## Summary of Abbott's Position on New Factual Allegations by Cordis

- Cordis suggests that Abbott filed the original compliant as a placeholder for the supplemental complaint "[k]nowing that [new] claims had been allowed and that a [new] patent was about to issue." (D.I. 80 at 2.) To the contrary, when Abbott filed the original complaint, no new claims had been allowed, and Abbott could not know whether or when any new patents would issue or with what claims. Indeed, <u>at the time Abbott filed the original complaint</u>, the status of the applications that eventually issued as the new patents was uncertain. As Cordis itself previously asserted: "The applications in question may or may not result in issued patents, and to date all claims in these applications which have been examined by the [Patent Office] have been rejected." (D.I. 15 at 2.)

On the other hand, <u>at the time Abbott filed the original complaint</u>, Cordis had alleged in the Patent Office that Abbott "unquestionably" infringed the pending claims that were "not patentably distinct" from the claims in the original patents. Accordingly, the applications for the new patents contributed to the controversy even before the new patents issued. (D.I. 49 at 27-31; D.I. 76 at 14 & n.8.) Notably, Cordis cannot and does not dispute that the new patents are directly related to the original patents through a chain of continuation applications and that the claims of the new patents are "not patentably distinct" from the claims of the original patents, as determined by the Patent Office. In short, the new patents and the original patents are inexorably intertwined and are part and parcel of the same controversy between the parties.

- Cordis asserts: "Abbott selected three patents never asserted by Cordis . . . and used those patents as an excuse to get its foot in this Court's door and create a first-filed action to which it later could add as-yet-unissued patent applications that form the real dispute between the parties once those applications issued." This specious assertion begs at least two questions. If the three original patents were never part of the "real dispute", why did Cordis raise those specific patents during its public campaign against Abbott's XIENCE V stent? And, why did Cordis wait until after the new patents issued before executing a covenant not to sue? There is only one rational explanation. Until the new patents issued with patentably indistinct claims, Cordis was set to sue Abbott on the original patents. Even after the new patents issued, Cordis did not execute a covenant not to sue until Cordis apparently concluded that the Court was preparing to deny Cordis' first motion to dismiss.

3