# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-613-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION TO RECONSIDER ORDER DENYING MOTIONS FOR LEAVE TO SUPPLEMENT AND MOTION TO ENJOIN AND GRANTING MOTION TO DISMISS

OF COUNSEL:
Edward A. Mas II
Leland G. Hansen
Sandra A. Frantzen
Christopher J. Buchko
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Frederick L. Cottrell III (#2555)
cottrell@RLF.com
Anne Shea Gaza (#4093)
gaza@RLF.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys for Plaintiffs Abbott Laboratories and Abbott Cardiovascular Systems, Inc.*

Dated: December 12, 2007

For the reasons given below, Plaintiffs (collectively "Abbott") respectfully request that the Court reconsider and reverse its November 28 Order (D.I. 92) denying Abbott's motions for leave to supplement its complaint (D.I. 43, 51, 57 and 90), denying Abbott's motion to enjoin (D.I. 47), and granting the motion to dismiss by Defendants (collectively "Cordis") (D.I. 68).[1] Abbott also respectfully requests oral argument regarding these matters.

First and most important, Cordis moved to dismiss alleging a lack of controversy between the parties based on a covenant not to sue. That covenant, however, did not resolve the entire controversy between the parties at the time Cordis executed it. The fundamental consideration is the scope of the controversy at the time Cordis executed the covenant. The fact that the Court had not yet ruled on Abbott's motions for leave to supplement should have been irrelevant. In other words, Abbott respectfully submits that the outcome of this jurisdictional issue should not have turned on when the decision was rendered on Abbott's motions for leave to supplement. Accordingly, the motion to dismiss should have been denied and Abbott's motions for leave to supplement and motion to enjoin should have been granted.

Second, the <u>same patents</u> and the <u>same product</u> at issue in this case are also at issue in other cases pending before this Court between Boston Scientific and Cordis. Cordis has not sued Boston Scientific in New Jersey or in any other district. It would be inefficient for this Court to resolve the controversy between Boston Scientific and Cordis while another court in New Jersey resolves the controversy between Abbott and Cordis involving exactly the same patents and the same product.

---

[1] Under the prevailing precedent, a motion for reconsideration should be granted where the moving party demonstrates "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Tinney v. Geneseo Commc'ns., Inc.*, 502 F. Supp. 2d 409, 414-45 (D. Del. 2007).

Third, the Court apparently misunderstood Abbott's position about the time of Cordis' filing in New Jersey. Specifically, the Court stated: "[T]he first New Jersey action was filed [by Cordis] at 12:01 a.m. [on May 15, 2007]. Abbott does not contest this fact." (D.I. 91 at 3 n.5.) Abbott, however, does contest that fact. Pursuant to the local rules in New Jersey, Cordis' filing was not completed until 11:07 a.m. on May 15, 2007, more than 11 hours after Abbott moved to supplement the pending action in this Court. Accordingly, Abbott filed first on May 15, 2007.

Each of these points is addressed more fully below.

A.  **Cordis' Covenant Not To Sue Did Not Resolve The Entire Controversy At The Time Cordis Executed The Covenant**

Where a patent owner asserts rights under a patent based on ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity, an Article III case or controversy exists and a court may exercise jurisdiction in a declaratory judgment action. *SanDisk Corp. v. STMicroelectronics*, 480 F.3d 1372, 1381 (Fed. Cir. 2007); *see also Medimmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 770-75 (2007).

The core question presented by Cordis' motion to dismiss was whether the covenant not to sue extinguished the entire controversy between the parties. <u>That question must be resolved based on the scope of the controversy at the time that Cordis unilaterally decided to execute the covenant</u>. At the relevant time, the controversy encompassed both the original patents and the three new patents that had issued months before from the Patent Office.[2] Because the covenant did not resolve the entire controversy between the parties, Cordis' motion to dismiss should have been denied and Abbott's motions for leave to supplement and motion to enjoin should have been granted.

---

[2] A fourth new patent issued on November 27, 2007, and is now also part and parcel of the controversy between the parties. (D.I. 90.)

2

### 1. The Scope Of The Controversy Between The Parties

When Abbott filed the original declaratory judgment complaint in this action, the controversy between the parties encompassed three Cordis patents. Later, three new Cordis patents issued from the Patent Office. The new patents are directly related to the original patents and claim subject matter that is "not patentably distinct" from the original patents, as Cordis has conceded. Accordingly, as each new patent issued, it became part and parcel of the controversy.[3]

Contrary to Cordis' assertions, Abbott did not file the original complaint in anticipation of the new patents. When Abbott filed the original complaint, the Patent Office had not allowed any of the claims in the new patents. Accordingly, Abbott could not and did not know when or whether any new patents would issue or whether the claims in any new patents would be directed to the same subject matter as the original patents.

