IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ADVANCED CARDIOVASCULAR SYSTEMS, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHNSON and JOHNSON, INC. and CORDIS CORPORATION, )<br>)<br>Defendants. ) | C.A. No. 06-613-SLR |

**DEFENDANTS' ANSWER TO PLAINTIFFS' MOTION TO
RECONSIDER ORDER DENYING MOTIONS FOR LEAVE TO
SUPPLEMENT AND MOTION TO ENJOIN AND GRANTING MOTION TO DISMISS**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Dated:  December 31, 2007

## INTRODUCTION

Abbott's motion for reconsideration largely repeats arguments previously made and rejected by the Court. None of those arguments meets the high threshold even for seeking reconsideration – let alone granting such a motion.

Motions for reconsideration or reargument "shall be sparingly granted." Delaware Local Rule 7.1.5. Such motions are "the functional equivalent of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(3)" and the standard for granting such motions "is difficult for a movant to meet." *Samuel v. Carroll*, 505 F. Supp. 2d 256, 261 (D. Del. 2007). The purpose of such motions is "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, a court may only grant such a motion "if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A motion for reconsideration "is not properly grounded on a request that a court rethink a decision already made." *Rush v. Correctional Medical Sys., Inc.*, 2007 WL 4105125, at *1 (D. Del., Nov. 16, 2007).

Abbott has not demonstrated that any of these requirements are met. Abbott points to no change in controlling law or new evidence that would warrant a reconsideration of the Court's decision. Nor does Abbott point to any "clear error of law or fact" or "manifest injustice" in the Court's decision. Accordingly, Abbott's motion for reconsideration should be denied.

**ARGUMENT**

I. **ABBOTT'S ARGUMENT THAT THE COVENANT DID NOT RESOLVE THE ENTIRE CONTROVERSY BETWEEN THE PARTIES IS INCORRECT.**

Abbott's first ground for reconsideration is that the Court erred in dismissing the Complaint in Civil Action No. 06-613 (the "'613 Complaint") because the covenant not to sue "did not resolve the entire controversy between the parties at the time Cordis executed it." (Abbott Mot. at 1.) Abbott makes two arguments in support of this position, neither of which has merit.

First, Abbott reiterates the argument it made previously that the covenant did not resolve the "entire controversy" between the parties because it did not extend to all of the patents at issue in the various Delaware and New Jersey actions. (Abbott Mot. at 2; *see* D.I. 76 at 14, 16.) But, as the Court correctly found, the covenant not to sue mooted any controversy with respect to the patents asserted in the Complaint in the '613 action.[1] (D.I. 79; D.I. 91 at 3.) Abbott attempts to confuse the Court by conflating the patents in the '613 Complaint with the later-issued patents raised in Civil Action No. 07-259 (the "'259 action") and the actions in New Jersey, which were not covered by the covenant not to sue.[2] But those later-issued patents were not and could not have been raised in the '613 Complaint because they did not issue until many months after the '613 Complaint was filed. *See GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482-83 (Fed. Cir. 1996) (affirming finding of district court that no subject matter jurisdiction existed at time of filing based on patent that was "about to issue"); *see also*

---

[1] The three patents raised in the '613 Complaint are U.S. Patent No. 6,585,764 (the "'764 patent"), U.S. Patent No. 6,776,796 (the "'796 patent") and U.S. Patent No. 6,808,536 (the "'536 patent").
[2] The later-issued patents raised in the Civil Action No. 07-259 and the New Jersey actions are U.S. Patent No. 7,217,286 (the "'7286 patent"), U.S. Patent No. 7,233,286 (the "'3286 patent"), U.S. Patent No. 7,229,473 (the "'473 patent"); and U.S. Patent No. 7,300,662 (the "'662 patent").

*Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 251 (N.D. Ill. 1974), *aff'd* 574 F.2d 1300 (7th Cir. 1976) ("An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent."). Consequently, it was proper for the Court to dismiss the '613 Complaint.

