IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, )<br>)<br>Defendants. ) | C.A. No. 06-613-SLR |

**PLAINTIFFS' REQUEST FOR ORAL ARUGMENT
FOR MOTION TO RECONSIDER ORDER DENYING MOTIONS FOR LEAVE TO
SUPPLEMENT AND MOTION TO ENJOIN AND GRANTING MOTION TO DISMISS**

Pursuant to Local Rule 7.1.4, Plaintiffs hereby request oral argument on their Motion To Reconsider (D.I. 94) to address misstatements of fact and law by Cordis, as highlighted below.

**First**, Cordis misstates the law regarding dismissal of a lawsuit based on a covenant not to sue that does not resolve the entire controversy. In the Answer To Motion To Reconsider (D.I. 95), Cordis cites three cases for the proposition that: "It is 'well-established' that 'a trial court may be divested of subject matter jurisdiction over a particular patent claim' based on a subsequently-executed covenant not to sue." (D.I. 95 at 3.) Cordis misses the point. At the time Cordis executed a covenant not to sue in this case, the controversy between the parties encompassed three new patents in addition to the three original patents for which Cordis covenanted not to sue. Cordis does not and cannot dispute that, if the Court had ruled on Abbott's motions to supplement during the first two months after the briefing was complete, Abbott's motions would have been granted and Cordis' belated motion to dismiss would have been denied.

1

Abbott respectfully submits that granting the motion to dismiss because the motions to supplement had not yet been decided would be an unjust result. The only determinative factor should be the scope of the controversy at the time Cordis executed the covenant not to sue, and at that time all six patents were fairly at issue. The cases cited by Cordis are inapposite. For example, in *Corning, Inc. v. SRU Biosystems*, No. Civ. A. 03-633, 2005 WL 2465900, at *1-3 (D. Del. Oct. 5, 2005), the court exercised jurisdiction and conducted a trial for one patent (the '843 patent) even though the patent owner executed a covenant not to sue for a related patent (the '248 patent). In *Merck & Co. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 423 (D. Del. 2007), the patent owner, unlike Cordis, executed a "comprehensive covenant not to sue" for <u>all</u> the patents in controversy. Similarly, in *Tropicana Products, Inc. v. Land O'Lakes, Inc.*, No. Civ. A. 02-358, 2003 WL 22834602, at *1 (D. Del. Nov. 20, 2003), the patent owner executed a covenant not to sue for the only patent in controversy. Cordis has not and cannot cite a single case where a lawsuit was dismissed based on a covenant not to sue that did not resolve the entire controversy <u>at the time the covenant was executed</u>.

**<u>Second</u>**, Cordis has misstated the facts regarding the **FILED** stamp for its New Jersey complaint. According to the local rules in New Jersey, the Notice Of Electronic Filing that issued at 11:07 a.m. on May 15, 2007, constitutes the official **FILED** stamp for Cordis' New Jersey complaint. Contrary to Cordis' misstatements, that **FILED** stamp issued at 11:07 a.m. in exactly the fashion described in the local rules, as Cordis previously conceded.[1] In short, Cordis

---

[1] *Compare* D.I. 63-3, Ex. 17 at 23 (New Jersey local rules stating "the Court will review and process the document and assign a judge and a case number. A Notice of Electronic Filing will be sent to the filer and this notice will be the **'FILED'** stamp.") *and* D.I. 58 at 9 (Cordis brief admitting: "The clerk's office assigned Cordis' action case number 07-2265 and sent an email to that effect at 11:07 a.m.").

is fully aware that the letter on which it relies is not accurate and was obtained by *ex parte* communications with no notice to Abbott.

The present issues pertain to fundamental jurisdictional questions. Abbott respectfully requests oral argument to be heard on these issues, as illustrated by the examples above. Abbott also requests oral argument to address the impact of the litigation in this Court between Cordis and Boston Scientific, which involves the same patents and product as this case.

|  |  |
|---|---|
| | _/s/ Anne Shea Gaza_____ |
| OF COUNSEL: | Frederick L. Cottrell III (#2555) |
| Edward A. Mas II | cottrell@RLF.com |
| Leland G. Hansen | Anne Shea Gaza (#4093) |
| Sandra A. Frantzen | gaza@RLF.com |
| Christopher J. Buchko | RICHARDS, LAYTON & FINGER |
| McANDREWS, HELD & MALLOY, LTD. | One Rodney Square |
| 500 West Madison Street, 34th Floor | 920 N. King Street |
| Chicago, Illinois 60661 | Wilmington, Delaware 19899 |
| (312) 775-8000 | (302) 651-7700 |
| | ATTORNEYS FOR PLAINTIFFS ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC. |

Dated: January 4, 2008

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

I hereby certify that on January 4, 2008, I caused to be sent by electronic mail the foregoing document to the following non-registered participant:

> David T. Pritikin, Esquire
> William H. Baumgartner, Jr., Esquire
> Russell E. Cass, Esquire
> Laura L. Kolb, Esquire
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com