IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 06-613-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of January, 2008, having reviewed Abbott's motion for reconsideration;

IT IS ORDERED that said motion (D.I. 94) is denied, for the reasons that follow:

1. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex-rel. Lou-Ann. Inc. v. Quitters, 176 F.3d 669, 677 (3d Cir. 1999). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) the availability of new evidence not available when judgment was granted. See id.

2. The factual backdrop of this case has been detailed in the court's prior opinion and will be repeated by way of summary. Abbott Laboratories and Abbott Cardiovascular Systems, Inc. (collectively, "Abbott") initiated civil action no. 06-613 ("the

06-613 action") on September 26, 2006 against Johnson and Johnson, Inc. and Cordis Corporation (collectively, "J&J"), in which Abbott sought a declaratory judgment that J&J's U.S. Patent Nos. 6,585,764 ("the '764 patent"), 6,776,796 ("the '796 patent"), and 6,808,536 ("the '536 patent") are invalid and not infringed by Abbott. (Civ. No. 06-613, D.I. 1) Subsequently, a series of patents issued to J&J from continuation applications claiming priority to the '536 patent (which, in turn, claims priority to the '764 patent). These patents are U.S. Patent Nos. 7,217,286 ("the '7286 patent"), 7,233,286 ("the '3286 patent"), 7,229,473 ("the '473 patent"), and 7,300,662 ("the '662 patent"). On the morning each patent was set to issue, the parties raced to the courthouse to file motions to supplement or new civil actions. The United States Patent and Trademark Office issued the first of the new patents, the '7286 patent, on May 15, 2007. That morning, J&J filed an infringement action in New Jersey in which it asserts that Abbott infringes the '7286 patent. Also that morning, Abbott filed a new declaratory judgment action ("the 07-259 action") in this court based upon the '7286 patent. Abbott concurrently moved to supplement its complaint in the 06-613 action or, in the alternative, to consolidate the 06-613 case with the 07-259 action. A similar pattern of filings occurred each morning the '3286, '473, and '662 patents were issued by the PTO, which occurred on May 29, June 12, and November 27, 2007, respectively.[1]

On August 30, 2007, Cordis executed a covenant not to sue Abbott for infringement of the '536, '764, or '796 patents. In its memorandum order dated September 27, 2007, the court found that the covenant not to sue divested the court of

---

[1] It is unclear whether J&J filed an infringement action in New Jersey lawsuit based upon the '662 patent.

declaratory judgment jurisdiction vis-a-vis those patents. (Civ. No. 06-613, D.I. 79) In its memorandum opinion of November 28, 2007, the court found that J&J filed its first New Jersey action for infringement of the '7286 patent before Abbott filed the 07-259 action; therefore, the court granted J&J's motion to dismiss the 06-613 action for lack of subject matter jurisdition, denied Abbott's motions to supplement the complaints in the 06-613 and 07-259 actions, and dismissed the 07-259 action. (D.I. 91) Abbott subsequently filed its motion for reconsideration.

3. Abbott asserts that Cordis' covenant not to sue did not resolve the entire controversy at the time Cordis executed the coventant because, at the time the covenant was executed, Abbott's motions to supplement had not yet been taken up by the court. Abbott again provides no authority for its proposition that the court must evaluate the scope of the case and controversy between the parties "at the time that Cordis unilaterally decided to executed the covenant" (D.I. 94 at 2), or, mandating that it take up Abbott's motions in the order in which they were filed. There is no clear error of law in this regard. The court disagrees with Abbott's assertion that its taking up the motion to dismiss first was "arbitrary" and resulted in manifest injustice.

4. Abbott next argues that the same patents and the same product are at issue in related litigation before the court. This fact was previously before the court and the court declined to find that it weighed in favor of maintaining the 06-613 and 07-259 actions. It is not new evidence not available when judgment was granted.

5. Finally, Abbott submits that the court misunderstood Abbott's position about the time when J&J filed its first New Jersey lawsuit. The court previously found that J&J filed its first New Jersey complaint at 12:01 a.m. on May 15, 2007. This was confirmed

3

by an affidavit by the filer (D.I. 58, ex. 1), the Notice of Electronic Filing generated at 12:01 (id., document attached as ex. A thereto), and the New Jersey District Court clerks' office (id., document attached as ex. B thereto). Abbott again directs the court to the New Jersey local rules, which provide that "[u]pon receipt of the **filed complaint** . . . the Court will review and process the document and assign a judge and a case number. A Notice of Electronic Filing will be sent to the filer and this notice will be the 'FILED' stamp." (D.I. 63-3, ex. 17 at 23) That the New Jersey clerk's office sent its notice (or issued a "FILED" stamp) at 11:07 a.m. does not alter the fact that J&J actually filed its complaint first at 12:01 a.m.[2] There is no clear error of fact in this regard.

6. For the aforementioned reasons, defendants' motion for reconsideration is denied. (D.I. 94)

United States District Judge

---

[2] Abbott points out that it did not concede that J&J filed at 12:01 a.m. (D.I. 94 at 7) The court previously remarked that Abbott did not contest that Gale Raffield electronically submitted the complaint at 12:01 a.m., as per the Notice of Electronic Filing screen. (D.I. 91 at 3, n.5) To the extent Abbott did take issue with this underlying fact, the court's conclusion is unchanged.

4