### 2. The Covenant Not To Sue Did Not Extinguish The Controversy Because Cordis Deliberately Waited Until After The Three New Patents Issued

Cordis eventually executed a covenant not to sue and surrendered the three original patents. Cordis did not execute the covenant, however, until almost a year after Abbott filed the original declaratory judgment complaint and <u>more than 3 ½ months after the first new patent issued</u>. Cordis had complete control over the timing of the covenant not to sue. It was a unilateral act. Assuming, *arguendo*, that Cordis had executed the covenant before the first new patent issued, then the covenant would have eliminated the controversy between the parties as it existed at that time. Cordis deliberately waited, however, to execute the covenant until <u>after</u> the

---

[3] Because the new patents are "not patentably distinct," the Patent Office found that the three new patents should expire on the same date as the original patents. In practical effect, the new patents are part and parcel of the original patents. For present purposes, any other conclusion would be drawing a distinction without a difference. *See, e.g., Applied Vision, Inc. v. Optical Coating Lab., Inc.*, No. C97-1233, 1997 U.S. Dist. LEXIS 16306, at *13 (N.D. Cal. Sept. 22, 1997); *Intel Corp. v. AmberWave Sys. Corp.*, 233 F.R.D. 416, 418-19 (D. Del. 2005); *Cosden Oil & Chem. Co. v. Foster Grant Co.*, 432 F. Supp. 956, 960 (D. Del. 1977).

3

new patents issued. Cordis apparently was unwilling to relinquish its claims under the original patents until the new patents issued claiming the same subject matter. Once the new patents issued, they became part and parcel of the controversy between the parties. Accordingly, at the time Cordis elected to execute the covenant, it did not extinguish the entire controversy that then existed between the parties.

      **3.**    **The Covenant Not To Sue Must Be Considered In View Of The Scope Of The Controversy At The Time Cordis Unilaterally Executed The Covenant**

Because the covenant did not extinguish the entire controversy, Cordis' motion to dismiss should have been denied. Any other approach leads to unintended and arbitrary results. For example, in this case, Abbott's motions for leave to supplement had been fully briefed for more than two months before Cordis executed the covenant not to sue.



If the Court had ruled on Abbott's motions during that two month time period, Abbott's motions presumably would have been granted. There would have been no basis to deny Abbott's motions. (*See* D.I. 91 at 5-6 (discussing standard of review for a motion to supplement).)

4

Abbott moved to supplement at the earliest possible opportunity. Recognizing that the Court has a full docket, Abbott had no control over when the Court would be able to take up Abbott's motions. Abbott respectfully submits that the jurisdictional issues at hand should not depend on when the Court was able to take up Abbott's motions. Otherwise, fundamental jurisdictional issues would depend on factors that should be irrelevant.[4]

**B.     The Same Patents And The Same Product Are At Issue In Related Litigation Before The Court**

In addition, consideration should be given to the fact that the same patents and the same product are before this Court in declaratory judgment actions filed by Boston Scientific against Cordis. (*See, e.g.*, D.I. 63 at 20.) Specifically, the new patents are at issue in *Boston Scientific Corp. v. Johnson & Johnson, Inc. et al.*, Civil Action Nos. 07-333-SLR, 07-348-SLR, 07-409-SLR, and 07-765-SLR. Also, the product at issue in those cases (Boston Scientific's Promus stent) is the same product at issue here (Abbott's Xience stent). Other than the name, there are no material differences between Boston Scientific's Promus stent and Abbott's Xience stent. Abbott is the sole manufacturer. Moreover, this Court is the only court where the controversy between Boston Scientific and Cordis has been raised. Cordis has not sued Boston Scientific in New Jersey or any other district.

---

[4] Any other outcome is manifestly unjust. What if, for example, the Court had granted Abbott's motions for leave to supplement and thereafter Cordis decided to surrender the original three patents via a covenant not to sue? Clearly, if the pleadings were already supplemented when Cordis executed the covenant, the motion to dismiss would have been denied. Granting the motion to dismiss because the motions to supplement had not yet been decided would be an unjust and arbitrary result. The only determinative factor should be the scope of the controversy at the time Cordis surrendered the three original patents, and at that time all of the patents were fairly at issue.