Second, Abbott argues that the Court should not have considered the existence of the covenant not to sue when it ruled on Abbott's motion to supplement its Complaint in the '613 action. (Abbott Mot. at 3-4.) Abbott apparently believes that the Court was required to shut its eyes to the facts existing at the time it considered Abbott's motion – facts that mooted the '613 Complaint in its entirety. Abbott, however, cites no law to support this startling proposition. That is not surprising. Contrary to Abbott's argument, it was not only proper but necessary for the Court to consider all existing facts relating to jurisdiction when it considered Abbott's motion. The law makes clear that "***whenever*** it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Merck & Co. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 424 (D. Del. 2007) (quoting Fed. R. Civ. P. 12(h)(3), emphasis in original). It is "well-established" that "a trial court may be divested of subject matter jurisdiction over a particular patent claim" based on a subsequently-executed covenant not to sue. *Id*; *see also Tropicana Prods., Inc. v. Land O'Lakes, Inc.*, No. Civ. A. 02-358, at *1 (D. Del. Nov. 20, 2003) (finding that covenant not to sue mooted previously-filed motion relating to unenforceability of the patent at issue); *Corning, Inc. v. SRU Biosystems*, No. Civ. A. 03-633, 2005 WL 2465900, at *3 (D. Del. Oct. 5, 2005) (dismissing counterclaims as moot based on subsequently filed covenant not to sue).

3

Here, the covenant not to sue divested the Court of jurisdiction over the '613 Complaint. It was not only permissible, but indeed necessary for the Court to consider the covenant when it ruled on the pending motions.

## II. ABBOTT'S ARGUMENT THAT THE COURT SHOULD RECONSIDER ITS RULING BASED ON THE LATER-FILED BOSTON SCIENTIFIC CASES IS WITHOUT MERIT.

Abbott next argues that the Court should reconsider its decision because the later-issued patents raised in the New Jersey actions were the subject of declaratory judgment actions filed by Boston Scientific in this District. The Boston Scientific cases, however, play no part in the legal issues decided by the Court – *i.e.*, whether the original '613 action was moot and whether Abbott's declaratory judgment claims on the later-issued patents should be dismissed in favor of the earlier-filed Cordis actions in New Jersey. Boston Scientific filed the first of its cases **after** Cordis's initial New Jersey action, and therefore the Boston Scientific cases have no bearing on the Court's holding that Cordis's New Jersey actions were first-filed with respect to the later-issued patents.

In any event, the Boston Scientific cases in no way suggest that the litigation should proceed in this District. In the first place, Boston Scientific filed its cases prematurely, and Cordis has filed motions to dismiss each of those cases for lack of subject matter jurisdiction. (*See* D.I. 11 in C.A. No. 07-333-SLR, D.I. 9 in C.A. No. 07-348-SLR, D.I. 7 in C.A. No. 07-409-SLR, and D.I. 8 in C.A. No. 07-765-SLR.) As explained in Cordis's motions to dismiss, when the Boston Scientific actions were filed there was no actual or imminent act of infringement;[3] nor did Boston Scientific represent that it would obtain FDA approval at any particular time. It would make no sense for the Court to reverse its decision with respect to the

---

[3] Abbott has infringed the patents-in-suit by making the accused products in the United States. Boston Scientific, by contrast, does not appear to make, use, sell or offer for sale the accused stents in the United States.

4

Abbott cases based on the Boston Scientific actions that were filed prematurely and lack subject matter jurisdiction.

In addition, Cordis has filed a motion to transfer the Boston Scientific actions to the District of New Jersey, where the related Abbott cases are pending. (C.A. No. 07-333, D.I. 21.) The first of the Boston Scientific actions (seeking a declaratory judgment with respect to the '7286 patent) was filed on May 25, 2007 – ten days after Cordis had filed an infringement action against Abbott based on the very same patent. Where a first-filed case is pending in another forum, "the second-filed action is usually stayed or transferred to the court where the first-filed action is pending." *Arrow Communication Labs., Inc. v. John Mezzalingua Assocs.*, No. 05-357-SLR, 2005 WL 2786691, at *2 (D. Del. Oct. 26, 2005). This rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Id.* Consequently, "[i]nvocation of the rule will usually be the norm, not the exception." *Id.*

The Boston Scientific actions involve the same patents and same accused product as the earlier-filed New Jersey cases against Abbott (Boston Scientific's Promus stent is merely a private-label version of the Abbott Xience stent at issue in the New Jersey actions). Therefore, the law is clear that the Boston Scientific cases should be transferred to New Jersey. It would make no sense for the Court to reverse its decision dismissing the Abbott cases based on the later-filed Boston Scientific actions.

### III.    ABBOTT'S ARGUMENT THAT THE COURT "MISUNDERSTOOD" ABBOTT'S POSITION ABOUT THE TIME WHEN CORDIS FILED IN NEW JERSEY IS UNAVAILING.