**C.    The Court Apparently Misunderstood Abbott's Position About The Time When Cordis Filed In New Jersey**

In connection with the November 28 Order, the Court stated that "Abbott does not contest" that Cordis filed the first New Jersey action at 12:01 a.m. (D.I. 91, n.5.) That is not correct. When Cordis filed the first New Jersey action on May 15, 2007, the court in New Jersey provided a Notice of Electronic Filing stating that the complaint was filed at 11:07 a.m. (D.I. 48-3, Ex. 10.) Pursuant to the local rules in New Jersey, that Notice constitutes the official **"FILED"** stamp that establishes the date and time when the complaint was filed. (D.I. 63-3, Ex. 17 at 23.) In accordance with the local rules, the New Jersey court generated the Notice after the clerk's office processed Cordis' submission, as Cordis concedes. (D.I. 58 at 9 ("The clerk's office assigned Cordis' action case number 07-2265 and sent an email to that effect at 11:07 a.m.").)[5]

---

[5] Beginning on May 15, 2007, after Cordis filed in New Jersey, Abbott repeatedly asked Cordis to provide a copy of the Notice of Electronic Filing. (*See* D.I. 48-3, Ex. 12.) Cordis ignored these repeated requests. Cordis refused to acknowledge the Notice or that it gave a filing time of 11:07 a.m. Unbeknownst to Abbott, Cordis spent the next ten days soliciting a letter from a deputy clerk in New Jersey. (*See* D.I. 63-3, Exs. 18-19.) At the time, Cordis gave no notice to Abbott that Cordis was soliciting such a letter. <u>Abbott had no opportunity to object or to be heard by the New Jersey court</u>. Cordis' *mens rea* is demonstrated by the fact that Cordis repeatedly ignored Abbott's inquiries and gave Abbott no notice during the same time period that Cordis was engaging in *ex parte* communications to solicit the letter.

Notably, Cordis cannot dispute that the letter from the deputy clerk is inaccurate. Specifically, the letter states that the docket entry at 11:07 a.m. "was simply to correct an erroneous reference to May 14, 2007 that appeared on the earlier docket entry." (*Id.*, Ex. 19.) To the contrary, as Cordis concedes, the 11:07 a.m. docket entry was made when the clerk's office in New Jersey processed the complaint submitted by Cordis. (D.I. 58 at 9.)

Cordis refuses to disclose the extent and nature of its *ex parte* communications with the deputy clerk in New Jersey. Ordinarily, a deputy clerk would not provide such a letter. That fact calls into question the extent and nature of the *ex parte* communications. There is no evidence that Cordis informed the deputy clerk that Cordis was soliciting a letter directed to a dispute between the parties. Accordingly, the deputy clerk likely did not appreciate that Cordis was soliciting a misleading statement about a disputed point. Abbott respectfully submits that the Court should rely on the official **"FILED"** stamp rather than the letter from the deputy clerk.

6

According to Cordis, it submitted the complaint at 12:01 a.m. Cordis provided an affidavit and notice with a dummy case number in support of that contention. But, under the local rules in New Jersey, the time of filing is not based on the time when Cordis might have initially submitted the complaint. Even if Cordis initially submitted the complaint at 12:01 a.m., the complaint was not filed until 11:07 a.m., according to the local rules. (D.I. 63-3, Ex. 17 at 23.) The Court apparently understood that Abbott had conceded that Cordis filed at 12:01 a.m. Abbott does not concede that fact. To the contrary, Abbott contends that Cordis filed at 11:07 a.m., after Abbott moved for leave to supplement at 12:01 a.m. and after Abbott filed the complaint in Civil Action No. 07-259-SLR at 8:30 a.m. Accordingly, Abbott was the first to file on May 15. Cordis' motion to dismiss should have been denied, and Abbott's motions should have been granted.

**D.    The November 28 Order Should Be Reversed**

For all the foregoing reasons, Abbott respectfully requests that the Court reconsider and reverse the November 28 Order. Cordis' motion to dismiss should be denied. Abbott's motions for leave to supplement and motion to enjoin should be granted. Abbott also respectfully requests the opportunity to be heard at oral argument on these matters.

|  |  |
|---|---|
| OF COUNSEL:<br>Edward A. Mas II<br>Leland G. Hansen<br>Sandra A. Frantzen<br>Christopher J. Buchko<br>McANDREWS, HELD & MALLOY, LTD.<br>500 West Madison Street, 34th Floor<br>Chicago, Illinois 60661<br>(312) 775-8000 | _/s/ Anne Shea Gaza_____<br>Frederick L. Cottrell III (#2555)<br>cottrell@RLF.com<br>Anne Shea Gaza (#4093)<br>gaza@RLF.com<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19899<br>(302) 651-7700<br>*Attorneys for Plaintiffs Abbott Laboratories and Abbott Cardiovascular Systems, Inc.* |

Dated:  December 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2007 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

I hereby certify that on December 12, 2007, I caused to be sent by electronic mail the foregoing document to the following non-registered participant:

> David T. Pritikin, Esquire
> William H. Baumgartner, Jr., Esquire
> Russell E. Cass, Esquire
> Laura L. Kolb, Esquire
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

*Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com