Abbott's final ground for reconsideration is based on a statement in a footnote of the Court's opinion stating that:

> The clerk's office for the United States District Court for the District of New Jersey has confirmed, in accordance with J&J's filing receipt (Civ. No. 06-613, D.I. 59, ex. 1, document attached

5

> as ex. A thereto), that the first New Jersey action was filed at 12:01
> a.m. (id., document attached as ex. B thereto). Abbott does not
> contest this fact.

(D.I. 91 at 3, fn. 5.)

Abbott argues that the Court "apparently misunderstood" Abbott's position because, despite the letter from the clerk of the New Jersey Court, Abbott believes that the effective time of filing should be considered to be 11:07 A.M. when the Court sent an e-mail correcting the time of filing in its computer system. (Abbott Mot. at 6.) The Court's statement in footnote 5 above, however, is accurate. Abbott never contested, and still does not contest, that the clerk's office for the District of New Jersey court confirmed in a letter dated May 24, 2007, that "[o]ur records reflect that the Complaint [in Case No. 07-2265] was filed at 12:01 A.M. on May 15, 2007." (Ex. B to Declaration of Gale Raffield, D.I. 58, Ex. 1.) Abbott merely made (and continues to make) baseless assertions that Cordis's New Jersey counsel engaged in improper *ex parte* communications with the New Jersey court.[4] The Court fully considered this issue and correctly stated that "the court disagrees that J&J's communications with the clerk's office in New Jersey, undertaken to clarify inconsistencies on the electronic filing receipts obtained by J&J, constitute improper *ex parte* communications." (D.I. 91 at 4, fn. 5.)

Nonetheless, Abbott persists in arguing that Cordis's Complaint should not be deemed filed until the New Jersey court sent its e-mail at 11:07 a.m. correcting the time of filing in its computer system. This argument, however, flies in the face of the evidence. As set forth in her declaration, Gail Raffield at Cordis's New Jersey counsel's office electronically filed the Complaint at 12:01 a.m. on May 15, 2007. (D.I. 58, Ex. 1.) At the end of the electronic filing

---

[4] As Cordis previously explained, Cordis's New Jersey counsel called the New Jersey court's toll free electronic filing Helpdesk which is advertised as a resource available to anyone with questions regarding electronic filings, and was referred to a deputy clerk in the Clerk's office who reviewed each of the filings at issue to confirm the time and date of filing. (D.I. 66 at 2.)

process, Ms. Raffield received from the Court a "Notice of Electronic Filing" automatically generated by the New Jersey Court's electronic filing system.[5] (Ex. A to Declaration of Gale Raffield, D.I. 58, Ex. 1.) This "Notice of Electronic Filing" provided an electronic document stamp and clearly stated that the Complaint was filed at 12:01 A.M.[6] (*Id.*)[7] And, the clerk of the New Jersey Court confirmed this time of filing in its letter stating that "[o]ur records reflect that the Complaint [in Case No. 07-2265] was filed at 12:01 A.M. on May 15, 2007." (Ex. B to Declaration of Gale Raffield, D.I. 58, Ex. 1.) Consequently, the Court was correct in determining that Cordis's New Jersey action was the first-filed action with respect to the later-issued patents.

Finally, Abbott ignores the Court's holding that even if the parties' filings were considered to be "functional equivalents" (which they are not) the "winner of this race to the court house is the true plaintiff, not the declaratory judgment plaintiff, as this court respects the choices made by plaintiffs in choosing this state as a forum and must, therefore, respect their choice of a different forum." (D.I. 91 at 9.) Cordis is the true plaintiff here. The Court correctly dismissed Abbott's declaratory judgment actions.

## CONCLUSION

For the foregoing reasons, Cordis respectfully requests that the Court deny Abbott's motion for reconsideration.

---

[5] *See* D.I. 63-3, Ex. 17 at 6. ("Electronic transmission of documents to the Electronic Filing System .. together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document.").

[6] The Notice of Electronic Filing also included an erroneous reference to May 14 instead of May 15. (*Id.*) The clerk's office of the New Jersey Court corrected this error in its e-mail at 11:07 A.M. that morning.

[7] Contrary to Abbott's assertion, Cordis provided a copy of this Notice of Electronic Filing to Abbott on May 21 after it was requested by Abbott's counsel. Abbott's counsel had previously refused to accept service of the Complaint.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*
David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Dated:  December 31, 2007
186949.1